UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **[Proposed] Protective Order** |
| v. | S1 23 Cr. 118 (AT) |
| HO WAN KWOK,<br>    a/k/a "Miles Guo,"<br>    a/k/a "Miles Kwok,"<br>    a/k/a "Guo Wengui,"<br>    a/k/a "Brother Seven,"<br>    a/k/a "The Principal,"<br><br>KIN MING JE,<br>    a/k/a "William Je,"<br><br>YANPING WANG,<br>    a/k/a "Yvette,"<br><br>                    Defendants. | |

Upon the application of the United States of America, with the consent of counsel for the defendants HO WAN KWOK and YANPING WANG, and having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."

2. **Confidential Material.** Certain of the Government's disclosure material, referred to herein as "Confidential Material," contains material that affects the privacy and confidentiality of individuals or entities, including but not limited to: financial information (e.g. bank account information, credit card information, and mobile payment information) and personal identifying

information (e.g. names, addresses phone numbers).  Any Confidential Material produced by the Government in this action shall be Bates-stamped with the designation "Confidential" or otherwise identified by the Government to counsel for the defendants as Confidential Material.   The Government's designation of material as Confidential Material will be controlling absent contrary order of the Court.

3.   **Highly Confidential Material.**   Certain of the Government's disclosure material, referred to herein as "Highly Confidential Material," contains highly confidential material that affects the privacy and confidentiality of individuals or entities such that its disclosure could cause substantial harm to those individuals or entities, including but not limited to: sensitive financial information (financial information of victims), personal identifying information of victims and their family members (e.g. names, addresses, Social Security numbers, Passport numbers, dates of birth, phone numbers, e-mail addresses, visual images and voices), and other sensitive information. Any Highly Confidential Material produced by the Government in this action shall be Bates-stamped with the designation "Highly Confidential" or otherwise identified by the Government to counsel for the defendants as Highly Confidential Material.   The Government's designation of material as Highly Confidential Material will be controlling absent contrary order of the Court.

4.   **Attorneys' Eyes Only Material.**   Certain of the Government's disclosure material, referred to herein as "Attorneys' Eyes Only Material," contains highly confidential and highly sensitive material that affects the privacy, confidentiality, and/or safety interests of individuals or entities, such that its disclosure could cause substantial harm and/or pose safety concerns to individuals or entities, including but not limited to: information related to victims subject to

harassment, and materials concerning the Government's ongoing investigation (i.e. sources, methods, identities, identifiers or locations relating to uncharged individuals). Any Attorneys' Eyes Only Material produced by the Government in this action shall be Bates-stamped with the designation "Attorneys' Eyes Only" or otherwise identified by the Government to counsel for the defendant as Attorneys' Eyes Only Material. The Government's designation of material as Attorneys' Eyes Only will be controlling absent contrary order of the Court.

5. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials.

6. **Good Cause.** There is good cause for entry of the protective order set forth herein.

7. **Restrictions on Confidential Material**. Confidential Material disclosed to the defendants or to their counsel during the course of proceedings in this action:

> a. Shall be used by the defendants and their counsel only for purposes of the defense of this action;
>
> b. Shall not be duplicated by the defendants and their counsel except for purposes of the defense of this action;
>
> c. Shall be kept and maintained by the defendants and their counsel in a secure container and location;
>
> d. Shall not be disclosed in any form by the defendants or their counsel, including by posting to any Internet site or network site to which persons

3

other than the parties hereto have access or by disclosing to the media or any third party, except as set forth in paragraph 7(e) below; and

e.  May be disclosed by the defendants or their counsel only to the following persons (hereinafter "Designated Persons"), as needed for purposes of defending this action:

  i.  investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel;

  ii.  independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

  iii.  other prospective witnesses, [1] and their counsel, to the extent deemed necessary by defense counsel, for hearing or trial preparation;

  iv.  foreign-language interpreters retained by defense counsel in connection with this action; and

  v.  such other persons as hereafter may be authorized by the Court upon motion by any defendant.

8.  **Restrictions on Highly Confidential Material.**   Restrictions on Highly Confidential Material are the same as Confidential Disclosure Material, *see* ¶ 7, except that Highly Confidential Material may be disclosed by counsel to the defendants only for defendants' review

---

[1] Prospective witnesses may not retain confidential material, duplicate confidential material, or make or retain any notes of confidential material.

at the offices of defense counsel, in the presence of defense counsel or any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), or during video conference calls provided the provision of Highly Confidential Material is not transmitted in a permanent or fixed manner (*i.e.* counsel shall not transmit vis email or messages which are maintained by the defendants), for purposes related to this case.  The defendants shall not maintain, retain, or keep copies of any Highly Confidential Material, or summaries or notes describing Highly Confidential Material, outside of (i) defense counsels' office or homes; (ii) offices or homes of Designated Persons; or (iii) locations approved by the parties or the Court.  The defendants shall not make or retain any notes that include any Highly Confidential Material outside the offices of defense counsel.  Highly Confidential Material may not be maintained in any prison facility. Highly Confidential Material may be disclosed to Designated Persons consistent with the terms of Confidential Material.

9. **Restrictions on Attorneys' Eyes Only Material.**  Restrictions on Attorneys' Eyes Only Material are the same as Highly Confidential Material, *see* ¶ 8, except that Attorneys' Eyes Only Material, including any copies, excerpts, summaries or notes of such material, shall not be disclosed to, or possessed by, the defendants.  Attorneys' Eyes Only Material may be disclosed only to defense counsel and to any investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel or such other persons as hereafter may be authorized by the Court upon motion by any defendant.

10. **Provisions for Designated Persons.**  The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Material, Highly Confidential Material, and Attorney's Eyes Only Material pursuant to paragraphs 7, 8, and 9.  The defendants and/or their counsel shall maintain a record of all such Designated Persons to whom they provide Confidential Material, Highly Confidential Material, and Attorney's Eyes Only Material.  If Confidential Material or Confidential Material is provided to any prospective witnesses, pursuant to paragraph 7(e)(iii) and 8, counsel shall make reasonable efforts to seek the return or destruction of such materials in accordance with paragraph 11 below.  Prior to disclosure of Confidential Material, Highly Confidential Material or Attorney's Eyes Only Material pursuant to paragraphs 7(e), 8 and 9, any such individual shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendant's counsel.  However, the defendants and their counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), all of whom are nonetheless bound by this Protective Order.

11. **Protection of Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material.**  The defendants and/or their counsel shall use reasonable care to ensure that the Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material are not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material, the defendants and/or their counsel shall promptly notify the

Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Material and/or Highly Confidential Material and/or Attorneys' Eyes Only Material and shall use reasonable efforts to secure the return and/or destruction of the inadvertently produced Confidential Material and/or Highly Confidential Material and/or Attorneys' Eyes Only Material.

12. **Use of Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material at Public Hearings and Trial.**  The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, any appeal therefrom, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or their staff) for purposes of the above-referenced action, provided, however, that Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material referenced or included in any written filing should initially be publicly filed in redacted form or under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

13. **Disclosure and Protection of Seized ESI.**  The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized during the course of the investigation from various computers, cell phones, and other devices and storage media.  The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendants,

defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

14. **Return or Destruction of Material.**  Except for Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material that has been made part of the record in this case, the defendants and their counsel shall return to the Government or securely destroy or delete all Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

15. **Retention of Jurisdiction.**  The provisions of this Order shall not terminate  at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

16. **Third-party Requests.**  Defense counsel shall notify the Government at least ten business days prior to disclosing any Disclosure Material pursuant to a subpoena, an order issued by another court, and/or a request from another government authority.  When providing the Government notice, defense counsel shall provide the Government a copy of the subpoena, court

order, or request that defense counsel believes requires them to produce Disclosure Material in response.


SO ORDERED:


Dated: New York, New York
        May __, 2023

                                            _____
                                            THE HON. ANALISA TORRES
                                            UNITED STATES DISTRICT JUDGE