# EXHIBIT D

*United States v. Yanping Wang*, Case No.: S1 23-CR-118 (AT)

Case 1:23-cr-00118-AT   Document 81-6   Filed 06/05/23   Page 2 of 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

YANPING WANG a/k/a YVETTE WANG,

                       Plaintiff,

          v.

XIANMIN XIONG a/k/a XI NUO a/k/a SINO, XIA
YELIANG, LI HONGKUAN, and GAO BINGCHEN
a/k/a HUANG HEBIAN,

                    Defendants.

Index No.: 157786/2019

### AFFIDAVIT OF YANPING WANG IN SUPPORT OF AN EMERGENCY TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND FINDING OF CONTEMPT AGAINST DEFENDANT XIANMIN XIONG

STATE OF NEW YORK    )
                      ) ss:
COUNTY OF NEW YORK  )

      YANGPING WANG, being duly sworn, deposes and says:

      1.    I am the Plaintiff in the above captioned action. I am a female adult who resides by herself in New York County.

      2.    I submit this affidavit in support of an emergency temporary restraining order and a preliminary injunction. I previously sought similar relief, which was resolved through a So-Ordered Stipulation preventing Defendant Xianmin Xiong a/k/a Xi Nuo ("Defendant" or "Xiong") from appearing outside my office building, residence, or in close proximity to me.

      3.    Defendant has now intentionally ignored this Court's prior order and has repeatedly appeared outside of office building and **threatened me with death**. I have reported the Defendant's latest activity to the police who have indicated that a criminal order of protection would likely be entered against defendant. I have requested a criminal order of protection, but the

Case 1:23-cr-00118-AT   Document 81-6   Filed 06/05/23   Page 3 of 14

Criminal courts have been unable to immediately assist in order to prioritize matters relating to COVID-19. Thus, I am also asking this Honorable Court to enter its own, narrowly tailored restraining order and permaent injunction against Defendant.

## INTRODUCTION

4.      Defendant is a male resident of New York City who has continued to harass and terrorize me and ***intentionally ignored this Court's directives*** to abstain from appearing outside my office building. As explained in my prior affidavit, what began as Defendant's online campaign of harassment toward me has now culminated in the Defendant: (i) ignoring this Court's prior Order; (ii) appearing outside my office building while threatening to kill me; and  (iii) Defendant yelling at the Police when they arrived at the scene.

5.      I am now asking that this court issue a narrowly-tailored temporary restraining order and a preliminary injunction to enjoin Defendant from appearing outside my office building, residence, or in close proximity to me, and to find the Defendant in contempt of this Court's prior order based on Defendant's blatant disregard of Your Honor's prior directives.

6.      Based upon conversations with the Police and District Attorney's Office, this Court is my only hope to protect me from the continued harassment and imminent violence by Defendant.

## BACKGROUND

7.      In August 2019, I sought similar relief from the Court by way of an Order to Show Cause[1] which requested a temporary restraining order and preliminary injunction against the Defendant to prvent his continued campaign of harassment against me (the "Prior Request"). In connection with the Prior Request, I submitted an affidavit[2] (the "Prior Affidavit"). For the sake

---

[1] *See* NYSCEF Doc. No. 2.
[2] *See* NYSCEF Doc. No. 3

INDEX NO. 157786/2019
RECEIVED NYSCEF: 04/30/2020
Case 1:23-cr-00118-AT   Document 81-6   Filed 06/05/23   Page 4 of 14

of brevity, I full adopt and incorporate by reference the Prior Affidavit and its Exhibits. However, some of the details outlined in my Prior Affidavit bear re-emphasizing.

8. Defendant Xiong's campaign to terrorize me began with his repeated amd malicious posting of false and defamatory material about me on social media platforms. For months, Defendant has engaged in this online campaign of harassment and terror.

9. Defendant's defamatory posts and false and heinous statements include, but are not limited to, the following:

   a. That I, a married woman, had an extramarital sexual relationship with another man.

   b. That I had sex with a male work colleague and that an audio recording of us having sex exists.

   c. That I have been raped and sexually assaulted by a male work colleague.

   d. That I have destroyed evidence related to a legal proceeding.

10. Defendant made these false allegations knowing they were false and with the malicious intent to destroy my reputation and harass me.

11. In the Prior Affidavit, I explained how Defendant's online campaign to harass and defame me had inexplicably intensified with Defendant's in-person death threats against me.[3] This included Defendant's in-person statements to me while outside of a New York County Supreme Court courtroom that:

   a. **"You will be killed in a car accident."**

   b. **"You will never see your child or your husband again."**

   c. **"You are throwing your life away"**

---

[3] *See* NYSCEF Doc. No. 3, ¶8-21.

12.     Defendant further escalated his death threats by appearing outside my doorstep and and repeatedly coming to my place of work, despite the fact that he does not live or work on that block and has acted violently even when security was called.

13.     Defendant's death threats placed me in fear of my life. And while I initially tried to ignore Defendant hoping that he leave an innocent woman alone, Defendant persisted. As such, I made the Prior Request, in addition to filing an official complaint with the New York City Police Department.

14.     The Prior Request was resolved by a stipulation this Court So-Ordered (the "Prior Order").[4]

15.     The Prior Order prevented Defendant appearing or lingering outside my place of work except for "brief or innocent passings."

## DEFENDANT HAS BLATANTLY IGNORED THE PRIOR ORDER AND CONTINUES TO MAKE DEATH THREATS AGAINST ME

16.     In blatant disregard of the Prior Order, Defendant has now on several occasions, appeared outside my office and continued to make death threats against me.

17.     On April 6, 2020, Defendant appeared outside my office. I went to the office that day to arrange for charitable donations of personal protective equipment to be made to the local police, hospitals, and essential workers treating patients for COVID-19.[5] I arrived at my office around 9:45 a.m. where I met my colleague Max. After getting donation materials organized into boxes, we went to bring them outside only to see Defendant standing outside of my office taking

---

[4] *See* NYSCEF Doc. No. 20.
[5] Part of my job includes assisting in running two charitable organizations, which have been working with the 19th Police Precinct in New York City to distribute masks, gloves, hand sanitizers and disinfectants to the essetntial workers treating patients suffering from COVID-19.

Case 1:23-cr-00118-AT   Document 81-6   Filed 06/05/23   Page 6 of 14

pictures and videos of me, as evidenced by the below photo. *Defendant was yelling "if you continue to work for Miles Kwok you'll be dead*!*"*



18.     Fearing for my safety and well-being, I called the New York City Police Department, and filed a police report.[6] The police who arrived at the scene observed Defendant acting in a menacing manner, as seen in the below photo. Even after the police arrived, Defendant continued to yell at me. I understand that the police are conducting an ongoing investigation into Defendant's conduct.



---

[6] A copy of the Police Report is attached as Exhibit A.

19.    The police directed Xiong to leave immediately after I showed them a copy of the Prior Order. However, I still fear for my safety and well-being because I have now learned that Defendant directed his colleagues to appear outside of my office with him and that this was not the only incident of Defendant's blatant ignorance of the Prior Order.

20.    On the same date as this latest incident, after the Police arrived outside my office, I observed Defendant make a phone call and requested someone to "meet him at the location." Within minutes, another individual – whom I understand to be working in concert with Defendant – appeared outside my office and began talking photographs of me and yelling at me, as seen by the photo below.



**DEFENDANT HAS CONTINUED TO APPEAR AT MY OFFICE AND ENCOURAGES OTHERS TO DO SO ON SOCIAL MEDIA**

21.    As if showing up outside my office and threatening me with death again were not enough, I have now learned that Defendant has been showing up outside my office, taking and

posting photos on social media, and encouraging his colleagues to come and do the same in an effort to scare and harass me.

22.     Specifically, on April 8, 2020 – two days after I filed a police report because of Defendant's death threats – Defendant posted a photo on Twitter outside of my office building and stated the following: "New gear to meet the challenge":



23.     On Saturday April 4, 2020 – two days before the latest incident that required police intervention – Defendant came to my office building, took pictures of my office – including through the first floor window – and posted them on Twitter:

Case 1:23-cr-00118-AT   Document 81-6   Filed 06/05/23   Page 9 of 14



24.     On April 6, 2020, Defendant posted a video on Twitter, explaining to his tens of thousands of followers that he was outside of my office building and was encouraging others to come there with him. In the video, Defendant is pointing at my office and states: "***Their end is near!***"



Case 1:23-cr-00118-AT    Document 81-6    Filed 06/05/23    Page 10 of 14

25.     In addition, Defendant particapted in a post on one of his colleague's social media accounts where they callously discuss the fact that they have futures plans to continue and, possibly escalate, Defendant's threats upon my person and my life.

26.     I understand from my attorney Xiong's actions are in violation of the Prior Order and would mean that he is in contempt of Your Honor's Prior Order.

27.     Additionally, Defendant has done all of this in direct violation of the Governor's "Stay-at-home" order. I believe this is because he has considered the fact that there will be less people at my work, making me more susceptible to intimidation and potential assault.

**CONCLUSION**

Thus, for the reasons set forth above and for those detailed in the accompanying papers, I am now seeking an Order (i) holding the defendant in contempt of the Prior Order and (ii) a temporary restraining order and preliminary injunction to enjoin the Defendant from appearing outside my office building, residence or in close proximity to me and to enjoin the Defendant from issuing death threats against me, whether in person or otherwise.

YANPING WANG

Subscribed and Sworn to before me
on this 24 date of April 2020

NOTARY PUBLIC

DANIEL THOMAS PODHASKIE
Notary Public, State of New York
Reg. No. 02PO6394578
Qualified in Queens County
Commission Expires July 8, 2023

Case 1:23-cr-00118-AT   Document 81-6   Filed 06/05/23   Page 12 of 14

# EXHIBIT A

**New York State**
**DOMESTIC INCIDENT REPORT**

| Agency | NYPD | | A | | | | | Incident # |
|---|---|---|---|---|---|---|---|---|

Reported Date: 04/08/2020 Time (24 hours) 17:49 Occurred Date: Time (24 hours): □ Radio Run □ Walk-in Officer Initiated

ICAD serial: Complaint # 2000860705

Address: 152 E64 street City, State, Zip: NEW YORK, NY

**Suspect (P2)**

Name: XIONG, XIANMIN

Address: 18 643 35th Ave 3 floor

City, State, Zip: Flushing NY 11354

Suspect Phone Number:

□ Self-Identified □ Female □ Male

Age:

□ White □ Black □ Asian □ American Indian □ Other

Language:

□ Hispanic □ Non Hispanic □ Unknown □ Other Identifier:

Do suspect and victim live together? □ Yes □ No

Suspect (P2) present? □ Yes □ No

Was suspect injured? □ Yes □ No If yes, describe

Possible drug or alcohol used? □ Yes □ No

Suspect supervised? □ Probation □ Parole □ Not Supervised □ Status Unknown

Suspect (P2) Relationship to Victim (P1): □ Married □ Intimate Partner/Dating □ Formerly Married □ Former Intimate Partner □ Parent of Victim (P1) □ Child of Victim □ Relative □ Other P1 Tenantship

Do the suspect and victim have a child in common? □ Yes □ No

**Victim Interview**

Emotional condition of VICTIM? □ Upset □ Nervous □ Crying □ Angry □ Other:

What were the first words that VICTIM said to the Responding Officers at the scene regarding the incident? This guy has been harassing me

Did suspect make victim fearful? □ Yes □ No If yes, describe

Weapon Used? □ Yes □ No Gun □ Yes □ No Other, describe:

Access to Guns? □ Yes □ No If yes, describe:

Suspect Threats? □ Yes □ No If Yes, Threats to □ Victim □ Child(ren) □ Pet □ Commit Suicide □ Other Describe:

Injured? □ Yes □ No If yes, describe

In Pain? □ Yes □ No If yes, describe

Strangulation? □ Yes □ No □ Red eyes/Petechia □ Sore Throat □ Visible Marks? □ Yes □ No

□ Loss of Consciousness □ Urination/Defecation □ Breathing Changed □ Difficulty Swall If yes, describe

**Suspect**

What did the SUSPECT say (Before and After)? This people is holding a lot of Mask

710.30 completed? □ Yes □ No

**Officer/Representative**

Briefly describe the circumstances of this incident: P1 stated P2 parked his vehicle out P1's residence Taking photos and videos of her and yelling that if she continue working at hotel Loca she will be dead. No relationship between the parti UNK if access to weapons.

UNK places where P2 hangs out
P2 Drives Toyota Black 4# I forgue
Social media: XIanMing [illegible] SED Sinos

DIR Repository checked? □ Yes □ No    Order of Protection Registry checked? □ Yes □ No    Order of Protection in effect? □ Yes ☑ No □ Refrain □ S

Evidence Present? □ Yes □ No    Photos taken: □ Victim Injury □ Suspect Injury    Other Evidence: □ Damaged Property □ Videos    Destruction of Property? □ Ye

□ Yes □ No    □ Other:    □ Electronic Evidence □ Other:    If yes, Describe:

Offense Committed? □ Yes ☑ No    Was suspect arrested? □ Yes □ No If no, explain:    Offense 1    L&W (e.g. PL)    Offense 2    La

M / COMPLAINANT COPY    NYS DOMESTIC AND SEXUAL VIOLENCE HOTLINE 1-800-942-6906    3221-03/2016 DCJS Copyright © 20

Agency: NYPD    B    Incident #    Complaint #

Describe Victim's prior domestic incidents with this suspect (Last, Worst First):

**Prior History**

If the Victim answers "yes" to any questions in this box refer to the NYS Domestic and Sexual Violence Hotline at 1-800-942-6906 or Local Domestic Violence Service Provider: ( )

| Has Suspect ever: | | |
|---|---|---|
| Threatened to kill you or your children? | ☐ Yes ☐ No | |
| Strangled or "choked" you? | ☐ Yes ☐ No | |
| Beaten you while you were pregnant? | ☐ Yes ☐ No | |

Is suspect capable of killing you or children? ☑ Yes ☐ No
Is suspect violently and constantly jealous of you? ☐ Yes ☐ No
Has the physical violence increased in frequency or severity over the past 6 months? ☐ Yes ☑ No

Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment or endangerment? ☐ Yes ☑ No

If Yes, the Officer must contact the NYS Child Abuse Hotline Registry # 1-800-635-1522.

Was DIR given to the Victim at the scene? ☐ Yes ☐ No if NO, Why:
Was Victim Rights Notice given to the Victim? ☑ Yes ☐ No if NO, Why:

**Signatures:**

Reporting Officer (Print and sign include Rank and ID#)    Ro MARTINEZ 962138

Supervisor (Print and sign include Rank and ID#)

### STATEMENT OF ALLEGATIONS/SUPPORTING DEPOSITION

Officers are encouraged to assist the Victim in completing this section of the form.

**Suspect Name** (Last, First, M.I)

I Yanping Wang (Yvette) (Victim/Deponent Name) state that on 04 / 06 / 2020, (D
at 162 East 64th Street New York NY 10065 (Location of incident) in the County/City/Town/Village
of the State of New York, the following did occur:

I started to pack our donation packages around 9:40am this morning
with my colleague Max. I tried to go out from entrance and found
out Xian Min Xiong parked his car right in front of my private
building where I live and work both. Xiong started to take
photos and videos of me again as before. He was yelling
me saying if you continue work for Miles Kwok, you'll be dead
some day. No relationship between the parties.

(Use additional page

**False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Pen**

Victim/Deponent Signature    Date 04/06/2020

Witness or Officer Signature    RO MARTINEZ    Date 4/6/2020

Interpreter Signature and Interpreter Service Provider Name
Interpreter Requested ☐ Yes ☐ No Interpreter Used ☐ Yes ☐ No    Date

**Note:**
Whether or not this form is signed, this DIR Form will be filed with Law Enforcement.

VICTIM / COMPLAINANT COPY    NYS DOMESTIC AND SEXUAL VIOLENCE HOTLINE 1-800-942-6906    3221- 03/2016 DCJS Copyright © 2016