```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                  New York, N.Y.

            v.                             23 Cr. 118 (AT)

HO WAN KWOK,
YANPING WANG,

                Defendant.
------------------------------x
                                           June 6, 2023
                                           1:10 p.m.

Before:

                    HON. ANALISA TORRES,

                                           U.S. District Judge


                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  RYAN B. FINKEL
     JULIANA MURRAY
     MICAH FERGENSON
     Assistant United States Attorneys

BROWN RUDNICK, LLP
     Attorneys for Defendant Kwok
BY:  STEPHEN COOK
BY:  NATASHA M. ERTZBISCHOFF

CHAUDHRYLAW PLLC
     Attorneys for Defendant Wang
BY:  PRIYA CHAUDHRY

ALSO PRESENT:
DANIEL HARTENSTINE, Classified Information Security Officer
BRENDA CHEN, Mandarin Interpreter
```

1             (In open court)
2             THE COURT:  Good afternoon.  We are here in the matter
3    of the United States v. Ho Juan Kwok and Yangping Wang.
4             Would you make your appearances, please.
5             MR. FINKEL:  Good afternoon, your Honor.  Ryan Finkel,
6    Juliana Murray and Micah Fergenson for the government.  We are
7    joined at counsel table by Geoffrey Mearns, who is a paralegal
8    in our office.
9             MR. COOK:  Good morning, your Honor.  Stephen Cook and
10   Natasha Ertzbischoff on behalf of Ho Wan Kwok.
11            MS. CHAUDHRY:  Good afternoon, your Honor.  Priya
12   Chaudhry for Ms. Wang who is present and standing to my right.
13            THE COURT:  And would the interpreter please identify
14   herself?
15            INTERPRETER:  Good afternoon, your Honor.  My name is
16   Brenda Chen.  I'm the certified Mandarin interpreter.
17            THE COURT:  Please, be seated.
18            MS. CHAUDHRY:  Your Honor, is your mic on?
19            THE COURT:  It is.  If you would like to draw closer,
20   you may.
21            I would like to hear from the government on the status
22   of discovery.
23            MR. FINKEL:  Yes, your Honor.
24            So, as of today, the government has produced
25   approximately 10 terabytes of data, a bit more than 1.4 million

1   files, and over 2 million pages.  We have produced
2   approximately 37 electronic devices that have been extracted
3   pursuant to search warrants.  The government estimates that we
4   will substantially complete our production in the next two to
5   three weeks with the exception, your Honor, of the devices that
6   were seized on March 15th, 2023.  The logistics of extracting
7   and processing those devices for production will take somewhat
8   longer.  We are going to be producing those on a rolling basis,
9   in fact we expect to produce an additional 16 devices,
10  hopefully by the end of this week.  But, to complete all of
11  those devices, we anticipate it will take up to eight weeks.
12          We also note, your Honor, that our investigation is
13  ongoing and we expect to be acquiring additional materials as
14  we continue to investigate.  We will, of course, produce those
15  materials as is appropriate to do so on a rolling basis.
16          THE COURT:  Are there any applications?
17          MR. FINKEL:  So, your Honor, in terms of the order of
18  business for today, I think that the Court, if it chooses to do
19  so, should set a pretrial motion schedule and potentially a
20  trial date.  With respect to a trial date, the government
21  estimates a case-in-chief of approximately four weeks.  We
22  anticipate that the defense, but don't know for sure, that the
23  defense will also have a case which obviously would extend the
24  length of a trial.
25          The government is sort of looking at, of course

1  according to the Court's availability and schedule, the second
2  week in March.  We think that would enable enough time for
3  discovery to be completed, the defense to review the discovery,
4  and the defense to file any pretrial motions.  In addition,
5  your Honor, with respect to pretrial motions as we have
6  notified your clerk, the government would ask to submit its
7  *ex parte* CIPA brief on December 15, 2023.
8         THE COURT:  The Court will not be able to start trial
9  until April the 8th and you are expecting about four weeks for
10  the case-in-chief.
11         From the defense, would you be able to make an April 8
12  date for trial?
13         MR. COOK:  Yes, your Honor, we could make an April 8
14  date, however we would request the earliest possible trial
15  date.  My client wants a speedy trial and would request a trial
16  date along the lines of what we proposed to the Court earlier
17  in April.
18         THE COURT:  I am setting the trial for April 8.  How
19  long do you think your portion would last?
20         MR. COOK:  Two to three weeks, your Honor.
21         THE COURT:  All right.
22         With respect to a CIPA motion, you have requested what
23  date for submission?
24         MR. FINKEL:  December 15, your Honor.
25         THE COURT:  You shall submit that by December 15th.

N665kwoC

           Anything further, further applications?

           MR. FINKEL:  Well, your Honor, the government would move to exclude time until April 8, and in addition, ask that the Court set a pretrial motion schedule for the defense for pretrial motions, motions other than motions *in limine* in advance of trial.  The government believes such motions should be scheduled to be submitted by the defense in the fall, to make sure there is enough time for the government to respond to what it expects to be voluminous motions, and the Court has had an opportunity to review them and, if necessary, schedule a hearing.

           THE COURT:  When can you have your motions ready?

           MR. COOK:  Your Honor, I believe November 15th would be sufficient time.

           THE COURT:  How long for the government's opposition?

           MR. FINKEL:  Your Honor, the government asks for three weeks.

           THE COURT: All right, then.  So the opening brief on November the 15th; opposition papers on the 6th of December; and the reply on the 20th of December.

           Anything further?

           MR. COOK:  Yes, your Honor.

           We filed a letter motion regarding laptop access to discovery for our client.  It is currently pending before your Honor.  We have served the Bureau of Prisons.  We just wanted

to raise the issue with your Honor, we have discussed it with the government.  We intend on having further discussions with the Bureau of Prisons, however we believe that it would be helpful in those discussions if we had some sense from the Court that access to a laptop for both the defendants while in BOP and MDC, given the volume of discovery, would be deemed appropriate.  I am not asking for an advisory opinion but just a sense from the Court that that would be permissible.

THE COURT:  I will hear from the government.

MR. FINKEL:  So, your Honor, we defer to the Court in terms of what the Court prefers here.  The government has engaged with BOP and helped facilitate communications between the defense and BOP and will continue to do so.

We understand from BOP that there are several procedures that defendants should undertake before laptops are provided, that's BOP's position.  The government will help ensure that the defense can facilitate those steps in order to reach the point, if at all, that a laptop should be provided.

So our view, your Honor, is we take no position on this, other than we will continue to help the defendants and their counsel facilitate access to discovery in BOP.

THE COURT:  So you are asking for something which is outside of the normal BOP protocol?

MR. COOK:  Correct, your Honor.  The BOP procedure, as we understand it, first of all, is they simply decline those

N665kwoC

1    requests unless it is immediately prior to trial for purposes
2    of reviewing 3500 material.  That will not be sufficient time
3    for my client to review the voluminous discovery in this case.
4    In addition, they require a showing, as I understand it, of
5    inability for my client to sufficiently review material on the
6    MDC provided computer.  That will take time.  Apparently they
7    want to show that over a period of weeks he has been unable to
8    access it sufficiently.  We know already it is not sufficient
9    and we are trying to expedite the process.
10             THE COURT:  I am persuaded by what you have said and
11   so I am going to grant the application.
12             MR. COOK:  Thank you, your Honor.
13             THE COURT:  Anything further?
14             MR. FINKEL:  There are two other agenda items.
15             First, your Honor, defendant Wang filed a motion for
16   bail yesterday, I believe.  The government would like until
17   June 20th to respond to that.  We discussed that with
18   Ms. Chaudhry.  I don't believe there is objection to it.
19   Ms. Chaudhry, I understand, would also like an opportunity to
20   reply.  And then the second piece of business, your Honor, is
21   the government moves to exclude time until April 8, 2024, so
22   that the defendants may have an opportunity to review
23   discovery, prepare for trial, contemplate motion practice, and
24   discuss potential dispositions with the government.
25             THE COURT:  So is it the case that you don't oppose

1    the opposition papers from the government on the 20th of June?

2             MS. CHAUDHRY:  Correct, your Honor.

3             THE COURT:  And when you would you like to reply?

4             MS. CHAUDHRY:  One week after that; the 27th, please.

5             THE COURT:  So, the government shall submit its

6    opposition papers by the 20th of this month and the reply is

7    due on the 27th.

8             Any objection to my excluding time through April 8,

9    2024?

10            MR. COOK:  Mr. Kwok does oppose, will not waive time.

11            MS. CHAUDHRY:  Likewise.

12            THE COURT:  So, I am excluding time under the Speedy

13   Trial Act through April 8, 2024.  I find that the ends of

14   justice served by excluding such time outweigh the interests of

15   the public and the defendants in a speedy trial because this

16   will allow time for the prosecution to finish producing

17   discovery, for the defense to consider it, to file motions, and

18   for the parties to discuss a possible disposition.

19            That brings an end to our conference, I wish everyone

20   good health.

21            Did you have an application?

22            MS. CHAUDHRY:  Yes, your Honor.  I just wanted to be

23   clear that for efficiency's sake the parties discussed before

24   the application made by Mr. Cook regarding the laptop was for

25   both defendants.


N665kwoC

1          THE COURT:  Yes.
2          MS. CHAUDHRY:  Thank you.
3          THE COURT:  It applies to both.
4          MS. CHAUDHRY:  Thank you.
5          THE COURT:  All righty, then.  The matter is
6    adjourned.
7                            o0o