```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/29/2023_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

HO WAN KWOK and YANPING WANG,

                           Defendants.

23 Cr. 118 (AT)

**AMENDED ORDER**

ANALISA TORRES, District Judge:

      On June 6, 2023, the Court held a status conference in this matter. Dkt. Entry 6/6/2023. Among other things, the Court set a trial date of April 8, 2024, and excluded time between June 6, 2023, and April 8, 2024, under the Speedy Trial Act, 18 U.S.C. § 3161. June 6, 2023 Tr. 4:18, 8:12-18, ECF No. 88.

      The Speedy Trial Act states that time may be excluded if the Court finds "that the ends of justice served . . . outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served . . . outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The Court must consider, *inter alia*, whether the complexity of the case makes it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), and whether a failure to exclude time "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation," 18 U.S.C. § 3161(h)(7)(B)(iv).

      At the June 6, 2023 conference, the Government moved to exclude time because the parties need time to review discovery, prepare and file motions, prepare for trial, and discuss potential pre-trial resolution. June 6, 2023 Tr. 7:20-24. Defendants opposed the exclusion of time. *Id.* 8:10-11. The Court considered all relevant factors and stated on the record that "the ends of justice served by excluding [the time between June 6, 2023, and April 8, 2024,] outweigh the interests of the public and the defendants in a speedy trial because this will allow time for the prosecution to finish producing discovery, for the defense to consider it, to file motions, and for the parties to discuss a possible disposition." *Id.* 8:12-18.

      The Court finds that the complexity of this case makes it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Additionally, exclusion is warranted under 18 U.S.C. § 3161(h)(7)(B)(iv) because a failure to exclude time would deny the parties "the reasonable time necessary for effective preparation."

      This case involves twelve counts against three defendants, one of whom remains at large. *See* Superseding Indictment, ECF No. 19. The indictment alleges multiple interrelated fraudulent schemes over the course of approximately five years, involving the use of approximately 500 bank

accounts and at least eighty entities or individuals in several countries. *Id.* ¶¶ 1–3. This case involves thousands of victims. *See* ECF No. 10 at 4. The parties have indicated that trial will take up to seven weeks. June 6, 2023 Tr. 4:8-20. Discovery is extensive and involves classified information. *See* ECF No. 30 at 2 n.2. The Government has exercised due diligence in producing discovery, and, as of June 6, 2023, has produced approximately ten terabytes of data, or approximately two million pages of documents, and extracted and produced thirty-seven electronic devices. June 6, 2023 Tr. 2:24–3:3. The Government is still in the process of extracting and producing electronic devices, which will take approximately eight weeks. *Id.* 3:3-11. The Government's investigation is ongoing, and it is producing additional materials on a rolling basis. *Id.* 3:12-15. Discovery includes various videos, Excel files, and complex financial records in both Mandarin and English. *See* ECF No. 80 at 1. Further, by December 15, 2023, the Government shall file a motion under the Classified Information Procedures Act, 18 U.S.C. App. 3 § 4, on the basis of which the Court shall determine whether specific classified information may be deleted from documents produced to Defendants. June 6, 2023 Tr. 4:22-25. Therefore, this case is complex under 18 U.S.C. § 3161(h)(7)(B)(ii) and exclusion of time is appropriate to ensure sufficient time for adequate preparation. *See United States v. DiTommaso*, 817 F.2d 201, 210 (2d Cir. 1987) (finding that a multi-defendant, international money laundering case involving extensive discovery in a foreign language and witnesses in various countries was complex under § 3161(h)(7)(B)(ii)); *see also United States v. Bursey*, 801 Fed. App'x 1, 2–3 (2d Cir. 2020) (summary order) (finding that time was properly excluded where the parties needed time to file motions and to review voluminous discovery).

Due to the complexity of this case, the voluminous discovery involved, and the need for sufficient time to prepare and file pretrial motions,[1] June 6, 2023 Tr. 5:2-20, 7:2-3, the Court determined that exclusion of time from June 6, 2023, to April 8, 2024, would serve the ends of justice, and that the ends of justice served outweighed the interests of the public and Defendants in a speedy trial.

SO ORDERED.

Dated: June 29, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] This order amends the order entered on June 26, 2023, ECF No. 93, to delete the following language: "defense counsel requested a trial date in early April 2024." *See* ECF No. 96.