UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>YANPING WANG,<br><br>                    Defendant. | DECLARATION<br><br>No. 23 Cr. 118 (AT) |

I, EMIL BOVE, pursuant to Title 28, United States Code, Section 1746, declare as follows:

1. I have been a member in good standing of the bar of the State of New York since June 2009. I have been a member in good standing of the bar of this Court since October 2010.

2. I served as an Assistant United States Attorney at the U.S. Attorney's Office for the Southern District of New York between approximately October 1, 2012 and approximately December 20, 2021.

3. On September 19, 2019, I was named one of two Co-Chiefs of the Office's Terrorism and International Narcotics Unit ("TIN"), which the Office now refers to as NSIN. The Office also named a second Co-Chief of TIN on the same day.

4. At the time of the announcement, I was spending substantially all of my time preparing for a trial in *United States v. Hernandez*, No. 15 Cr. 379 (S.D.N.Y.). I was effectively absent from TIN in light of my focus on trial preparation, and remained absent during the *Hernandez* trial. The *Hernandez* trial concluded on October 18, 2019.

5. I played no role, as a supervisor or otherwise, in the FBI's relationship with Ho Wan Kwok, which, according to the prosecutors, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the TIN investigation at issue (the "TIN Matter"). (*See* Gov't Mem. at 3).

1

6. I do not recall accessing any case file associated with the TIN Matter, classified or otherwise.

7. The prosecutors' brief refers to a search warrant that line AUSAs drafted in the TIN Matter beginning in "late September 2019." (Gov't Mem. at 3). I did not review, edit, or authorize that warrant because of my role in the *Hernandez* trial. I do not recall ever seeing the warrant materials.

8. ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████ (*See* Gov't Mem. at 4). ███████████ ███████████████████████████████████████████████████████████████ ███████████████████████████

9. Following the *Hernandez* trial, although I was generally aware that the FBI was reviewing the contents of materials it had seized in connection with the TIN Matter, I do not recall discussing the specific contents of any particular seized item, and I have no recollection of any other investigative steps being taken in the TIN Matter.

10. In approximately March 2020, most AUSAs at the Office, including myself, began to work remotely due to the COVID-19 pandemic. These circumstances greatly restricted my ability to have regular or standardized case-related communications with TIN AUSAs. One of the AUSAs assigned to the TIN Matter transferred to a different unit, which further limited my interactions with that AUSA, but I do not recall when the transfer occurred.

11. ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ █████████████████████ It seems plausible to me that I discussed the TIN Matter

2

with one or both of the line AUSAs, but I do not recall the substance of those conversations, which suggests to me that they were sporadic and limited.

12. The prosecutors' brief describes three emails, which are dated October 31, 2019, July 1, 2020, and July 8, 2020. (Gov't Mem. at 5-7; *id.* Exs. A, B, C). The prosecutors have not shared these documents with me, and I do not recall these communications.

13. The prosecutors' brief states that, at an undisclosed point in time during my government service, one of my Co-Chiefs "became conflicted from aspects of the TIN Matter." (Gov't Mem. at 7). I do not understand the reference to "aspects" of the TIN Matter, and I do not recall such a conflict being communicated to me during my service.

14. In early January 2022, I joined Chiesa Shahinian Giantomasi PC ("CSG Law"). When I started to work at the firm, I was asked to help represent Mei Guo in connection with an existing matter at the firm that predated my arrival by at least approximately one year. The since-retired Associate United States Attorney asked me not to participate in the representation. Without sufficient information to evaluate any potential conflict myself, and because the Sixth Amendment did not apply in that matter, I did what I was asked.

15. In approximately June 2023, I was asked to participate in the representation of Ms. Wang in these proceedings. In response to the request, I reviewed public filings in this case. Prior to accepting the engagement, I also reviewed relevant ethics rules, consulted CSG Law's general

counsel and other colleagues, and discussed the potential conflicts with Ms. Wang without disclosing confidential government information.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing information is true and correct.

Dated: New York, New York
August 7, 2023

Respectfully submitted,

/s/ Emil Bove
Emil Bove
Chiesa Shahinian & Giantomasi PC
11 Times Square, 34th Floor
New York, NY 10036
(212) 324 7265
ebove@csglaw.com

*Attorney for Yanping Wang*

Cc: Counsel of Record
(Via Email)