

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 21, 2023

**VIA ECF**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Ho Wan Kwok, et al.*, S1 23 Cr. 118 (AT)

Dear Judge Torres:

The Government respectfully submits this letter brief in response to defendant Ho Wan Kwok's August 30, 2023 motion. (*See* Dkt. 131 ("Kwok Br.")).

Kwok's motion principally seeks a stay of the bankruptcy proceedings that Kwok himself voluntarily initiated in February 2022. (*Id.*). Kwok's co-defendant Yanping Wang has joined in that motion. (*See* Dkt. 135 ("Wang Ltr.")).

In the event a stay is denied, Kwok also makes several requests in the alternative. (Kwok Br. 1, 28-30). First, Kwok requests a modification of the Protective Order in this case to allow production of criminal discovery to the bankruptcy Trustee. (*Id.* at 28-29). Second, Kwok seeks an order that Kwok's "defense team" have continued, unchaperoned access to the property located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430 (the "Mahwah Mansion"). (*Id.* at 29-30). Relatedly, Kwok moves to "preclude" the Government "from facilitating the sale" of the Mahwah Mansion until the conclusion of this case. (*Id.*). Lastly, Kwok requests an order that the Government not solicit or receive Kwok's privileged information or records from the Trustee. (*Id.*).

    **A. The Government's Position on a Stay of the Bankruptcy Proceedings**

The Government presently takes no position on Kwok's motion to stay the bankruptcy proceedings.

    **B. Kwok's Alternative Requests Should Be Denied**

If the Court declines to stay the bankruptcy proceedings, Kwok's alternative requests should also be denied for the reasons explained below.

    **1.  Two of Kwok's Requests Are Moot**

Kwok's first and last alternative requests should be denied as moot.

First, Kwok's request to modify the Protective Order should be denied as moot. Kwok's counsel submits there is not good cause for such a modification and is only seeking such a modification because the Trustee obtained an order requiring Kwok to do so. (Kwok Br. 29). The Trustee is no longer seeking to enforce the order at this time. (Dkt. 145 ("Trustee Br.") at 6, 23). Kwok's request is therefore moot.

Second, Kwok's request regarding potentially privileged materials should be denied as moot. The Government has neither solicited nor received Kwok's potentially privileged information or records from the Trustee does not presently intend to do so, and will not do so absent agreement from Kwok's counsel (or the appropriate holder) or an order of this Court finding that such materials are not privileged and/or subject to the crime-fraud exception. Thus, Kwok's request regarding potentially privileged materials is moot.

Accordingly, even if the Court reaches the alternative requests, both of these requests should be denied as moot.

2. **Kwok's Request For Unfettered Access to the Mahwah Mansion Should Be Denied**

Kwok's request for an order permitting his "defense team" unchaperoned access to the Mahwah Mansion through the conclusion of this case and any appeals should be denied for the reasons that follow.

As background, the Mahwah Mansion was purchased, renovated, and furnished with fraud proceeds, specifically G|CLUBS membership funds, after the funds were funneled through bank accounts in other entities' names. (Dkt. 19 ("Indictment") ¶ 16(b)-(c)). As alleged in the Indictment, G|CLUBS was used by Kwok and his conspirators to defraud victims by falsely promising them purportedly highly valuable stock in GTV (*i.e.*, using G|CLUBS as a vehicle to continue the unlawful private placement offering after the SEC intervened to stop the GTV offering) and falsely promising them "a full spectrum of services" once they became "members." (*Id.* ¶ 15). The Mahwah Mansion and furnishings that were purchased with misappropriated G|CLUBS membership funds were identified as specific property subject to forfeiture in the Indictment. (*Id.* ¶ 55(v)).

On March 15, 2023, agents of the Federal Bureau of Investigation ("FBI") executed a search warrant at the Mahwah Mansion. Multiple FBI photographers meticulously documented the premises and its contents, taking over 2,000 photographs in the course of the search, which have been produced to the defendants in discovery. The FBI also conducted aerial surveillance of the Mahwah Mansion prior to the search, which photographs and videos have been produced to the defendants. The Government also seized voluminous physical evidence from the Mahwah Mansion, including, for example, electronic devices, Kwok's personal items (*e.g.*, custom-designed Brioni suits), and certain of the extravagant furnishings purchased with misappropriated G|CLUBS membership funds.

Following Kwok's arrest, individuals claiming to be associated with the "New Federal State of China" ("NFSC"), a purported alternative government for the people of China founded by Kwok that is affiliated with the Himalaya Farm Alliance described in the Indictment, began using

the Mahwah Mansion as their new base of operations. (*See* Indictment ¶ 14). Based on the Government's investigation, NFSC members are fiercely loyal to Kwok, and individuals in the NFSC are also associated with entities that are part of Kwok's fraud enterprise. The NFSC's occupation of the Mahwah Mansion was documented in videos and broadcasts posted publicly on social media services, GNews, and other instrumentalities of the fraud controlled by the defendants. (*See, e.g.*, attached Exhibit A (Trustee's complaint against Mahwah Mansion) ¶¶ 41-42, 55-66 (documenting this evidence with citations)).[1] In other words, after Kwok's arrest, Kwok's followers and agents have sought to perpetuate Kwok's criminal enterprise—using as a base of operations the very same mansion Kwok and his co-conspirators purchased with fraud proceeds.

Subsequent to the Government's public filings regarding the Mahwah Mansion and the public broadcasts of the defendants' associates occupying the Mahwah Mansion, which threatened to diminish its value, the Trustee conferred with the Government regarding the disposition of the Mahwah Mansion. Unlike chattel or funds in a bank account, the Government generally cannot seize real property with a forfeiture-based seizure warrant prior to a final order of forfeiture—which order would come only after a criminal conviction, at the conclusion of the subsequent ancillary forfeiture proceeding. Given that the defendants' associates were using the Mahwah Mansion (itself purchased with fraud proceeds) and that their occupation of the Mahwah Mansion could dissipate the property's value, on July 6, 2023, the Government provided the Trustee with 12 photographs taken during the Government's March 15, 2023 search illustrating that Kwok used the Mahwah Mansion as a personal residence.[2]

On July 11, 2023, the Trustee filed an *ex parte* motion for a temporary restraining order and preliminary injunction regarding Kwok's associates' access to the Mahwah Mansion. *In re Ho Wan Kwok, et al.*, Case No. 23-05017, Dkt. 4 (D. Conn. Bankr.) (JAM). On August 1, 2023, Judge Manning granted the order in part. *See id.*, Dkt. 17. On July 13, 2023, the Government executed a proposed settlement with the Trustee that would permit the Trustee to secure the value of the Mahwah Mansion during the pendency of the criminal case. *In re Ho Wan Kwok, et al.*, Case No. 23-05017 (D. Conn. Bankr.) (JAM), Dkt. 24, Ex. 1; *see also id.* at Dkt. 53, 56. On August 31, 2023, following additional briefing and hearings, Judge Manning granted the Trustee's motion and issued a modified preliminary injunction to restrict access to the Mahwah Mansion to (a) the Security Services (as defined in the Preliminary Injunction); (b) the Trustee and his representatives and/or professionals; (c) the United States Department of Justice and its employees and representatives; (d) the FBI and its employees and representatives; (e) other federal, New Jersey state, or Mahwah municipal law enforcement agencies and their employees and

---

[1] The FBI conducted aerial surveillance of the Mahwah Mansion after the March 15, 2023 search on two occasions —once members of the NFSC and the defendants' enterprise began inhabiting and broadcasting from the Mahwah Mansion. Photographs and videos of this aerial surveillance have also been produced to the defendants.

[2] Kwok suggests that this was a violation of the Protective Order. (Kwok Br. 3, 21). Kwok is wrong. The Protective Order applies to the Government's "disclosure[s] to the defendants" of evidence pursuant to its discovery obligations and restricts *the defendants'* use of those materials acquired from the Government. (Dkt. 63 ¶ 1). It does not restrict the Government's use of its evidence. (*See id.*).

representatives; (f) any other persons expressly authorized by the Trustee in writing (which can include email); and (g) any other person expressly authorized by the United States District Court for the Southern District for New York or the bankruptcy court. *In re Ho Wan Kwok, et al.*, Case. No. 23-05017, Dkt. 58 (D. Conn. Bankr.) (JAM).

On September 1, 2023, the Trustee conducted a walkthrough of the Mahwah Mansion, which was video-recorded and photographed. After the instant motion from Kwok seeking to "preserv[e] the status quo" of the Mahwah Mansion (Kwok Br. 3), on September 12, 2023, the Trustee provided the Government with six photographs from the Trustee's September 1, 2023 walkthrough. Significantly, those photographs illustrate that the defendants' co-conspirators have been tampering with the interior of the property in an apparent effort to obstruct this criminal case by modifying the Mahwah Mansion to suit a defense narrative. Specifically, the defendants' co-conspirators posted placards at room entrances that appear to suggest that the rooms of Kwok's Mahwah Mansion are, in fact, NFSC and/or G|CLUBS[3] offices or rooms, as shown in the photographs below:

 

These after-the-fact placards were not present as of March 15, 2023, when the Government searched the Mahwah Mansion pursuant to a search warrant issued in this case.

In light of the foregoing, this Court should not credit Kwok's claim that a ruling against him would "permit the Trustee in the Bankruptcy Cases to control *and potentially alter an alleged crime scene of critical importance to this proceeding*." (Kwok Br. 4 (emphasis added)). In fact, it is *Kwok* and his associates who appear to have been doing what Kwok claims to seek to prevent, by materially altering the Mahwah Mansion to serve a defense narrative.

---

[3] Kwok's motion states the Mahwah Mansion was purchased "in furtherance of the business of *GTV*." (Kwok Br. 20 (emphasis added)). Kwok has not explained why then the placards denote "NFSC" and "G|CLUBS."

Simply put, the record provides no basis for permitting the "defense team[4]" unfettered and unchaperoned access to the property that the defendants and their associates have been using as an instrument to attempt to obstruct justice. Such access is unnecessary, particularly given the voluminous documentation—comprising *thousands* of photographs, as well as videos—of the Mahwah Mansion that already exists in the defendants' possession (with even further evidence forthcoming).[5] Contrary to Kwok's assertions, evidence regarding the condition and use of the Mahwah Mansion is not "beyond Mr. Kwok's reach." (Kwok Br. 20). Rather, that evidence is in the possession of Kwok's and Wang's counsel, and Kwok's attempt to analogize the circumstances here to thwarting access to a material witness is baseless. (*Id.* at 22). There is simply no need for Kwok's "team" to have ongoing and continual access, potentially for years, to the Mahwah Mansion. If granted, Kwok's requests could needlessly incur costs, diminishing the Mahwah Mansion's value at the expense of victims and creditors alike, and risk providing opportunity to NFSC members who seek to exploit a mansion purchased with fraud proceeds in furtherance of a scheme to obstruct this criminal prosecution on behalf of NFSC's leaders, the defendants.

Nevertheless, to the extent Kwok's or Wang's criminal defense attorneys of record seek to conduct a site visit to the Mahwah Mansion—as they were permitted to do with the Sherry Netherland apartment, with the Government's consent (*see* Dkt. 72, 78, 79)—the Government would not object to such a visit on similar terms to the visit of the Sherry Netherland. (*See also* Trustee Br. 6-7, 27, 29-30 (Trustee would not object to such a site visit "subject to potential safeguards surrounding [Kwok's] counsel's access to the Mahwah Mansion")).[6]

Finally, there is no need for this Court to "preclude" the Government "from facilitating the sale" of the Mahwah Mansion until the conclusion of this case. (Kwok Br. 29-30). It is unclear, as an initial matter, what that means. In any event, Kwok's request is at least premature, as there is no imminent sale, and any such sale would be subject to the ordinary course of the bankruptcy

---

[4] Kwok's brief does not define who the members of the "defense team" are, nor did either defendant submit a proposed order to the Court regarding this request.

[5] The Government has served a subpoena on the Trustee for the videos and photographs arising from his September 1, 2023 walkthrough, and will produce those materials to the defendants promptly after receipt. The Government produced to the defendants earlier today the six photographs from that walkthrough that the Trustee has already provided.

[6] Kwok did not confer with the Government regarding such a request prior to the filing of his motion.

process in which Kwok is participating. (*See* Trustee Br. 7, 26, 30).

Accordingly, Kwok's requests should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Micah F. Fergenson
Ryan B. Finkel
Juliana N. Murray
Assistant United States Attorneys
(212) 637-2190 / -6612 / -2314

Cc: All Counsel of Record (by ECF)