**BAKER BOTTS** L.L.P.

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

March 28, 2024

Brendan F. Quigley
TEL: 2124082520
FAX: 2122592520
brendan.quigley@bakerbotts.com

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Yanping Wang*, 23 Cr. 118-3 (AT)

Dear Judge Torres:

We represent Yanping Wang in this matter. We write to request the Court's assistance regarding issues with the government's discovery, which are materially impacting Ms. Wang's ability to prepare for trial, which is set to begin in seven weeks. In particular, we ask the Court to (i) set a deadline for the government to complete production of Rule 16 discovery, (ii) require the government to hand-deliver discovery to the defendants at the MDC, and (iii) prohibit the government from designating communications involving the defendants or photos of the defendants as Attorneys' Eyes Only.

We, and/or counsel for Ms. Wang's co-defendant, Mr. Kwok, have repeatedly raised each of these matters with the government over the last several weeks but have been unable to reach a satisfactory resolution.

### I. The Court Should Set a Deadline for the Government to Complete Rule 16 Discovery

*First*, the Court should set a deadline of April 10, 2024, 40 days before trial, for the the government to complete Rule 16 discovery.

The Court has broad discretion under Federal Rule of Criminal Procedure 16(d)(1) to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

Here, good cause exists for the entry of such an order. The government's investigation of this matter has been going on for almost four years,[1] and the defendants have been charged for almost 13 months. But despite giving oral assurances to defense counsel in January 2024 that its

---

[1] See, e.g., Order, ECF No. 157 at 4 (noting that the underlying investigation was "opened around May 2020").

Active 76178947.3

**BAKER BOTTS** LLP

The Honorable Analisa Torres                - 2 -                              March 28, 2024

production was largely complete, the government continues to roll out near-daily productions, and sometimes to make multiple productions a day, making (by counsel's count) approximately 16 productions between March 1st and March 27th.

The productions have been voluminous. Between March 6 and March 19 alone, the government produced almost 500,000 pages of discovery. Only approximately two percent of that material (less than 10,000 pages) was in response to the Court's February 21 "Foxhunt" order. The rest consisted of "Rule 16" materials that, in many cases, appear to have been in the government's possession, custody, or on control for months, including, for example, records from multiple banks that the government appears to have obtained in early and mid 2023.

The government should not be permitted to roll out thousands of pages of discovery a day through trial and requiring the government—in a four-year old investigation—to complete discovery 40 days before trial is reasonable under the circumstances.

## II. The Court Should Order the Government to Hand Deliver Recent and Forthcoming Productions to MDC

*Second*, the Court should order the government to hand-deliver all recent productions and any subsequent productions to the appropriate officials at MDC Brooklyn for prompt delivery to the defendants.

After strenuously, and successfully, arguing for Ms. Wang's detention (despite the fact she was initially ordered released on conditions and that this is a case involving no allegations of violence), the government has woefully failed to get her discovery inside the facility. In fairness, the government has made *some* efforts in this regard, but ultimately it does not really matter whether the failure is caused by the U.S. Attorney's Office or the Bureau of Prisons, because (even setting aside that both agencies are part of the Department of Justice), these failures impact Ms. Wang's right to a fair trial, particularly in light of the volume of the recent productions.

For example, on February 20, 2023, I contacted the government to figure out how to get Ms. Wang access to the discovery that had been produced over the last several months.[2] Three days later, the government responded asking us to provide them with a hard drive, for follow-on delivery to MDC. That hard drive was delivered to the government on February 27, although (based on emails from the government) the government did actually not load it with discovery until March 9.

***Two weeks later, over a month after my initial request and during a period when the government produced hundreds of thousands of pages of additional discovery, the hard drive had still not made it to Ms. Wang at MDC***. On Monday, March 25, I was informed by the

---

[2] Prior to my coming into the case in November 2023, the government had provided Ms. Wang with some discovery at MDC.

Active 76178947.3

**BAKER BOTTS** LLP

The Honorable Analisa Torres — - 3 - — March 28, 2024

government that, while "SDNY provided the drive to the MDC," the MDC was "continu[ing] to search for the drive." The government offered to provide a replacement drive for some (but not all) of the discovery in question, but that drive has still not made it to Ms. Wang—*over five weeks after our initial request*.

This situation is untenable. Having, in a case involving no violence but voluminous document discovery, sought and obtained Ms. Wang's detention, fundamental fairness requires that the government take appropriate steps to ensure that she has access to discovery. That clearly has not happened, and which branch of the Department of Justice—the USAO or the BOP—bears the blame really does not matter. At this point, the government should be required to hand-deliver all recent productions to the appropriate officials at MDC and those officials should be ordered to make that discovery available to Ms. Wang.

### III. Communications Involving the Defendants and Photographs of the Defendants Should Not Be Designated AEO

Further complicating discovery is the fact that the government has designated large portions of its recent productions as "Attorneys' Eyes Only," or "AEO," meaning it cannot be disclosed in any way to the defendants. *See* Protective Order, ECF No. 63 at 5.

Under the Protective Order, the AEO designation is reserved for "highly confidential and highly sensitive material that affects the privacy, confidentiality, and/or safety interests of individuals or entities, such that its disclosure could cause substantial harm and/or pose safety concerns to individuals or entities . . . ."

Much of the material the government has designated as AEO appears, by any measure, to fall short of this standard. While the defense's review of the government's recent voluminous productions is still on-going, we request, for starters, that the Court rule that (i) communications (whether written or recorded) involving the defendants and (ii) photographs of the defendants are presumptively not AEO. There is little reason to think that conversations for which the defendants were present or pictures of them somehow "affect[] privacy, confidentiality, and/or safety interests" and that merely *discussing* these materials with the defendants would somehow "cause substantial harm" or "pose safety concerns."

\*\*\*

In sum, the Court should grant the requested relief.

Respectfully submitted,

/s/ Brendan F. Quigley
Brendan F. Quigley

Active 76178947.3