UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | S2 23 Cr. 118 (AT) |
| HO WAN KWOK,<br>    a/k/a "Miles Guo,"<br>    a/k/a "Miles Kwok,"<br>    a/k/a "Guo Wengui,"<br>    a/k/a "Brother Seven,"<br>    a/k/a "The Principal,"<br>    a/k/a "Boss," and<br><br>YANPING WANG,<br>    a/k/a "Yvette,"<br>    a/k/a "Y,"<br><br>                   Defendants. | |

## THE PARTIES' JOINT REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the following in its instructions to the jury. Proposed instructions highlighted in blue are proposed solely by the Government and are objected to by the defendants. Proposed instructions highlighted in yellow are proposed solely by the defendants and are objected to by the Government.

The parties respectfully reserve the right to modify or supplement these requests to charge based on the Court's ruling on defendants' pending motion to dismiss and the evidence and arguments offered at trial.

# TABLE OF CONTENTS

REQUEST NO. 1 – General Requests.........................................................................................1

REQUEST NO. 2 – Summary of the Indictment.........................................................................2

REQUEST NO. 3 – Multiple Counts/Multiple Defendants.........................................................6

REQUEST NO. 4 – Conspiracy and Substantive Counts............................................................7

REQUEST NO. 5 – Counts Five, Seven, Nine and Eleven—Wire Fraud: General Instructions...9

REQUEST NO. 6 – Counts Five, Seven, Nine and Eleven—Wire Fraud: First Element—Scheme or Artifice to Defraud…....................................................................................................12

REQUEST NO. 7 – Counts Five, Seven, Nine and Eleven—Wire Fraud: Second Element—Participation in the Scheme with the Specific "Intent to Defraud"............................................17

REQUEST NO. 8 – Counts Five, Seven, Nine and Eleven—Wire Fraud: Third Element—Interstate Wire........................................................................................................................22

REQUEST NO. 9 – Counts Six, Eight, and Ten—Securities Fraud—Statutory Purpose and Indictment.............................................................................................................................24

REQUEST NO. 10 – Counts Six, Eight, and Ten—Elements of the Securities Fraud Offenses.27

REQUEST NO. 11 – Counts Six, Eight, and Ten—Securities Fraud: First Element—Fraudulent Act..........................................................................................................................................29

REQUEST NO. 12 – Counts Six, Eight, and Ten—Securities Fraud: First Element—Materiality 31

REQUEST NO. 13 – Counts Six, Eight, and Ten—Securities Fraud: First Element—Puffery and Forward-Looking Statements.................................................................................................32

REQUEST NO. 14 – Counts Six, Eight, and Ten—Securities Fraud: First Element—Fraudulent Act—Definition of a "Security"...........................................................................................33

REQUEST NO. 15 – Counts Six, Eight, and Ten—Securities Fraud: First Element—Fraudulent Act—In Connection With.......................................................................................................35

REQUEST NO. 16 – Counts Six, Eight, and Ten—Securities Fraud: Second Element—Knowledge, Intent, and Willfulness.......................................................................................39

REQUEST NO. 17 – Counts Six, Eight, and Ten—Securities Fraud: Third Element—Instrumentality of Interstate Commerce...................................................................................42

REQUEST NO. 18 – Count Twelve—Money Laundering: Unlawful Monetary Transaction .... 44

REQUEST NO. 19 – Count Twelve—Money Laundering: Unlawful Monetary Transaction—First Element.................................................................................................................. 46

REQUEST NO. 20 – Count Twelve—Money Laundering: Unlawful Monetary Transaction—Second Element.................................................................................................................. 47

REQUEST NO. 21 – Count Twelve—Money Laundering: Unlawful Monetary Transaction—Third and Fourth Elements....................................................................................................... 48

REQUEST NO. 22 – Count Twelve—Money Laundering: Unlawful Monetary Transaction—Fifth Element.................................................................................................................. 50

REQUEST NO. 23 – Counts Five through Twelve—Willful Causation................................... 51

REQUEST NO. 24 – Counts Five through Twelve—Aiding and Abetting.............................. 54

REQUEST NO. 25 – Count Two: Conspiracy to Commit Wire Fraud and Bank Fraud—Generally.................................................................................................................. 57

REQUEST NO. 26 – Count Two: Conspiracy to Commit Wire Fraud and Bank Fraud—First Element—Existence of the Conspiracy...................................................................................... 59

REQUEST NO. 27 – Count Two: Conspiracy to Commit Wire Fraud and Bank Fraud—Second Element—Membership in the Conspiracy.................................................................................... 62

REQUEST NO. 28 – Count Two: Conspiracy to Commit Wire Fraud and Bank Fraud Conspiracy—Objects.................................................................................................................. 67

REQUEST NO. 29 – Count Three: Money Laundering Conspiracy—Generally ...................... 72

REQUEST NO. 30 – Count Three: Money Laundering Conspiracy—Objects – Concealment.. 73

REQUEST NO. 31 – Count Three: Money Laundering Conspiracy—Objects – International Concealment.................................................................................................................. 78

REQUEST NO. 32 – Count Three: Money Laundering Conspiracy—Objects – International Promotion.................................................................................................................. 81

REQUEST NO. 33 – Count Four: Securities Fraud and Bank False Statements Conspiracy—Generally.................................................................................................................. 83

REQUEST NO. 34 – Count Four: Securities Fraud and Bank False Statements Conspiracy—Overt Act.................................................................................................................. 85

REQUEST NO. 35 – Count Four: Securities Fraud and False Statements Conspiracy— Object of False Statements to Financial Institutions ........................................................................ 87

REQUEST NO. 36 – Count One: Racketeering Conspiracy—Generally .................................. 88

REQUEST NO. 37 – Count One, Racketeering Conspiracy—Elements ................................... 90

REQUEST NO. 38 – Count One: Racketeering Conspiracy – First Element – Enterprise ........ 92

REQUEST NO. 39 – Count One: Racketeering Conspiracy – Second Element – Effect on Interstate Commerce ............................................................................................................. 94

REQUEST NO. 40 – Count One, Racketeering Conspiracy – Third Element – Association with the Enterprise .......................................................................................................................... 95

REQUEST NO. 41 – Count One, Racketeering Conspiracy – Fourth Element – Conduct or Participate in Affairs of the Enterprise ................................................................................. 97

REQUEST NO. 42 – Count One, Racketeering Conspiracy – Predicates .............................. 104

REQUEST NO. 43 – *Pinkerton* Liability ............................................................................... 106

REQUEST NO. 44 – Conscious Avoidance ............................................................................ 108

REQUEST NO. 45 – Venue .................................................................................................... 111

REQUEST NO. 46 – Negligence of a Victim Not a Defense .................................................. 112

REQUEST NO. 47 – Multiple Conspiracies ........................................................................... 113

REQUEST NO. 48 – Variance in Dates .................................................................................. 114

REQUEST NO. 49 – Particular Investigative Techniques Not Required ................................ 115

REQUEST NO. 50 – Use of Evidence Obtained Pursuant to Searches and Seizures .............. 116

REQUEST NO. 51 – Stipulations ........................................................................................... 117

REQUEST NO. 52 – Law Enforcement and Government Employee Witnesses ..................... 118

REQUEST NO. 53 – Preparation of Witnesses ...................................................................... 119

REQUEST NO. 54 – Accomplice/Cooperating Witness Testimony ....................................... 120

REQUEST NO. 55 – Non-Prosecution Agreement ................................................................ 122

REQUEST NO. 56 – Immunized Witnesses .................................................... 123

REQUEST NO. 57 – Uncalled Witnesses—Equally Available .............................. 125

REQUEST NO. 58 – Persons Not on Trial ..................................................... 126

REQUEST NO. 59 – Limiting Instruction – Similar Act Evidence........................ 127

REQUEST NO. 60 – Expert Witnesses .......................................................... 128

REQUEST NO. 61 – Charts and Summaries (In Evidence)................................... 129

REQUEST NO. 62 – Charts and Summaries (Not In Evidence)............................. 130

REQUEST NO. 63 – Recordings and Transcripts, Generally................................ 131

REQUEST NO. 64 – Foreign Language Translations.......................................... 132

REQUEST NO. 65 – Defendant's Testimony ................................................... 133

REQUEST NO. 66 – Defendant's Right Not to Testify....................................... 134

REQUEST NO. 67 – Redaction of Evidentiary Items......................................... 135

Defense Request 1 – Role of the Jury .......................................................... 136

Defense Request 2 – Caution-Consider Only Crimes Charged............................. 138

Defense Instruction 3 – Credibility of Witnesses............................................ 139

Defense Instruction 5 – Reasonable Doubt ................................................... 141

Defense Instruction 6 – Large Sums of Money ............................................... 143

Defense Instruction 7 – Direct and Circumstantial Evidence .............................. 146

Defense Instruction 8 – Duty of Jury .......................................................... 146

Defense Instruction 9 – Defendant's Election to Testify.................................... 147

Defense Instruction 10 – Victims of the Offense............................................. 148

REQUEST NO. 68 – Conclusion ................................................................. 149

## REQUEST NO. 1

### General Requests

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Jury's Recollection Controls

g.    Government Treated Like Any Other Party

h.    Definitions and Examples of Direct and Circumstantial Evidence

i.    Inferences

j.    Credibility of Witnesses

k.    Interest in Outcome

l.    Right to See Exhibits and Have Testimony Read During Deliberations

m.    Sympathy:  Oath as Jurors

n.    Punishment Is Not to Be Considered by the Jury

o.    Verdict of Guilt or Innocence Must Be Unanimous

p.    Duties of Foreperson and Return of Verdict Form

## REQUEST NO. 2

### Summary of the Indictment

The defendants, HO WAN KWOK, a/k/a "Miles Guo," a/k/a "Miles Kwok," a/k/a "Guo Wengui," a/k/a "Brother Seven," a/k/a "The Principal," a/k/a "Boss," (whom I will refer to as "Mr. Kwok") and YANPING WANG, a/k/a "Yvette," a/k/a "Y," (whom I will refer to as "Ms. Wang") have been charged in what is called an Indictment. An Indictment is simply an accusation. It is not evidence. It creates no presumption, and it permits no inference, that a defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendants. My description of the charges, which I will now give, merely summarizes the government's allegations using the government's terminology.

The charges in the Indictment relate to allegations that Mr. Kwok and Ms. Wang conspired to defraud victims of money through a series of schemes and an organization referred to as the Kwok Enterprise. The Kwok Enterprise is alleged to be a series of complex fraudulent and fictitious businesses and investment opportunities that connected dozens of interrelated entities. There are twelve relevant counts in the Indictment, charging Mr. Kwok and Ms. Wang with committing—and conspiring to commit—wire fraud, bank fraud, securities fraud, providing false statements to banks, and money laundering. The Indictment also charges Mr. Kwok and Ms. Wang with conspiring to use the Kwok Enterprise to commit those offenses—a charge known as RICO conspiracy, which I will tell you more about later. The Indictment contains 12 counts. Ms. Wang is charged in Counts One through Ten and Count Twelve. Mr. Kwok is charged in Counts One through Twelve.

2

Count One of the Indictment charges that Mr. Kwok and Mr. Wang conspired to conduct the affairs of an enterprise through a pattern of racketeering activity in violation of Title 18, United States Code, Section 1962(d). As I will explain in more detail, this charge alleges that Guo and Wang agreed to operate an organization referred to as the Kwok Enterprise through various acts of wire fraud, bank fraud, money laundering, engaging in monetary transactions in property derived from specified unlawful activity, and securities fraud. The counts that follow Count One focus on certain of those acts and conspiracies to commit them.

Count Two of the Indictment charges that Mr. Kwok and Ms. Wang conspired to commit wire fraud and bank fraud by (i) agreeing to join a conspiracy to obtain money from victims individuals by means of false and fraudulent pretenses, representations, and promises transmitted over wires; (ii) agreeing to participate in a conspiracy to obtain money, and property, owned by, or under the custody and control of, a financial institution by making, or causing others to make, false representations to financial institutions.

In a moment, I will explain the difference between conspiracy charges (an agreement to commit a crime) and substantive charges (or committing the underlying crime itself). I just explained that Count Two of the Indictment charges the defendants with conspiracy to commit wire fraud and bank fraud. Counts Five, Seven, Nine, and Eleven of the Indictment charge the defendants with the substantive offense of wire fraud. Count Five alleges that Mr. Kwok and Ms. Wang "conducted the GTV Private Placement to sell GTV stock and fraudulently obtain money from victims through false statements and misrepresentations." Count Seven alleges that Mr. Kwok and Ms. Wang "conducted the Farm Loan Program to fraudulently obtain money from victims through false statements and misrepresentations." Count Nine alleges that Mr. Kwok and

3

Ms. Wang "promoted and marketed G|CLUBS to fraudulently obtain money from victims through false statements and misrepresentations." And Count Eleven—which charges only Mr. Kwok and not Ms. Wang—alleges that Mr. Kwok "operated the Himalaya Exchange to fraudulently obtain money from victims through false statements and misrepresentations, including regarding, among other things, the purpose and use of victims' money."

Count Four of the Indictment charges Mr. Kwok and Ms. Wang with conspiracy to commit the crime of securities fraud by agreeing "to fraudulently induce investors to participate in the GTV Private Placement, the Farm Loan Program, and G|CLUBS by providing materially false and misleading information and representations in connection with purported shares of GTV common stock and purported companies affiliated with GTV," and with conspiracy to provide false statements to banks by lying, and causing others to lie, to banks in connection with applications for bank accounts.

Counts Six, Eight, and Ten charge Mr. Kwok and Ms. Wang with the substantive offense of securities fraud. Count Six alleges that Mr. Kwok and Ms. Wang "conducted the GTV Private Placement to sell GTV stock and obtain money from victims through false statements and misrepresentations." Count Eight alleges that Mr. Kwok and Ms. Wang "conducted the Farm Loan Program to obtain money from victims through false statements and misrepresentations," including by "promising that such loans would be convertible into GTV common stock." And Count Ten alleges that Mr. Kwok and Ms. Wang "promoted and marketed G|CLUBS to obtain money from victims through false statements and misrepresentations."

Count Three of the Indictment charges that Mr. Kwok and Ms. Wang conspired to commit money laundering, and relates to transactions involving proceeds of the alleged wire fraud and securities fraud offenses charged in Counts Five through Eleven.

Count Twelve of the Indictment charges that the defendants engaged in a monetary transaction with property derived from a crime—the defendants made, and directed others to make, a wire transfer of approximately $100 million derived from the wire fraud and securities fraud offenses charged in Counts Five and Six.

In a moment, I will instruct you on each of these charges in more detail.

Mr. Kwok and Ms. Wang have pleaded not guilty to each of these charges.

## REQUEST NO. 3

### Multiple Counts/Multiple Defendants

Each count charges a different crime. You must consider each count of the Indictment separately, and you must return a separate verdict as to each count. The case on each count stands or falls upon the proof or lack of proof with respect to that count. Your verdict on one count should not control your decision as to any other count. In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

## REQUEST NO. 4

### Conspiracy and Substantive Counts

As I have just described, there are certain counts in the Indictment that are conspiracy counts, while others are what are referred to as substantive counts. Unlike the conspiracy charges, which allege agreements to commit certain offenses, the substantive counts are based on the actual commission of offenses, or aiding and abetting others to actually commit offenses. Counts One through Four of the Indictment each charge Mr. Kwok and Ms. Wang with conspiracy. The other counts charge what we call substantive offenses. Although I will provide you with more information about this shortly, let me briefly summarize the difference now.

A conspiracy count is different than a substantive count. A conspiracy charge, generally speaking, alleges that two or more person agreed to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. There can be no conspiracy unless at least two people reached such an agreement A substantive count, on the other hand, charges a defendant with the actual commission, or with aiding and abetting or causing the actual commission, of an offense. A substantive offense, therefore, may be committed by a single person, and it need not involve any agreement with anyone.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime which may be the object of the conspiracy. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

7

The essence of the crime of conspiracy is an agreement or understanding to violate other laws.  Thus, if a conspiracy exists, even if it fails, it is still punishable as a crime.  Since the essence of the crime of conspiracy is an agreement to commit a crime , it does not matter if the crime, the commission of which was an objective of the conspiracy, was ever committed.  In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose is not accomplished.  Consequently, in a conspiracy charge, there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.

By contrast, the substantive counts require proof that the crime charged was actually committed, but do not require proof of an agreement.  Of course, if a defendant both participates in a conspiracy to commit a crime and then actually commits that crime, that defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.

We will turn first to the substantive charges in the Indictment, which are more convenient to consider before the conspiracy charges.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 19-2; Jury Charge of Hon. Sidney H. Stein in *United States v. Duncan*, et al., 18 Cr. 289 (SHS); Jury Charge of Hon. John M. Walker, Jr., *United States v. Helmsley*, 88 Cr. 219 (S.D.N.Y. 1989). *See also United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

8

## REQUEST NO. 5

**Counts Five, Seven, Nine and Eleven—Wire Fraud: General Instructions**

Counts Five, Seven, Nine and Eleven charge both defendants Mr. Kwok and Ms. Wang with substantive wire fraud, and Count Two, in relevant part, charges both defendants with conspiracy to commit wire fraud. These wire fraud counts relate to an alleged scheme by both defendants to fraudulently induce victims to send money by providing materially false and misleading information and representations.

Let me first turn to the substantive counts, which are listed as Counts Five through Twelve in the Indictment. Then I will address the conspiracy counts.

First, counts Five, Seven, Nine and Eleven charge both Mr. Kwok and Ms. Wang with substantive wire fraud. These wire fraud counts relate to multiple alleged schemes by them to fraudulently induce individuals to send money by providing materially false and misleading information and representations.

In particular:

Count Five alleges that Mr. Kwok and Ms. Wang "conducted the GTV Private Placement to sell GTV stock and fraudulently obtain money from victims individuals through false statements and misrepresentations, including regarding, among other things, the purpose and use of victims' money" false statements and misrepresentations about how the GTV investors' money would be used.

Count Seven alleges that Mr. Kwok and Ms. Wang "conducted the Farm Loan Program to fraudulently obtain money from victims indivduals through false statements and misrepresentations, including regarding, among other things, the purpose and use of victims'

9

money" false statements and misrepresentations about how the Farm Loans participantss' money would be used.

Count Nine alleges that Mr. Kwok and Ms. Wang "promoted and marketed G|CLUBS to fraudulently obtain money from victims through false statements and misrepresentations, to obtain money from victims individuals through false statements and misrepresentations, including regarding, among other things, the purpose and use of victims' money" false statements and misrepresentations about how the money G|CLUBS' members paid to buy memberships would be used.

Count Eleven alleges that Mr. Kwok "operated the Himalaya Exchange to fraudulently obtain money from victims individuals through false statements and misrepresentations, including regarding, among other things, the purpose and use of victims' money" false statements and misrepresentaions about how the funds raised would be used. Ms. Wang is not charged in Count Eleven.

And Count Two, in relevant part, alleges that Mr. Kwok and Ms. Wang conspired to commit wire fraud by "fraudulently induc[ing] victims to send money by providing materially false and misleading information and representations." As I have said, I will explain the distinct elements of conspiracy later in these instructions. For now, I am going to explain the elements of the wire fraud that is charged in Counts Five, Seven, Nine, and Eleven, and which is one of the objects Count Two.

Wire fraud involves the following elements:

To find that Mr. Kwok and Ms. Wang committed wire fraud you must conclude that the government has proved each of the following beyond an reasonable doubt:

10

*First*, that there existed a scheme or artifice to defraud, or to obtain money or property, by materially false or fraudulent pretenses, representations, or promises.

*Second*, that the relevant defendant participated in the scheme to defraud knowingly with intent to defraud.

*Third*, that one or more interstate or foreign wire communications were used in furtherance of the scheme to defraud.

I'll describe these each in more detail now.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3.

11

### REQUEST NO. 6

**Counts Five, Seven, Nine and Eleven—Wire Fraud: First Element—**

**Scheme or Artifice to Defraud**

For these wire fraud counts, the first element the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud victims people of money or property by false or fraudulent pretenses, representations, or promises.

As to the first element, a "scheme or artifice" is a plan for the accomplishment of an object a fraudulent objective. A scheme to defraud is a plan, device, or course of action to obtain the money or property of others through misrepresentations or false promises reasonably calculated to deceive persons of average prudence. "Fraud" is a general term. It is a term that includes all the possible various means by which a person seeks to gain some unfair advantage over another person for the purpose of depriving them of their money or property by false representations, false suggestions, false pretenses, or concealment of the truth. Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick, deceit, deception, or swindle.

A statement or representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A statement may also be false if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive. Statements, representations, promises, or pretenses are fraudulent if they were made falsely and with intent to deceive at the time the statement was made. The expression of an opinion not honestly entertained may also constitute false or

12

fraudulent statements under the statute.[1] The deception need not be based upon spoken or written words alone. The arrangement of the words, the circumstances in which they are used, or the defendant's conduct may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.[2] A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

However, I caution you that fraud requires more than simply proof that a promise was made and then not fulfilled. Failing to maintain a promise or to abide by a term in a contract or other document is not by itself fraudulent. Instead, the government must prove beyond a reasonable doubt that the defendant you are considering, at the time they made the statement or promise, *never intended* to honor it. A subsequent decision by a defendant not to abide by the terms of a promise, contract or document, even one that is willful, cannot be the basis for a conviction[3].

The false or fraudulent statement, representation, promise, or pretense must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have

---

[1] All of the edits on this page are based on Sand, Instr. 44-4.

[2] Changes in this paragarph are consistent with and based on the Sand instruction.

[3] *U.S. ex rel. O'Donnell v. Countrywide Home Loans, Inc.,* 822 F.3d 650, 660 (2d Cir. 2016) ("[O]ur Court has consistently applied this principle: A breach of contract does not amount to mail fraud. Failure to comply with a contractual obligation is only fraudulent when the promisor never intended to honor the contract.'" (quoting *United States v. D'Amato*, 39 F.3d 1249, 1261 n. 8 (2d Cir. 1994)).

considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts that made what was said deliberately misleading.

In addition, the misrepresentation or false promise must be material. This means that if you find that a particular representation or promise was knowingly false when made, you must then separately determine whether it was material by asking whether the misrepresentation or false promise was capable of influencing the decision of the person to whom it was addressed.[4] A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

It is not necessary for the Government to prove that a false or fraudulent representation or statement was made prior to a victim's decision to part with money or property. Rather, if after having obtained money or property, the defendant you are considering devises or participates in a fraudulent scheme to deprive the alleged victim of that money or property by keeping the money or property through making a subsequent false or fraudulent representation as to a material fact, that is sufficient to establish the existence of a scheme to defraud.

It is not necessary for the Government to prove that the scheme to defraud actually succeeded, that any particular person actually relied upon a statement or representation, or that any victim actually suffered damages as a consequence of any false or fraudulent representations, promises, or pretenses. Nor do you need to find that the defendant profited from the fraud or realized any gain. You must concentrate on whether there was such a scheme, not the consequences

---

[4] *Neder* at 16.

of the scheme, although proof concerning accomplishment of the goals of the scheme may be persuasive evidence of the existence of the scheme itself. In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if he, she, or it had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to wire fraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

Lastly, I instruct you that if you find that the government has proven, beyond a reasonable doubt, that a material misrepresentation or material false promise was made by a defendant, all of you must be unanimous as to the particular misrepresentation or false promise at issue.[5]

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove beyond a reasonable doubt that the defendant you are considering contemplated derpiving another of money or property. It is not enough that some other person or company could have acquired money or property.

However, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended individuals actually suffered any loss. At the same

---

[5] Adapted from Final Jury Charge of Hon. Robert Chatigny in *United States v. Shapiro*, No. 15-CR-00155 (RNC) (D. Conn. June 1, 2017) (Dkt. 462) (Trial Tr. at 2645:18-24).

time, however, to prove the scheme to defraud element of a wire fraud claim, a defendant must have "contemplated actual harm would befall victims due to his deception."[6]

If you find the Government has sustained its burden of proof that a scheme to defraud, as charged, existed of proving that the relevant defendant made a fale representation or promse that was also material, you should next consider the second element.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022); *see also Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed." (internal quotation marks, brackets, and citations omitted)); *id.* 24-25 (the "common-law requirements of 'justifiable reliance' and 'damages' . . . plainly have no place in the federal fraud statutes").

> The proposed instruction about retaining money or property is also adapted from the charge of the Honorable Denis R. Hurley in *United States v. Schneider*, 02 Cr. 128, 2002 WL 34348617 (Oct. 23, 2002). *See also United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998) (scheme to defraud where the defendant "intentionally misrepresented his income in order to retain pension overpayments").

---

[6] Additions on this page based on Sand, 44-4 and *Percoco v. United States*, 143 S. Ct. 1130 (2023); *Ciminelli v. United States*, 143 S. Ct. 1121 (2023). Deletions are based on reptitivness and *Countrywide*.

16

## REQUEST NO. 7

### Counts Five, Seven, Nine and Eleven—Wire Fraud: Second Element— Participation in the Scheme with the Specific "Intent to Defraud"

The second element that the Government must prove beyond a reasonable doubt for the wire fraud counts is that the Defendant devised or participated in the scheme to defraud knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you.

To "devise" a scheme to defraud is to concoct or plan it.

To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.[7]

To act with a "specific intent to defraud" requires that the defendant engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of obtaining money or property from one or more of the victims. The Government does not need to prove that

---

[7] *See* Sand 44-5.

any intended victim was actually harmed, only that the defendant intended to harm the victim by obtaining money or property. Actual financial harm includes depriving someone of the real and immediate control over the use of assets. Thus, even if the defendant believed the money obtained by fraudulent means would one day be repaid and therefore believed that ultimately no harm would come to the owner of the funds, his intention eventually to repay is no defense. Additionally, it is not necessary for the Government to prove that the Defendant was motivated solely by improper considerations. The Government will have satisfied its burden of proof on this element if you find that the Defendant had an intent wrongfully to obtain funds of another, even if the Defendant also had other proper or neutral intents reasons for his or her actions. A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well.

To participate in a scheme means to engage in it by taking some affirmative step to help it succeed. Merely associating with people who are participating in a scheme is not participation. It is not necessary that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if someone else originated it, and that the defendant, while aware of the scheme's existence, knowingly participated in it with intent to defraud. Nor is it required that the defendant participated in or had knowledge of all of the operations of the scheme. The responsibility of the defendant is not governed by the extent of his participation. It is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and who knowingly acts in a way to further its goals, becomes a participant in the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done subsequently. Even if the defendant

18

participated in the scheme to a degree less than others, he nevertheless is equally guilty as long as the defendant knowingly participated in the scheme to defraud with knowledge of its general scope and purpose and with specific intent to defraud.[8]

To act with a specific "intent to defraud" or "fraudulent intent" means to act with the specific intent to deceive for the purpose of causing some financial or property loss to another.[9] Put differently, to find specific "intent to defraud" or "fraudulent intent" you must find that the relevant defendant had the intent to cheat or steal money from others at the time the misrepresentation or false promise was made.[10]

Because an essential element of wire fraud is the "intent to defraud," it follows that good faith on the part of a defendant is a complete defense to the charge of wire fraud. An honest belief in the truth of the representations made or caused to be made by a defendant is a complete defense, however inaccurate the statements may turn out to be. What is good faith? Good faith is an honest belief by the relevant defendant at the time of the alleged statement in the truth of the representations or promsies he or she made or caused to be made, even if the statements or promises turn out to be inaccurate or false. Similarly, if the defendant in good faith believed that he was entitled to take the money or property, even though that belief was mistaken, then you must find

---

[8] The defendants note that this instruction is "Duplicative of the circumstantial vs. direct charge."

[9] Sand 44-5 ("Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another"); Jury Charge of Hon. William Kuntz, *U.S. v. Boustani*, 18 Cr. 681 (EDNY 2020), ECF No. 384 at 4443

[10] Adapted from Final Jury Charge of Hon. Robert Chatigny in *United States v. Shapiro*, No. 15-CR-00155 (RNC) (D. Conn. June 1, 2017) (Dkt. 462) Tr. at 2648:24-2649:14.

him not guilty even if others were injured by the defendant's conduct. I caution you that the defendant has no burden to establish good faith. The burden is on the Government to prove "fraudulent intent" and the consequent lack of good faith beyond a reasonable doubt.

However, in considering whether or not the defendant acted in good faith, you are instructed that an honest belief on the part of the defendant, if such a belief existed, that ultimately everything would work out does not necessarily mean that the defendant acted in good faith. If the defendant knowingly and willfully participated in the scheme with the intent to deceive for the purpose of depriving a victim an individual of money or property, even if only for a period of time, then no amount of honest belief on the part of the defendant that customers or lenders ultimately would be benefited will excuse false representations that a defendant made.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required. Instead, the ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. You may also infer, but are not required to infer, that people intend the natural and probable consequences of their actions. Accordingly, when the necessary result of a scheme is to injure others, fraudulent intent may be inferred from the scheme itself. As I instructed you earlier, circumstantial evidence, if believed, is of no less value than direct evidence.

To conclude on this element, if you find that Mr. Kwok or Ms. Wang was not a knowing and willful participant in the scheme or that either of them lacked the required "intent to defraud" at the time of the operative false statement or false promise, then you should find the relevant defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific "intent to defraud," then you should proceed to the third element, as to which I am about to instruct you.[11]

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022); *see also United States v. Jabar*, 19 F.4th 66, 77 (2d Cir. 2021) ("Proof of actual injury to the victim is not required . . . ."); *United States v. Calderon*, 944 F.3d 72, 90 (2d Cir. 2019) ("A 'no ultimate harm' instruction advises the jury that where some immediate loss to the victim is contemplated by a defendant, the fact that the defendant believes (rightly or wrongly) that he will ultimately be able to work things out so that the victim suffers no loss is no excuse for the real and immediate loss contemplated to result from defendant's fraudulent conduct."); *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.")[12]

---

[11] Sand 44-5

[12] The defendants note "*Technodyne* is inapposite as it is about the fugitive disentitlement doctrine, not the wire fraud statute."

21

**REQUEST NO. 8**

**Counts Five, Seven, Nine and Eleven—Wire Fraud: Third Element—Interstate Wire**

The third and final element that the Government must establish beyond a reasonable doubt is that one or more interstate or foreign wires were used in furtherance of the scheme to defraud and that use of interstate wires was foreseeable to the defendant you are considering. An "interstate wire" means a wire that passes between two or more states. A "foreign" wire means a wire that travels between the United States and a foreign country. Examples of wires include telephone calls and messages, communications over the internet, commercials on television, and financial wires between bank accounts.

A wire communication need not itself be fraudulent. Indeed, it may be completely innocent, as long as it was made in furtherance of the fraudulent scheme. To be in furtherance of the scheme, the wire communication must further or assist in some way in carrying out the scheme to defraud. A wire communication can also include a communication made after a victim's an individual's funds were obtained if the communication was designed to lull that person into a false sense of security, to postpone his or her complaint to the authorities, or to keep the money obtained from the scheme.

It is not necessary for the defendant to have been directly or personally involved in a wire communication, as long as the wire was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. The wire communication requirement can be satisfied even if the wire communication was done by the person being defrauded or some other innocent party. When

one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires reasonably can be foreseen, even though not actually intended, then he causes the wires to be used. Thus, there is no requirement that the defendant specifically authorize others to make a communication by wire.

Finally, if you find that a wire communication was reasonably foreseeable and that the interstate or foreign wire communication charged in the indictment took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state lines, or that it would travel between the United States and a foreign country.

This concludes what the government must prove beyond a reasonable doubt for a wire fraud charge. Now, I will discuss the securities fraud charges.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022), and the Honorable John G. Koeltl in *United States v. Dunseath*, No. 98 Cr. 493 (Apr. 14, 1999); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 44-5; *United States v. Jergensen*, 797 F. App'x 4, 6 (2d Cir. 2019).

23

## REQUEST NO. 9

**Counts Six, Eight, and Ten—Securities Fraud—Statutory Purpose and Indictment**

Counts Six, Eight, and Ten of the Indictment charge both defendants with securities fraud in violation of Section 10(b) of the Securities Exchange Act and the related Rule 10b-5. Count Four of the Indictment charges both defendants with conspiring to commit securities fraud in violation of those same two provisions and of the general federal conspiracy statute in Section 371 of Title 18 of the United States Code. Before I give you an overview of the securities fraud charges in the Indictment, I am going to give you some background on the purpose of the securities fraud law.

Section 10(b) of the Securities Exchange Act makes it "unlawful," in pertinent part, "for any person . . . to use or employ, any security . . . , any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j. Rule 10b-5, which implements this provision, forbids the use, in connection with the purchase or sale of any security, of "any device, scheme, or artifice to defraud" or any other "act, practice, or course of business" that "operates . . . as a fraud or deceit." 17 CFR § 240.10b-5.

The Securities Exchange Act of 1934 was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed. Among Congress's objectives in passing the Act was to ensure honest securities markets and thereby promote investor confidence after the stock market crash of 1929. Generally, Congress sought to substitute a philosophy of full disclosure for the philosophy of "buyer beware" and thus to achieve a high standard of business ethics in the securities industry. More specifically, the 1934 Act was intended to protect investors against manipulation of stock

24

prices through regulation of transactions on securities exchanges and in over-the-counter markets, and to impose regular reporting requirements on companies whose stock is listed on national securities exchanges.

Counts Six, Eight, and Ten of the Indictment charge both defendants with substantive securities fraud, and Count Four charges both defendants with conspiracy to commit securities fraud. These securities fraud counts relate to an alleged scheme by both defendants to "fraudulently induce investors to participate in the GTV Private Placement, the Farm Loan Program, and G|CLUBS by providing materially false and misleading information and representations in connection with purported shares of GTV common stock and purported companies affiliated with GTV."

In particular:

Count Six alleges that Mr. Kwok and Ms. Wang "conducted the GTV Private Placement to sell GTV stock and obtain money from victims through false statements and misrepresentations, including regarding, among other things, the purpose and use of victims' money" false statements and misrepresentations about how the GTV investors' money would be used.

Count Eight alleges that Mr. Kwok and Ms. Wang "conducted the Farm Loan Program to obtain money from victims through false statements and misrepresentations, including regarding, among other things, the purpose and use of victims' money" false statements and misrepresentations about how the Farm Loans participants' money would be used, and including by "promising," among other things, "that such loans would be convertible into GTV common stock."

25

Count Ten alleges that Mr. Kwok and Ms. Wang "promoted and marketed G|CLUBS to obtain money from victims through false representations and misrepresentations, including regarding, among other things, the purpose and use of victims' money" false statements and misrepresentations about how the G|CLUBS' members' money would be used and including by "promising," among other things, "that their purchase of G|CLUBS memberships would entitle them to stock in [Kwok]-related entities, such as GTV and G|Fashion."

And Count Four alleges, in relevant part, that both defendants conspired to commit securities fraud by agreeing "to fraudulently induce investors to participate in the GTV Private Placement, the Farm Loan Program, and G|CLUBS by providing materially false and misleading information and representations in connection with purported shares of GTV common stock and purported companies affiliated with GTV."

Mr. Kwok and Ms. Wang deny these allegations and have pleaded not guilty to the securities fraud charges.

> Adapted from the charges of the Honorable Ronnie Abrams in *United States v. Galanis et al.*, No. 16 Cr. 371 (RA) (June 27, 2018); *see also* 3 Modern Federal Jury Instructions-Criminal P 57.03 (2023); *United States v. O'Hagan*, 521 U.S. 642, 658 (1997); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 195 (1976); 15 U.S.C. § 78j(b); *see also* S. Rep. No. 792, 73d Cong., 2d Sess., 1-5 (1934).

26

**REQUEST NO. 10**

**Counts Six, Eight, and Ten—Elements of the Securities Fraud Offenses**

Counts Six, Eight, and Ten allege securities fraud in violation of Section 10(b) of the Securities Exchange Act.  As I have explained, Count Four alleges a conspiracy to commit a violation of this same securities-fraud law.  I will explain the elements of its conspiracy charge later, but I am referencing it here because the elements of securities fraud are also relevant to the securities-fraud conspiracy count.

To prove these allegations, the Government must prove each of the following three elements beyond a reasonable doubt, with respect to each of the three securities fraud counts relating to GTV, the Farm Loans Program and G|CLUBS, respectively:

*First*, that in connection with the purchase or sale of shares in GTV, G|Fashion, or some other purported security, the defendant you are considering did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

*Second*, that the defendant acted knowingly, willfully, and with the intent to defraud; and

*Third*, that, in furtherance of the fraudulent conduct, the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce, or the mails, or any facility of any national securities exchange.

I will discuss each of these elements in greater detail now.

27

Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); Sand, *Modern Federal Jury Instructions*, Instr. 57-20; *see also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (noting that scienter for securities fraud is "intent to deceive, manipulate or defraud" and does not require an intent to harm); *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979).

## REQUEST NO. 11

### Counts Six, Eight, and Ten—Securities Fraud: First Element—Fraudulent Act

For the securities fraud counts, the first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security, the defendant you are considering did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the Government to prove that the scheme involved all three types of unlawful conduct. Any one will be sufficient to satisfy this element of the offense. You must, however, be unanimous as to which type of unlawful conduct, if any, occurred.

I have already instructed you on what constitutes a device, scheme, or artifice to defraud, and what constitutes false and misleading statements, and you should apply those same instructions here.

In addition, there are several additional considerations you should be aware of about these terms in the securities fraud context.

Under the securities laws, a scheme or artifice to defraud requires that the government prove the defendant engaged fraudulent conduct that went beyond the use of material misstatements and omissions. Material misstatements and omissions can be part of a fraudulent scheme, but they are not sufficient, standing alone, to establish a device, scheme, or artifice to

29

defraud. To find a defendant made an untrue statement of material fact, you must find that defendant personally made a materially false statement to investors, or was the person with ultimate authority over a false statement, including its content and how to communicate it. It not sufficient for the government to prove that the defendant may have been involved--even significantly involved--in the preparation of a document that may have contained a materially false statement. Put another way, involvement alone is not enough to be the one who "made" a statement.

As with a scheme or artifice to defraud, an act, practice, or course of business that operated as a fraud requires more than material misstatements or omissions. In addition, you must find that the defendant you are considering took one or more additional steps in connection with the purchase or sale of security to deceive or defraud investors in the offering. [13]

It is not necessary for the Government to prove that the scheme involved all three types of unlawful conduct. Any one will be sufficient to satisfy this element of the offense. You must, however, be unanimous as to which type of unlawful conduct, if any, occurred.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); the Honorable Ronnie Abrams in *United States v. Galantis* et al., No. 16 Cr. 371 (RA) (June 27, 2018); and the Honorable Paul G. Gardephe in *United States v. Tuzman*, No. 15 Cr. 536 (Dec. 22, 2017); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 57-21.

---

[13] Additions in these paragraphs based on Charge of the Hon. Katherine B. Forrest, *SEC v. Tourre*, 2013 WL 5823080 (S.D.N.Y. 2013) and *SEC v. Rio Tinto plc*, 41 F.4th 47, 54 (2d Cir. 2022).

## REQUEST NO. 12

### Counts Six, Eight, and Ten—Securities Fraud: First Element—Materiality

In addition to proving the existence of a misrepresentation, the Government must also prove, beyond a reasonable doubt, that the misrepresentation was material. I have already instructed you as to what constitutes a "material" misstatement or promise in the wire fraud instructions. The definition of materiality in the context of secuirites fraud is close, but not quite the same, as in wire fraud. For purposes of secuirites fraud, a material misrepresentation is one that would have had actual significance in the deliberations of a reasonable investor when that investor was making their investment decision. A misrepresentation is not material simply because it may have been "important" to an investor.[14] However, a misstatement need not determine any particular outcome in order to be material.[15] Further, I instruct you that you may not assess materiality from the perspective of hindsight.[16] Additionally, expressions of corporate optimism and puffery are not material.[17]

---

[14] *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 185 (2d Cir. 2014) ("while importance is undoubtedly a necessary element of materiality, importance and materiality are not synonymous."); *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000)("it is not sufficient to allege that the investor might have considered the misrepresentation or omission important.")

[15] *Petrossi* Jury Charge Excerpt at 1131:20-21.

[16] *Shapiro* at 2648:24-2649:14.

[17] *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 245 (2d Cir. 2016).

31

## REQUEST NO. 13

### Counts Six, Eight, and Ten—Securities Fraud: First Element— Puffery and Forward-Looking Statements

In considering whether any given statement that the government alleges was false or misleading, you must distinguish between statements of fact and forward-looking statements.

Predictions, projections and other forward-looking statements, even if ultimately proven incorrect, are generally not statements of fact, but instead forecasts about what may or may not occur in the future.

Similarly, transparently aspirational statements, as well as vague statements of optimism or general puffery are not material unless the statements provide a concrete description of the past and present that affirmatively creates a misleading impression of a state of affairs that differed in a material way from the one that actually existed."[18]

Predictions, projections and other forward-looking statements may, however, be considered material if, at the time the forward-looking statements were made, (1) the defendant did not actually believe the statements, (2) there was no reasonable basis for the defendant to believe the statements, or (3) the defendant was aware of undisclosed facts tending to seriously undermine the accuracy of the statements.

---

[18] *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 700 (9th Cir. 2021); *c.f Novak v. Kasaks*, 216 F.3d 300, 315 (2d Cir. 2000) (finding statements as non-puffery when defendants told investors the inventory situation was "in good shape" or "under control" while they knew the contrary was true).

32

## REQUEST NO. 14

### Counts Six, Eight, and Ten—Securities Fraud: First Element—Fraudulent Act—Definition of a "Security"

There are two additional components that the Government must prove beyond a reasonable doubt in order to establish the first element of securities fraud. They are that the alleged transactions at issue—here with respect to GTV, the Farm Loans and GCLUBS—were transactions "in connection with" the purchase or sale of a "security." In this instruction, I will define for you what constiatutes a "security," a purchase and a sale, and in the next instruction, I will address the separate "in connection with" requirement.

Whether a particular transaction is a securities transaction turns on whether the thing purchased or sold is an investment contract. An investment contract means a contract or transaction that has three characteristics, all of which the government must prove beyond a reasonable doubt: (1) the investment of money by an investor, (2) in a common enterprise, (3) with the expectation that profits will be derived by that investor solely from the efforts of a promoter or third party who is not the investor.[19]

Thus, in order to determine whether the government has established that a transaction constituted a securities transaction, the government must prove beyond a reasonable doubt that a reasonable purchaser's motivation for participating in the transaction would have been solely to secure a profit or financial return.[20] Typically, profits come from either capital appreciation

---

[19] Adapted from *Howey*

[20] Adapted from *SEC v. Life Partners, Inc.*, 87 F. 3d 536, 547 (D.C. Cir. 1996); *Howey*, 328 U.S. at 300.

through the development of the initial investment or from participation in the earnings made by the joint enterprise. By contrast, when the purchase is motivated by a desire to use or consume the item purchased, even in part, it is not a security for purposes of this count.[21]

In addition, the law presumes that an instrument called a note is a security. However, that presumption can be rebutted, because not all notes are securities. Whether a note qualifies as a security for purposes of federal law depends on the context in which it was issued. The securities laws apply only to notes or debt instruments that are part of or were issued in connection with an investment. Consumer notes – such as the note you signed if you took out a loan when you bought your car – or notes that are issued in the ordinary course of an ongoing business to the person who supplies you with the goods you need to carry out your businness—those are not securities. Only notes that are issued in connection with investments are securities.[22]

A "sale" is every contract of sale or disposition of a security or security-based swap agreement, or interest in a security or security-based swap agreement, for value. A "purchase" means to buy.[23]

---

[21] Adapted from *Forman*, 421 U.S. at 852-53.

[22] Adapted from the charge of the Hon. Colleen McMahon in *United States v. Carton*, 17 Cr. 680 (CM), Tr. 943-44; see also 15 U.S.C. § 78c(a)(10).

[23] *See* Charge of the Hon. Katherine B. Forrest in *SEC v. Tourre*.

## REQUEST NO. 15

**Counts Six, Eight, and Ten—Securities Fraud: First Element—Fraudulent Act— In Connection With**

To establish that the Government has proven the first element of securities fraud beyond a reasonable doubt, you must find that the defendant you are considering agreed to participate in fraudulent conduct that was "in connection with" the purchase or sale of a security. The term "security" includes any stock, any option or privilege on any stock, and any right to purchase any stock.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of purported securities. It is not necessary that any actual securities be sold or delivered, so long as purported securities were offered as an inducement to transact.

You need not find that the defendant you are considering actually participated in any specific purchase or sale of a purported security if you find that the defendant participated, or agreed to participate, in the fraudulent conduct that was "in connection with" a "purchase or sale" of purported securities. It is not necessary for you to find that the defendant was or would be the actual seller of the purported securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities.

As for the second additional requirement—that the alleged fraudulent conduct was "in connection with" the purchase or sale of securities—you must find beyond a reasonable doubt that there was the allegedly fraudulent conductconincides with the sale or purchase of securities. To

35

establish the specific required link, the government must prove both that the deceptive conduct coincided with particular securities sales, and that the deceptive conduct was material to the investors' decision to buy particular securities. Thus, this element is not met simply because an alleged fraud happens to involve securities; it requires something more.[24] If the alleged deceptive conduct and the purchases or sales of securities were independent events, or if the alleged deceptive conduct did not make a significant difference to someone's decision to purchase or sell particular securities, then the "in connection with" requirement is not satisfied.[25]

Further, in order to find that the "in connection with" requirement has been established, you must find beyond a reasonable doubt that the defendant's false statements or other deceptive conduct concerned the value, nature, or investment characteristics of the securities that the counterparty sold.[26] This requires a specific type of connection or nexus between the alleged

---

[24] *See Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, No. 96-cv-2549, 1997 WL 97837, at *6 (S.D.N.Y. Mar. 6, 1997) (dismissing claim brought by securities clearing broker against bank, where the broker alleged that the bank had misrepresented that funds were available to purchase the securities at issue); *see also Chem. Bank*, 726 F.2d at 943 (dismissing claim where securities were pledged as collateral in the transaction in which fraud was alleged to have occurred). Rather, the government must specifically demonstrate that the alleged fraud was connected to the purchase, sale, or offer of securities. *Id.*; *see also Manufacturers Hanover Tr. Co. v. Smith Barney, Harris Upham & Co. Inc.*, 770 F. Supp. 176, 181 (S.D.N.Y. 1991) ("something more than a 'de minimis' relationship between the fraudulent scheme and the purchase or sale of securities is required").

[25] *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006) (holding that the in-connection-with requirement is satisfied by proof that the alleged fraud "coincide[d] with a securities transaction[]"); *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387 (2014) (reaffirming Dabit and adding a requirement that the misrepresentation must be "material to a decision by one or more individuals . . . to buy or to sell[,]" or must "make[] a significant difference to someone's decision to purchase or to sell").

[26] *See, e.g., Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 96 (2d Cir. 2018) ("A claim fails where the plaintiff alleges does 'not allege that [a defendant] misled him concerning the value of the securities he sold or the consideration he received in return,'" and plaintiff "received exactly what

conduct and the particular securities sale. If the defendant's alleged misrepresentations did not concern the value, nature, or investment characteristics of the securities, then this element is not satisfied.[27] In addition, alleged misrepresentations that occurred after a securities sale cannot have "coincided with" such purchase or sale,[28] and therefore cannot have been material to such sale.

The Government need not prove that the defendant you are considering agreed to personally make a misrepresentation or omit a material fact. It is sufficient if the Government

---

it expected" in disputed securities transactions) (alteration in original) (quoting *Saxe v. E.F. Hutton & Co.*, 789 F.2d 105, 108 (2d Cir. 1986); *Taylor v. Westor Cap. Grp.*, 943 F. Supp. 2d 397, 403 (S.D.N.Y. 2013) ("[C]ourts have drawn a line separating fraud claims that impact the fundamental valuation of the securities at issue, and the operation of securities markets, as distinguished from those that do not."); *Manufacturers Hanover Tr. Co. v. Smith Barney, Harris Upham & Co. Inc.*, 770 F. Supp. 176, 181 (S.D.N.Y. 1991) ("Misrepresentations or omissions involved in a securities transaction but not pertaining to the securities themselves cannot form the basis of a violation of Section 10(b) or Rule 10b–5."); *Prod. Res. Grp., L.L.C. v. Stonebridge Partners Equity Fund, L.P.*, 6 F. Supp. 2d 236, 240 (S.D.N.Y. 1998) (misrepresentations are not made "in connection with the purchase or sale of securities [when they do] not pertain to the value, nature or investment characteristics of the securities in issue"); *Abrash v. Fox*, 805 F. Supp. 206, 208 (S.D.N.Y. 1992) ("[E]ven when there is a clear causal connection between the misrepresentations and the investment decision, there is no securities law violation unless the misrepresentations or omissions involved in a securities transaction pertain to the securities themselves."); *Crummere v. Smith Barney, Harris Upham & Co.*, 624 F. Supp. 751, 755 (S.D.N.Y. 1985) ("The Second Circuit court has stated that the misrepresentation must relate to the securities alleged to satisfy the purchase and sale requirement, and not just to the transaction in its entirety.").

[27] *See, e.g., Chem. Bank*, 726 F.2d at 943 ("in connection with" requirement not satisfied where bank was defrauded into making lending decisions based upon misrepresentations relating to certain stock pledged as collateral for a loan); *Levitin v. PaineWebber, Inc.*, 933 F. Supp. 325, 329 (S.D.N.Y. 1996), *aff'd*, 159 F.3d 698 (2d Cir. 1998) (dismissing securities fraud claim based on the defendant's nondisclosure of interest earned on collateral posted to cover short sale because the nondisclosure related only "to the terms of the relationship between the broker and the customer"); *Bissell*, 937 F. Supp. at 243-44 (same); *Alex, Brown*, 1997 WL 97837 at *6 ("in connection with" prong not met where the misrepresentations pertained to the status of an investor's "credit and the availability of funds in his account").

[28] *See Plumbers & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 104 (2d Cir. 2021) (holding that plaintiff cannot maintain securities fraud claim based exclusively on statements made after final purchase of securities).

establishes that the defendant intended to cause the statement to be made or the fact to be omitted.

You need not find that the defendant you are considering actually participated in any specific purchase or sale of a purported security if you find that the defendant participated, or agreed to participate, in the fraudulent conduct that was "in connection with" a "purchase or sale" of purported securities.[29]

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); and the Honorable Paul G. Gardephe in *United States v. Tuzman*, No. 15 Cr. 536 (Dec. 22, 2017); *see also* 15 U.S.C. § 78c(a)(10) ("The term 'security' means any . . . stock [and] any put, call, straddle, option, or privilege on any security . . .[and] any . . . warrant or right to subscribe to or purchase, any of the foregoing."); *SEC v. Lauer*, 52 F.3d 667, 670 (7th Cir. 1995) (Posner, J.) ("[I]t is the representations made by the promoters, not their actual conduct, that determine whether an interest is an investment contract (or other security)."); *In re J.P. Jeanneret Assocs., Inc.*, 769 F. Supp. 2d 340, 362 (S.D.N.Y. 2011) (surveying cases to conclude that the connection requirement is satisfied "where the [victims] part with money intending that it be invested in securities, only to have the person to whom that money is entrusted steal it"); *Pail v. Precise Imports Corp.*, No. 99 Cv. 1624 (DLC), Fed. Sec. L. Rep. P 90,642, 1999 WL 681384, at *3-4 (S.D.N.Y. Aug. 31, 1999) (promise of future stock is sufficient connection to purchase or sale of securities).

---

[29] The Government has proposed to include this language earlier in the instruction.

**REQUEST NO. 16**

**Counts Six, Eight, and Ten—Securities Fraud: Second Element—
Knowledge, Intent, and Willfulness**

The second element of securities fraud that the Government must establish is that the defendant acted knowingly, willfully, and with intent to defraud.

I have already defined these terms for you in connection with the wire fraud charges and will not re-define them at length here. Briefly though:

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act voluntarily and with a wrongful purpose.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to manipulate or deceive.

As I explained in my wire fraud instructions, direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense

39

means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.

As I have previously explained, circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be .

In order for you to find the defendant you are considering guilty of securities fraud, the Government need prove that the defendant acted with an intent only to deceive, manipulate, or defraud. The Government need not show that the defendant acted with an intent to cause harm.

Because an essential element of the crime charged is intent to deceive or intent to manipulate, good faith on the part of the defendant you are considering is a complete defense to the charge of securities fraud. That is, the law is not violated if the defendant held an honest belief that his actions were proper and not in furtherance of any unlawful scheme. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. Because as with wire fraud, since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. A defendant, however, has no burden to establish a defense of good faith. It remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to deceive or manipulate. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so

40

that no investors would lose any money does *not* necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against the defendants, the Government must establish beyond a reasonable doubt that the defendant you are considering knew that his or her conduct was calculated to deceive and that he or she nevertheless associated himself or herself with the alleged fraudulent scheme.[30]

Even false representations or statements of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may have turned out to be.[31]

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), and the Honorable Jed S. Rakoff in *United States v. Petit*, No. 19 Cr. 850; Sand, *Modern Federal Jury Instructions*, Instr. 57-16; *see also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm").

---

[30] The defendants propose to delete some of the Government's proposed language in this instruction and note, "Deleted sections are redundant of the wire fraud charges and the standard instructions on direct and circumstantial evidence."

[31] Sand, Instruction 57-24.

41

## REQUEST NO. 17

### Counts Six, Eight, and Ten—Securities Fraud: Third Element—
### Instrumentality of Interstate Commerce

The third and final element of the Section 10(b) counts that the Government must prove beyond a reasonable doubt is that the defendant you are considering knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce, such as interstate wires, in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove that both the mails and an instrumentality of interstate commerce were used in furtherance of the fraudulent scheme. Either one of the above—either the mails *or* an instrumentality of interstate commerce—is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct alleged that he knew or could reasonably foresee would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied then you may find that he caused the mails or interstate commerce to be used.[32]

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

---

[32] Sand. Instr. 57-25.

42

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of the a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.[33]

The use of the term "mails" is self-explanatory, and includes the U.S. Mail and Federal Express. Examples of instrumentalities of interstate commerce include telephone calls, emails, videos transmitted over wire, or text messages.

This concludes what the government must prove beyond a reasonable doubt for a securities fraud charge. Now, I will discuss the money laudering charge.

> Adapted from the charge of the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869, and the Honorable Ronnie Abrams in *United States v. Hild*, 19 Cr. 602, and Sand, *Modern Federal Jury Instructions*, Instrs. 57-20, 57-25. *See also United States v. Giordano*, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

---

[33] The defendants note that they propose to delete sections of this instruction as redundant with the above.

**REQUEST NO. 18**

**Count Twelve—Money Laundering: Unlawful Monetary Transaction**

Count Twelve charges Mr. Kwok and Ms. Wang with engaging in a monetary transaction over $10,000 in property derived from specified unlawful activity—here, a transaction of approximately $100 million from Saraca to a private investment fund—in violation of Title 18, United States Code, Section 1957. The elements of this offense are as follows: In order to prove the crime of engaging in monetary transactions in property derived from specified unlawful activity in violation of section 1957, the government must establish beyond a reasonable doubt each of the following elements:

*First*, that the defendant engaged (or attempted to engage) in a monetary transaction in or affecting interstate commerce.

*Second*, that the monetary transaction involved criminally derived property of a value greater than $10,000.

*Third*, that the property was derived from specified unlawful activity.

*Fourth*, that the defendant acted knowing that the transaction involved proceeds of a criminal offense knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense.

*Fifth*, that the transaction took place in the United States (or the defendant is a United States person, as I will define that term for you).

If you find beyond a reasonable doubt that the defendant agreed with at least one other person to engage in monetary transactions over $10,000 in property derived from specified unlawful activity, then the second object of Count Twelve would be proved. However, if you find

44

that the Government has not met its burden to prove that the defendant agreed with at least one other person to engage in monetary transactions over $10,000 in property derived from specified unlawful activity, then the object would not be proved.

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 886); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 50A-26.

**REQUEST NO. 19**

**Count Twelve—Money Laundering: Unlawful Monetary Transaction—First Element**

The first element that the government must prove beyond a reasonable doubt is that the defendant was a United States person or in the United States and agreed to engage in a monetary transaction with a value greater than $10,000.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that, had the object of the conspiracy been completed, the transaction affected interstate commerce in some way, however minimal. As I explained earlier, the effect on interstate commerce can be established in several ways, including but not limited to that the source of the funds used in the transaction affected interstate commerce, or that the transaction itself involved an interstate transfer of funds.

The amount or value of the "financial transaction" must be greater than $10,000.

> Adapted from the jury charges of the Honorable Loretta A. Preska in *United States v. Adelekan*, 19 Cr. 291 (LAP) (Oct. 26, 2021) and from Sand, *Modern Federal Jury Instructions*, Instr. 50A-27. There is no need to treat an effect on interstate commerce as a separate element because proof of an effect on interstate commerce is required by the definition of the term "monetary transaction." *See* Sand, *Modern Federal Jury Instructions*, Instr. 50A-26, Cmt.

46

## REQUEST NO. 20

**Count Twelve—Money Laundering: Unlawful Monetary Transaction—Second Element**

The second element of this offense that the government must prove beyond a reasonable doubt is that the monetary transactions involved criminally derived property having a value in excess of $10,000 the defendant knew the property involved in the transaction was criminally derived property.

"Criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. I instruct you as a matter of law that wire fraud and securities fraud are both criminal offenses and specified unlawful activity.

The Government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the Government must prove that more than $10,000 of the property involved was criminally derived property.

The Government must prove beyond a reasonable doubt that the defendant knew the transaction involved the proceeds of a criminal offense. However, the Government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.

Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 50A-28, 50A-30; adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 887-88).

**REQUEST NO. 21**

**Count Twelve—Money Laundering: Unlawful Monetary Transaction—Third and Fourth Elements**

The third and fourth elements of this object offense that the government must be proved beyond a reasonable doubt is are that the property derived from specified unlawful activity and that the defendant acted knowing that the transaction involved proceeds of a criminal offense involved in the transaction was actually derived from specified unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.

Here, the government allegs that the specified unlawful activity is the wire fraud scheme and/or the securities fraud scheme regarding the GTV Private Placement charged in Counts Five and Six.

The term "specified unlawful activity" was defined previously, and that definition applies equally to this object of the conspiracy charged in Count Twelve.

I instruct you that the Government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.  However, the Government must prove beyond a reasonable doubt that the defendants knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the Government has established, beyond a reasonable doubt, that the defendants knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

Adapted from the jury charges of the Honorable J. Paul Oetken in *United States v. Mizrahi*, No. 22 Cr. 650; the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 888-89); and Sand, *Modern Federal Jury Instructions*, Instr. 50A-29.

## REQUEST NO. 22

**Count Twelve—Money Laundering: Unlawful Monetary Transaction—Fifth Element**

The fifth element of this object is that the agreed upon transaction took place in the United States.

Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 889); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-31.

## REQUEST NO. 23

### Counts Five through Twelve—Willful Causation

With respect to all of the substantive counts, that is, Counts Five through Twelve, the first theory on which a defendant can be guilty of the substantive offenses is by committing them directly. I just provided those instructions to you. There are also two theories on which a defendant can be guilty of the substantive offense indirectly—by willfully causing another to commit the offense or by aiding and abetting the commission of the offense. I will explain those concepts A defendant can be guilty of the substantive crimes charged in those counts as a principal when he possessed the requisite criminal intent and willfully caused someone else to engage in actions necessary to commit the crimes. So, I am now going to take a minute to discuss what it means guilty as a principal through willful causation in the context of this case.

In this case, the government does not contend that the defendant actually committed the crime charged in the indictment. Instead, it contends that the defendant caused another person to physically commit the crime.

It is the law of the United States "that Section 2(b) of the aiding and abetting statute reads as follows: "Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal."

What does the term "willfully caused" mean? It does not mean that the defendant must himself need have physically have committed the crime or supervised or participated in the actual criminal conduct charged. Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty as a principal. Accordingly, one who intentionally causes someone else to make false or fraudulent statements or

51

representations is guilty as a principal if the Government proves that the person who causes the making of that false or fraudulent representation, or who causes the fraudulent misappropriation, acted knowingly, willfully, defraud and satisfies the other elements of the substantive fraud counts that I have described to you. Similarly, if a defendant intentionally causes someone else to take a step in furtherance of the scheme to defraud, for example, by transmitting money or any other step you deem to be part of the scheme, if the Government proves that the person who causes the step in furtherance of the scheme acted knowingly, willfully, and with the specific intent to defraud and satisfies the other elements of the substantive fraud counts that I have described to you. This is so even if the individual that was caused to make the false statement, or undertake a step in furtherance of the scheme, had no criminal intent.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant [*describe mental state required for principal offense,* e.g., know that drugs were being imported into the United States; intend that [the victim] be murdered, etc.]?

Did the defendant intentionally cause another person to [describe requisite act]?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if he himself had actually committed it.

NOTE: The defendants reserve the right to argue that there is not an appropriate factual predicate for this charge.

Adapted from the charges of the Honorable Lewis A. Kaplan in
*United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2,

52

2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

## REQUEST NO. 24

### Counts Five through Twelve—Aiding and Abetting

Now, in addition to charging the defendants with the substantive counts of wire fraud, securities fraud, and illegal monetary transaction, all eight of these counts also charge the defendants with what is called aiding and abetting.

Aiding and abetting a crime is one manner of committing that crime. The defendant you are considering can be convicted of committing a crime if he helps someone else to commit the crime. For example, if the Government proves the defendant you are considering committed wire fraud alleged in, just as an example, Count Five, then you need not consider aiding and abetting with respect to that count. If, however, you find that the Government did not prove beyond a reasonable doubt that the defendant you are considering engaged in wire fraud, to continue using Count Five as an example, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that the defendant aided and abetted someone else in the commission of aggravated identity theft as alleged in that count.

The concept of aiding and abetting is alleged in all substantive counts, that is Counts Five through Twelve.

Each of Counts 5 through 12 also contain an allegation of "aiding and abetting." Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. A person who aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it. You may thus find the defendant you are considering guilty if you find beyond a

reasonable doubt that the Government has proven that someone committed the substantive offense, and that the defendant aided and abetted that person in the commission of the offense.

The first requirement of aiding and abetting liability that the government must prove beyond a reasonable doubt is that somebody else has committed the crime at issue. The defendant cannot be convicted of aiding and abetting if nobody committed the underlying crime. But if you do find that the underlying crime at issue was committed by someone other than the defendant, you should consider whether the defendant aided or abetted the person who actually committed the crime.

To aid and abet another to commit a crime, the defendant must have beyond a reasonable doubt willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of the defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor. The defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must have his own affirmative interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did someone other than the defendant commit the crime at issue? If no, please go on to the next count.

Did the defendant <mark>knowingly and willfully</mark> participate in the crime charged as something that he wished to bring about?

Did the defendant knowingly and willfully associate himself with the the crime committed by other people?

Did he seek by his actions to make their criminal venture succeed? If so, the defendant is an aider and abettor, and therefore he is guilty of the offense under consideration. If not, then he is not an aider and abettor, and he is not guilty of the offense under consideration.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 11-2, and jury charges given by the Honorable Sidney H. Stein in *United States v. Duncan*, 18 Cr. 289 (SHS) (S.D.N.Y. May 6, 2019); and the Honorable Colleen McMahon in *United States v. Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. October 31, 2011).

56

## REQUEST NO. 25

### Count Two: Conspiracy to Commit Wire Fraud and Bank Fraud—Generally

Now that I have explained the Indictment's substantive counts, I am going to explain its conspiracy counts. Here, the conspiracy offenses charged are: in Count One, a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act; in Count Two, a conspiracy to commit wire fraud and bank fraud; in Count Three, a conspiracy to commit money laundering; and in Count Four, a conspiracy to commit securities fraud and to provide false statements to financial institutions. Because it will be easier to explain, I am going to go through the conspiracy counts out of order. Let's start with Count Two, which charges both Mr. Kwok and Ms. Wang with conspiracy to commit wire fraud and bank fraud.

As I have said, a conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

In order to satisfy its burden of proof with respect to the allegation of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

*First*, that the conspiracy charged in Count Two of the Indictment existed; that is, that there was an agreement or understanding between two or more people to commit wire fraud and bank fraud, as charged in the Indictment; and

*Second*, that the defendant you are considering knowingly <mark>and willfully[34]</mark> became a member of the alleged conspiracy.

I'll explain more about these elements, and about the objects of the conspiracy, next.

> Adapted from the jury charges given by the Honorable Valerie E. Caproni in *United States v. Christopher Campos*, 16 Cr. 396 (VEC) (June 22, 2017) and the Honorable John F. Keenan in *United States v. Rasheen Jordan*, 03 CR 399 (JFK) (2004), and from Sand, *Modern Federal Jury Instructions*, Instr. 19-3; *see also United States v. Svoboda*, 347 F.3d 471, 476-77 (2d Cir. 2003) (discussing three elements of conspiracy).

---

[34] <mark>Sand, Instr. 19-01.</mark>

## REQUEST NO. 26

### Count Two: Conspiracy to Commit Wire Fraud and Bank Fraud—First Element— Existence of the Conspiracy

The first element you must find beyond a reasonable doubt is that the wire fraud and bank fraud conspiracy charged in Count Two of the Indictment existed.

In order to show that a conspiracy existed, the evidence must show that two or more people, including the relevant defendant, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan. If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

To satisfy the first element of Count Two—namely, to show that the conspiracy existed— the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement but only that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful objective, whether or not they were successful.[35]

---

[35] Sand, Instr. 19-3S. The defendants propose to delete the Government's preceding language, noting: "The deleted language is argumentive. The added language is directly from Sand."

59

When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. In addition, in determining whether such an agreement existed, you may consider direct as well as circumstantial evidence. The old adage, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken together and considered as a whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof. On this question, you should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

It is sufficient to establish the existence of the conspiracy, as I've already said, if you find beyond a reasonable doubt, from proof of all the relevant facts and circumstances, that the minds of at least two alleged co-conspirators met to accomplish, by the means alleged, the object of the conspiracy.

So, you must first determine whether the evidence proves beyond a reasonable doubt the existence of the conspiracy charged in Count Two.

The objects of a conspiracy are the illegal purposes the co-conspirators agree or hope to achieve. The objects of the conspiracy charged in Count Two are wire fraud and bank fraud.

It is not necessary for the Government to prove that the defendant you are considering conspired to commit both objects of the conspiracy. You must, however, be unanimous as to which object or objects of the conspiracy, if any, you find was proven.

> Adapted from jury charges given by the Hon. Valerie E. Caproni in *United States v. Campos*, 16 Cr. 395 (VEC) (S.D.N.Y. 2017); the Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); the Hon. Denise Cote in *United States v. Enrique*, 04 Cr. 431 (S.D.N.Y. 2004) and Sand, *Modern Federal Jury Instructions*, Instr. 19-4; *see also Griffin v. United States*, 502 U.S. 46 (1991) (upholding verdict on a multiple-object conspiracy charge where evidence was inadequate to support conviction as to one of the objects but not the other); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes."); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.").

**REQUEST NO. 27**

**Count Two: Conspiracy to Commit Wire Fraud and Bank Fraud—Second Element—Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Two existed, then you must next determine the second question, which is whether the defendant knowingly, wilfully, [36] and intentionally became a member of that conspiracy, that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose or purposes and with the specific intention of furthering its unlawful objective or objectives.

"Unlawful" simply means contrary to law; a defendant need not have known that he or she was breaking any particular law, but the defendant must have been aware of the generally unlawful nature of his or her acts.

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment. [37] This also is true in the inverse, if you find that the defendant did not have a financial interest in the outcome of the scheme, you may properly consider this as a factor in determining whether or not defendant was a member of the conspiracy.

---

[36] Sand.

[37] Sand, Instr. 19-6.

As I mentioned a moment ago, before the defendant you are considering can be found to have been a conspirator, you must first find beyond a reasonable doubt that he or she knowingly joined the unlawful agreement or plan. The key question, therefore, is whether the defendant you are considering joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement. A defendant's knowledge is a matter of inference from facts proved. It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his or her part.

To have guilty knowledge, a defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary that a defendant knew every other member of the conspiracy. Moreover, the defendant you are considering need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant you are considering need not have joined in all of the conspiracy's unlawful objectives. Nor is it necessary that a defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome, so long as he or she in fact joined in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress. A defendant is responsible for everything that was reasonably foreseeable and that was done while it was in existence and while he or she was a member. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play

minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime or his or her association or communications with others involved in the alleged crime does not, by itself, make him or her a member of the conspiracy.[38] Similarly, a person may know, assemble with, associate with, or be friendly with, one or more members of a conspiracy, without being a conspirator himself. Mere similarity of conduct or the fact that the defendant may have discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy or the defendant's membership in the conspiracy. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member of the conspiracy. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the illegal purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may, but are not required to, take into account any acts or statements made by the defendant's co-conspirators, which were made during, in the course of and in furtherance of the conspiracy, even though such acts or statements were not made in the presence of the defendant

---

[38] Sand, Instr. § 19-6.

or were made without his or her knowledge. However, it is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his or her own acts or statements.[39] Acts or statements made in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So too, once a person is found to be a member of a conspiracy, he or she is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from the conspiracy.

In sum, you must find beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking. He or she thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

> Adapted from jury charges given by the Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009) and the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008), and Sand, *Modern Federal Jury Instructions*, Instrs. 19-6, 3A-1, 3A-3; *see also United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which government may show participation in conspiracy with required state of mind); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not

---

[39] Sand, Instr. § 19-6.

have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy).

**REQUEST NO. 28**

**Count Two: Conspiracy to Commit Wire Fraud and Bank Fraud Conspiracy—Objects**

There are two alleged objects of the conspiracy charged in Count Two: wire fraud and bank fraud. Remember, the objects of a conspiracy are the illegal goals that the conspirators agree on.

I have already described the elements of wire fraud during my discussion of Counts Five, Seven, Nine, and Eleven, and you should apply those same instructions here to the wire fraud object of the conspiracy charged in Count Two

I will describe now the elements of bank fraud that the government must prove beyond a reasonable doubt. Bank fraud has the following three elements.

*First*, that there was a scheme to defraud a bank or there was a scheme to obtain money owned by or under the custody or control of a bank by means of false or fraudulent pretenses, representations, or promises;

*Second*, that the defendant executed or attempted to execute the scheme with intent to defraud the bank or to obtain money or funds owned by or under the custody or control of a bank; and

*Third*, that at the time of the execution of the scheme, the bank involved had its deposits federally insured.

Now, I will explain each of the three elements of bank fraud in more detail.

The first element of bank fraud that the government must prove beyond a reasonable doubt is that there was a scheme to defraud a bank or a scheme to obtain money owned by or under the custody or control of a bank, by means of false or fraudulent pretenses, representations, or promises. This element requires proof of the existence of only one of these. That is, either that

67

there existed a scheme to defraud a bank <u>or</u> a scheme to obtain property under the custody or control of a bank by means of fraudulent pretenses, representations, or promises. However, the jury must be unanimous on which theory was proved beyond a reasonable doubt.

In order to prove the first theory of bank fraud—that there was a scheme to defraud a bank—the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing money or property.

I have already instructed you on the defitinion of "scheme to defraud" and you should apply those instructions here.

As with wire fraud, which I instructed you on earlier, a fraudulent representation must relate to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts.

In order to prove the second theory of bank fraud, the Government must prove beyond a reasonable doubt that there was a scheme to obtain money or property owned by or under the custody or control of a bank or credit union by means of false and fraudulent pretenses, representations or promises.  A representation is fraudulent if it was falsely made with the intent to deceive.  Deceitful statements of half-truth, the concealment of material facts, and the constitute false or fraudulent representations under the statute.  With respect to the second theory of bank

68

fraud, it is not necessary that the false or fraudulent pretenses, representations, or promises were made directly to the bank itself. It is sufficient if they were made to any person, so long as the false or fraudulent pretenses, representations or promises were the mechanism naturally inducing the bank (or custodian of bank property) to part with money in its control. [40] The scheme must be directed at the financial institution to some degree. [41]

As to either theory, the deception need not be premised upon spoken or written words alone. The arrangement of the words, the omission of words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation. It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision. Further, it is not necessary for the Government to prove that the financial institutions actually lost money or were deprived of property as a result of the scheme. It also does not matter whether any of the banks involved might have discovered the fraud had the bank probed further. If you find that a scheme existed, it is irrelevant whether you believe that any of the banks involved was careless, gullible, or even negligent.

The second element of bank fraud that the government must prove beyond a reasonable doubt is about the defendant's intent. There are two ways that this element can be met. The first way this element can be met is if the defendant executed, attempted to execute, or participated in

---

[40] The defendants propose to delete the preceding Government language, noting that "the deleted portions are either duplicative of prior instructions or do not accurately represent the law."

[41] Sand, Instr. 44-10 commentary.

69

the scheme or artifice knowingly, willfully, and with the intent to defraud a bank or credit union. I've already provided you with the definitions of knowingly and willfully and you should apply those same definitions here. To act with a "specific intent to defraud" requires that the defendant intended, at least in part, to deceive one or more banks or credit unions. The defendant need not intend to cause the banks or credit unions any financial loss.

The second way this element can be met is if beyond a reasonable doubt the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the bank. It is not necessary that the defendant intended to defraud a bank. It is also not necessary that the defendant intended to cause harm to the issuing bank or credit union (such as by causing them to lose money), or to anyone else. This element requires that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed. It is not required that the defendant participate in or have knowledge of all the operations of the scheme.

The third element of the crime of bank fraud that the government must prove beyond a reasonable doubt is that at least one of the financial institutions in question was federally insured at the time of the scheme. This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation (or FDIC) during the time frame alleged in the Indictment. The Government need not show that the defendant knew the identity of the particular financial institution or that the defendant knew that the financial institution was federally insured to satisfy this third element.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10, 44-11, 44-12, and the charges of the Hon. Jed S. Rakoff in *United States v. Weigand*, 29 Cr. 188 (Mar. 1, 2021), the Hon. Paul A. Engelmayer in *United States v. Teman*, 19 Cr. 696 (Jan. 21, 2020), and the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019). *See Neder v. United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States v. Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States v. Rodriguez*, 140 F.3d 163, 167 (2d Cir. 1998) ("A misrepresentation is material if it's capable of influencing the bank's actions."); *Loughrin v. United States*, 573 U.S. 351, 363 (2014) ("Section 1344(2)'s 'by means of' language is satisfied when, as here, the defendant's false statement is the mechanism naturally inducing a bank (or custodian of bank property) to part with money in its control.").

## REQUEST NO. 29

### Count Three: Money Laundering Conspiracy—Generally

As I said, Count Three charges the defendant with participating in a conspiracy to commit money laundering offenses.

To prove Count Three, the Government must prove beyond a reasonable doubt the following two elements:

*First*, the existence of the conspiracy charged. In other words, that two or more persons entered into the unlawful agreement to commit money laundering offenses.

*Second*, that the defendant willfully and knowingly became a member of the conspiracy charged in Count Three.

These are the same two basic elements as the charge in Count Two alleging conspiracy to commit wire fraud and bank fraud. Accordingly, except for certain differences I will explain to you in a moment, you should follow the instructions I have previously provided to you about conspiracies in connection with Count Two.

The conspiracy charged in Count Three has a different object or criminal goal than the object of the conspiracy charged in Count Two or the other conspiracy counts I've summarized and will later address in detail. The object of Count Three's conspiracy is money laundering.

> Adapted from the jury charge given by the Honorable Loretta A.
> Preska in *United States v. Adelekan*, No. 19 Cr. 291 (LAP)
> (S.D.N.Y. Oct. 26, 2021).

72

## REQUEST NO. 30

### Count Three: Money Laundering Conspiracy—Objects – Concealment

I will now give you the elements of the objects of the money laundering conspiracy that the government must prove beyond a reasonable doubt charged in Count Three. The primary federal money laundering statute can be violated in several ways. Three such violations are alleged to be the objects of the money laundering conspiracy charged in Count Three. I will explain each in turn.

*First*, it is a violation of the money laundering statute to engage in domestic concealment—that is, to participate in a domestic financial transaction that involves the proceeds of a specified unlawful activity, knowing that the transaction was designed to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity. This type of money laundering is known as "domestic concealment" money laundering.

*Second*, it is a violation of the money laundering statute to engage in international concealment—that is, to participate in a foreign financial transaction that involves the proceeds of a specified unlawful activity, knowing that the transaction was designed to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

In order to find either type of concealment, you must find beyond a reasonable doubt that the defendants' purpose was to evade detection by the United States or other law enforcement authorities, not to evade detection from the Chinese Communist Party or CCP.[42]

---

[42] The Government notes that this proposed language misstates the elements of the money laundering statute, which neither requires that the concealment was for the purpose of evading law enforcement detection, nor mentions the Chinese Communist Party.

*Third*, it is a violation of the money laundering statute to engage in international promotion—that is, to participate in a foreign financial transaction with the intent to promote the carrying on of specified unlawful activity.

Each of these money laundering violations has unique elements, which I will now go over.

Let me now describe the elements of domestic concealment money laundering. There are three elements to concealment money laundering that the government must prove beyond a reasonable doubt:

*First*, that the defendant conducted or attempted to conduct a "financial transaction" involving property constituting the proceeds of specified unlawful activity, specifically, wire fraud and securities fraud.

*Second*, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

*Third*, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

The first element of concealment money laundering that the government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction involving property constituting the proceeds of specified unlawful activity, specifically, wire fraud and securities fraud.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

74

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction that in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments. I instruct you that a federally insured bank constitutes a "financial institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country. In determining whether someone is engaged in, or whether his activities affect, interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "proceeds" means any property derived, directly or indirectly, from some form of unlawful activity, including the gross receipts of such activity. Proceeds can be any kind of property, not just money.

I have already described the meaning of "specified unlawful activity." In this case, the Government has alleged that the funds in question were the proceeds of wire fraud and securities fraud—that is, the conduct alleged in Counts Five through Eleven that I have already described to you. I instruct you that, as a matter of law, wire fraud and securities fraud fall within the definition of "specified unlawful activity." However, it is for you to determine whether the funds here were in fact the proceeds of wire fraud and securities fraud. The Government does not need to prove both of these specified unlawful activities. It is sufficient if you find that the Government has proven beyond a reasonable doubt that the financial transaction involved the proceeds of wire fraud, or that it involved the proceeds of securities fraud. But you must agree unanimously as to which of these specified unlawful activities the Government has proven, and you must agree unanimously that a financial transaction involved the proceeds of that specified unlawful activity. I have previously instructed you on the elements of wire fraud and securities fraud in connection with Counts Five through Eleven.

The second element of domestic concealment money laundering that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity. The defendant must have known that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, to satisfy this element, the Government does not have to prove that the defendant specifically knew that the property involved in the transaction represented the proceeds of wire fraud, securities fraud, or any other specific offense. The Government only has to prove that the defendant knew it

76

represented the proceeds of some illegal activity that was a felony. I instruct you as a matter of law that wire fraud and securities fraud are felonies under federal law.

The third element of domestic concealment money laundering that the government must prove beyond a reasonable doubt concerns the purpose of the transaction. Specifically, the Government must prove beyond a reasonable doubt that the defendant acted with knowledge that the transaction was designed to conceal or disguise the proceeds' nature, location, source, ownership, or control. Thus, if the defendant knew that a transaction was designed, at least in part, either to conceal or disguise the true nature, location, source, ownership or control of the property in question, this element is satisfied. However, if the defendant knew of the transaction, but did not know that it was designed, at least in part, either to conceal or disguise, this element has not been satisfied.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 50A-26, Instr. 50A-7, 50A-8, 50A-9; *United States* v. *Henry*, 325 F.3d 93, 103 (2d Cir. 2003).

## REQUEST NO. 31

**Count Three: Money Laundering Conspiracy—Objects – International Concealment**

I will now describe the elements to international concealment money laundering. There are three elements to concealment money laundering that the government must prove beyond a reasonable doubt:

*First*, that the defendant knowingly transported, transmitted, or transferred a monetary instrument or funds from a place in the United States to or through a place outside the United States *or* to a place in the United States from or through a place outside the United States.

*Second*, that the defendant did so with knowledge that the monetary instrument or funds involved represent the proceeds of some form of unlawful activity;

*Third*, that the defendant knew that the transportation, transmission, or transfer was designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

The first element that the government must prove beyond a reasonable doubt is that the defendant transported, transmitted, or transferred, or attempted to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States).

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and

negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper that can be converted into currency.

"Transport," "transmit," and "transfer" are not words that require a definition; you should give them their ordinary, everyday meaning. The Government need not prove that the defendant physically carried funds or monetary instruments in order to prove that he is responsible for transferring or transporting or transmitting. All that is required is proof that the defendant caused the funds or monetary instrument to be transported or transferred or transmitted by another person or entity.

The second and third elements that the government must prove beyond a reasonable doubt of the crime constituting the second object of the money laundering conspiracy charged in Count Three refer to concepts previously defined with respect to the first object of Count Three, namely the term "some form of unlawful activity" and the concept of concealment of or disguising the location, source, ownership, or control of the proceeds of specified unlawful activity. The same definitions and instructions provided previously apply to these terms as they appear in connection with this second object of Count Three. As I told you before, the Government must prove beyond a reasonable doubt that the defendant knew that the financial transactions at issue involved the proceeds of some form of unlawful activity, but not necessarily which form of unlawful activity.

With respect to concealment, as that concept relates to this second object of the conspiracy charged in Count Three, the Government must prove beyond a reasonable doubt that the defendant transported, transmitted, or transferred the property involved in the transaction

79

with knowledge that the transportation, transfer, or transmission was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the wire fraud and securities fraud offenses. I've already provided you with the definition of wire fraud and securities fraud, and you should apply that same definition here. As I instructed you before, as a matter of law, the term "specified unlawful activity" includes wire fraud and securities fraud.

Proof only that the funds were concealed is not sufficient to satisfy this element. Instead, the government must prove beyond a reasonable doubt that the purpose of the transfer was to conceal or disguise the nature, location, source, ownership, or control of the proceeds and that the defendant knew that this was the purpose of the transfer.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-16-19; *Cuellar v. United States*, 553 U.S. 550, 128 S. Ct. 1994, 170 L. Ed. 2d 942 (2008).

## REQUEST NO. 32

**Count Three: Money Laundering Conspiracy—Objects – International Promotion**

I will now describe the elements of international promotional money laundering that the government must prove beyond a reasonable doubt. There are three elements to international promotional money laundering that the government must prove beyond a reasonable doubt:

*First*, that the defendant conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity, specifically, wire fraud and securities fraud.

*Second*, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

*Third*, that the defendant acted with the intent to promote the carrying on of specified unlawful activity.

I have already described the first and second elements to you, in connection with the first money laundering object (domestic concealment money laundering), and you should apply those same instructions here.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity, specifically, wire fraud and securities fraud.

To act intentionally means to act willfully, not by mistake or accident, with the deliberate purpose of promoting, facilitating or assisting the carrying on of wire fraud and securities fraud. If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of wire fraud and securities fraud, then the third element is satisfied.

81

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-1-5.

## REQUEST NO. 33

**Count Four: Securities Fraud and Bank False Statements Conspiracy—Generally**

Count Four charges both defendants with a conspiracy to commit securities fraud and making false statements to a financial institution. The Indictment alleges that Mr. Kwok and Ms. Wang conspired to commit securities fraud by agreeing "to fraudulently induce investors to participate in the GTV Private Placement, the Farm Loan Program, and G|CLUBS by providing materially false and misleading information and representations in connection with purported shares of GTV common stock and purported companies affiliated with GTV." And the Indictment alleges that Mr. Kwok and Ms. Wang conspired to provide false statements to financial institutions by lying, and causing others to lie, to banks or other financial institutions in connection with applications for bank accounts.

In order to prove the defendants guilty of Count Four, the Government must establish the following three elements beyond a reasonable doubt:

*First*, that the conspiracy charged in Count Four of the Indictment existed; that is, that there was an agreement or understanding between two or more people to commit the crime of (i) securities fraud; or (ii) making false statements to a financial institution, as charged in the Indictment;

*Second*, that the defendant you are considering knowingly became a member of the alleged conspiracy; and

*Third*, that one of the members of the conspiracy—it does not have to be the defendants— knowingly committed at least one overt act for the purpose of furthering some object of the conspiracy.

The first two of those elements—that the conspiracy existed, and that the defendant you are considering knowingly joined it—are the same as the first two elements for the wire fraud and bank fraud conspiracy alleged in Count Two and the money laundering conspiracy alleged in Count Three. Accordingly, except for certain differences I will explain to you in a moment, you should follow the instructions I have previously provided to you about conspiracies in connection with Counts Two and Three.

I will explain the third element—requiring an overt act—next.

> Adapted from charge of the Hon. Jesse M. Furman in *United States v. Dambelly*, 16 Cr. 2 (S.D.N.Y.) and Sand, *Modern Federal Jury Instructions*, Instr. 19-3.

**REQUEST NO. 34**

**Count Four: Securities Fraud and Bank False Statements Conspiracy—Overt Act**

The third element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy charged in Count Four is that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators—not necessarily Mr. Kwok or Ms. Wang themselves.

An overt act is any act that is done to further an object of the conspiracy. An overt act may be a criminal act or the crime that is the object of the conspiracy, but it need not be. It may even be a seemingly innocent act so long as it is a step in carrying out the conspiratorial scheme.

In simple language, the overt act element is a requirement that the agreement went beyond the mere discussion stage. The overt act requirement means that you must find, beyond a reasonble doubt, that one of the conconspirators took some action during the life of the conspiracy to further the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove the overt acts alleged in the Indictment. That is, you might find that overt acts were committed that were not alleged at all in the Indictment. It is sufficient for the Government to show that the defendant, or one of his alleged coconspirators, knowingly committed any overt act in furtherance of the conspiracy during the life of the conspiracy.

You need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

Adapted from charge of the Hon. Jesse M. Furman in *United States v. Dambelly*, 16 Cr. 2 (S.D.N.Y.) and Sand, *Modern Federal Jury Instructions*, Instrs. 19-7, 19-8.

## REQUEST NO. 35

### Count Four: Securities Fraud and False Statements Conspiracy— Object of False Statements to Financial Institutions

The objects of Count Four—the illegal goals of this conspiracy—is to commit securities fraud and to make false statements to financial institutions. You must be unanimous as to which object the defendants allegedly conspired to accomplish.

I have already instructed you on the elements of securities fraud and you should apply those instructions here.

I will now instruct you on the elements of making false statements to a financial institution, in violation of Title 18, United States Code, Section 1014.

The crime of making false statements to financial institutions requires proof beyond a reasonable doubt of the following four elements.

*First*, that the defendant made or caused to be made a false statement or report relating to an application to a bank;

*Second*, that the defendant acted knowingly;

*Third*, that the false statement or report was made for the purpose of influencing in any way the bank's action; and

*Fourth*, that the bank was then insured by the Federal Deposit Insurance Corporation.

Adapted from Sand, 2 Modern Federal Jury Instructions-Criminal, comment to Instr. 37-15.

87

## REQUEST NO. 36

## Count One: Racketeering Conspiracy—Generally

I will now turn to Count One of the Indictment. Count One charges Mr. Kwok and Ms. Wang with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act—also known as the RICO statute.

The relevant part of the RICO statute—Title 18, United States Code, Section 1962(c)—makes it a crime for

> any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

The RICO statute, in essence, makes it a crime for a person to participate in the conduct of an enterprise's affairs through a pattern of violations of law known as "racketeering acts."

The word "racketeering" may have implications in our society. Do not infer anything from it. The use of the term in the applicable statute and here in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of the defendant you are considering has been proven beyond a reasonable doubt. The term is merely a term used by Congress to describe the statute.

> Adapted from the charges of the Honorable Richard J. Sullivan in *United States v. Merlino*, No. 16 Cr. 522 (S.D.N.Y. 2018), and the Honorable Katherine B. Forrest in *United States v. Delligatti*, No. 15 Cr. 491 (S.D.N.Y. 2018); *see also United States v. Applins*, 637 F.3d 59, 75-76 (2d Cir. 2011); *United States v. Basciano*, 599 F.3d 184, 199 (2d Cir. 2010); *United States v. Yannotti*, 541 F.3d 112, 128-29 (2d Cir. 2008); *United States v. Zemlyansky*, 908 F.3d 1, 11 (2d Cir. 2018) ("RICO conspiracy requires proof: (a) of an agreement to join a racketeering scheme, (b) of the defendant's knowing engagement in the scheme with the intent that its overall goals be effectuated, and (c) that the scheme involved, or by

88

agreement between any members of the conspiracy was intended to involve, two or more predicate acts of racketeering.").

**REQUEST NO. 37**

**Count One, Racketeering Conspiracy—Elements**

Count One of the Indictment charges the defendants with participating in a racketeering conspiracy from at least in or about 2018 through in or about March 2023.

In order to meet its burden of proving that the defendant you are considering is guilty of the racketeering conspiracy charged in Count One, the Government must establish beyond a reasonable doubt each of the following elements:

First, that an enterprise was, or would be, established as charged in the indictment.

First, that there was an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity;

Second, that the enterprise was, or would be engaged in, or its activities would affect, interstate or foreign commerce.

Second, that the defendants knowingly and willfully became members of that agreement; and

Third, that the defendant you are considering was, or would be, employed by or associated with the enterprise.

Third, that a defendant or another member of the conspiracy agreed to commit two or more racketeering acts, as I will define that term for you.[43]

---

[43] The defendants note that they believe the three-element formuation in Sand, Instr. 52-28 and *United States v. Laurent*, 33 F.3d 4th 63, 76 (2d Cir. 2022) is clearer and more appropriate.

And fourth, that the defendant you are considering knowingly and intentionally agreed with at least one other person that either the defendant or a coconspirator would participate (or did participate) directly or indirectly in the conduct of the affairs of the charged enterprise.

I will now instruct you on the meaning of the terms "enterprise" and "racketeering activity."

Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Merlino*, No. 16 Cr. 522 (S.D.N.Y. 2018); and the charge of the Honorable Katherine B. Forrest in *United States v. Delligatti*, No. 15 Cr. 491 (S.D.N.Y. 2018); *see also United States v. Applins*, 637 F.3d 59, 75-76 (2d Cir. 2011); *United States v. Basciano*, 599 F.3d 184, 199 (2d Cir. 2010); *United States v. Yannotti*, 541 F.3d 112, 128-29 (2d Cir. 2008); *United States v. Allen*, 155 F.3d 35, 40 (2d. Cir. 1998)

**REQUEST NO. 38**

**Count One: Racketeering Conspiracy – First Element – Enterprise**

I will now instruct you on the law applicable to each of these elements.

The first element the Government must prove beyond a reasonable doubt is that the defendants agreed to establish an enterprise, or that an enterprise was actually established. What is an enterprise? Under the racketeering statute, an enterprise includes any legal entity such as a partnership, corporation, or association, or a group of individuals who are associated in fact, although not a legal entity. The enterprise does not need to have a particular name, or for that matter, have any name at all. Nor need it be registered or licensed as an enterprise. It does not have to be a commonly recognized legal entity, such as a corporation, a trade union, a partnership, or the like. But an enterprise could be a legal entity or a group of legal entities.

An enterprise may be a group of people informally associated together for a common purpose of engaging in a course of conduct. This group may be organized for a legitimate and lawful purpose or it may be organized for an unlawful purpose. In addition to having a common purpose, this group of people must have a core of personnel who function as a continuing unit. Furthermore, the enterprise would continue to exist (or did continue to exist) in substantially similar form through the period charged. This does not mean that the membership must remain exactly identical, but the enterprise must have a recognizable core that continues through a substantial period during the time frame charged in Count One of the Indictment, which is from 2018 through March 2023.

Here, Count One of the Indictment charges an agreement to participate in the conduct of an organization referred to as the Kwok Enterprise.

92

The term "Kwok Enterprise" is simply a form of reference adopted by the government for the purposes of the Indictment to describe the group of businesses and individuals who participated in the alleged racketeering conspiracy.

I note further that the government is not required to prove each and every allegation about the Kwok Enterprise.  It is sufficient if the Government proves beyond a reasonable doubt that there was an agreement to conduct or participate in the conduct of a group of people characterized by (1) a common purpose or purposes, (2) an ongoing formal or informal organization or structure, and (3) core personnel who would function as a continuing unit during a substantial period within the time frame charged in the Indictment.

> Adapted from Sand, *Modern Federal Jury Instructions: Criminal*, Instr. 19-4; the charges of the Honorable Alison J. Nathan in *United States v. Berry*, No. 20 Cr. 84 (S.D.N.Y. 2021), and *United States v. Allen*, No. 15 Cr. 95 (S.D.N.Y. 2017); the charge of the Honorable Richard J. Sullivan in *United States v. Merlino*, No. S44 16 Cr. 522 (S.D.N.Y. 2018); and the charge of the Honorable Katherine B. Forrest in *United States v. Delligatti*, No. 15 Cr. 491 (S.D.N.Y. 2018).

## REQUEST NO. 39

**Count One: Racketeering Conspiracy – Second Element – Effect on Interstate Commerce**

The second element the Government must prove beyond a reasonable doubt with respect to Count One is that the criminal enterprise itself, or the racketeering activities of those associated with it, would have had some effect on interstate or foreign commerce, or in fact had such an effect. This effect on interstate commerce could have occurred in any way and it need only have been minimal.

Interstate commerce includes the movement of goods, services, money, and individuals between states. It is not necessary for the Government to prove that any particular acts affected interstate commerce or even that acts that the defendant personally committed affected interstate commerce. It need prove only that some act or acts of the enterprise—even perfectly legal acts of the enterprise—had such an effect on interstate commerce. It is not necessary for you to find that the defendant knew the enterprise was engaged in interstate commerce. All that is necessary is that you find beyond a reasonable doubt that the activities of the enterprise would affect, or did affect, interstate or foreign commerce in some minimal way.

> Adapted from the charges of the Honorable Colleen McMahon in *United States v. Mendoza*, No. 11 Cr. 974 (S.D.N.Y. 2013); and the Honorable William H. Pauley III in *United States v. Meregildo*, No. 11 Cr. 576 (S.D.N.Y. 2012).

## REQUEST NO. 40

### Count One, Racketeering Conspiracy – Third Element – Association with the Enterprise

The third element the Government must prove beyond a rsaonable doubt is that a conspirator (which may include the defendant you are considering) was or would be "employed by" or "associated with" the Kwok Enterprise about which I have already instructed you. The government need not prove both; either "employed by" or "associated with" is sufficient to establish this element. The term "employed by" should be given its common, plain meaning. Thus, a person is "employed by" an enterprise when, for example, he is on the payroll of the enterprise and performs services for the enterprise, holds a position in the enterprise, or has an ownership interest in the enterprise.

"Associated with" also should be given its plain meaning. To "associate" means "to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally . . . to join or connect with one another."  Therefore, a person is "associated with" an enterprise when, for example, he or she joins with other members of the enterprise and he or she knowingly aids or furthers the activities of the enterprise, or he or she conducts business with or through the enterprise.  Thus, it is not necessary to prove that the defendant had a formal position in the enterprise.

It is not required that the defendant you are considering agree that any particular conspirator was or would be "employed by" or "associated with" the enterprise for the entire time the enterprise existed. The Government also is not required to prove that the defendant you are considering agreed that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the

95

enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the Government prove beyond a reasonable doubt that at some time during the existence of the enterprise as alleged in the indictment, a conspirator was or would be "employed by" or "associated with" the enterprise within the meaning of those terms as I have just explained and that he or she knew or would know of the general nature of the enterprise, and knew or would know that the enterprise extended beyond his or her own role in the enterprise.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Merlino*, No. 16 Cr. 522 (S.D.N.Y. 2018); and the Honorable Katherine B. Forrest in *United States v. Delligatti*, No. 15 Cr. 491 ( (S.D.N.Y. 2018); *see also* Sand, *Modern Federal Jury Instructions: Criminal*, Instr. 19-6.  *United States v. Applins*, 637 F.3d 59, 72-73 (2d Cir. 2011); *United States v. Zichettello*, 208 F.3d 72, 99-100 (2d Cir. 2000); *United States v. Rastelli*, 870 F.2d 822, 828 (2d Cir. 1989) (collecting cases).

**REQUEST NO. 41**

**Count One, Racketeering Conspiracy – Fourth Element – Conduct or Participate in Affairs of the Enterprise**

The fourth element the government must prove beyond a reasonable doubt is that the defendant must have knowingly conspired (that is, agreed) that a conspirator would conduct or participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

As I've previously instructed you, a conspiracy is an agreement or partnership by two or more persons to violate the law. A defendant may be convicted of a RICO conspiracy offense even if he did not personally participate in the operation or management of the enterprise when the evidence establishes that the defendant knowingly agreed to facilitate a scheme which, if completed, would constitute a RICO substantive violation.[44]

Similarly, the Government need not prove that the defendant you are considering agreed with every other member of the enterprise, knew all the other members of the enterprise, or had full knowledge of all the details of the enterprise. However, in proving this element, the Government was connected to the enterprise in some meaningful way, and that the defendant knew the general nature of the enterprise and knew that the enterprise existed beyond his individual role.

When considering if a defendant joined the conspiracy you may consider evidence, if any, that the defendant agreed that a conspirator would intentionally perform acts, functions or duties which are necessary to, or helpful in, the operation of the enterprise, or that a conspirator had some part in directing the enterprise's affairs. However, the Government need not prove that a defendant

---

[44] The defendants note that what they have proposed to delete is unnecessary given reference to general conspiracy instructions.

would exercise significant control over or within the enterprise, or that he had a formal position in the enterprise, or that he had primary responsibility for the enterprise's affairs. An enterprise is operated not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management or carry out upper management's orders.

I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. What is necessary is that the defendant participated with knowledge of the unlawful objective of the conspiracy and with intent to aid in the accomplishment of that objective.

Ultimately, the question is this: Has the Government proven beyond a reasonable doubt that the defendant you are considering joined the conspiracy and knowingly and intentionally participated in it with the awareness of its basic purpose and as something he wished to bring about?

The "object" of a conspiracy is the illegal purpose the conspirators agree or hope to achieve. The object of the conspiracy charged in Count One is to violate the RICO statute, in other words, to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity.

In other words, the Government must prove beyond a reasonable doubt that the defendant you are considering agreed to participate in the enterprise, with the intent that he or another

member or members of the conspiracy would commit two or more acts of racketeering of the types specified in the Indictment as part of a pattern of racketeering activity. You must be unanimous as to which particular types of racketeering crimes, if any, the defendant agreed would be committed.

As I have told you, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed. Because the agreement to commit a racketeering offense is the essence of Count One, the Government need prove only that if the conspiracy achieved its objective as contemplated, the enterprise would be established, that its members would participate in conducting the affairs of the enterprise through a pattern of racketeering activity, and that those activities would affect interstate or foreign commerce. Of course, proof that the objective of the conspiracy was accomplished, if you find it was, may be persuasive evidence of the existence of the conspiracy.

A pattern of racketeering activity requires at least two acts of racketeering, the last of which occurred within ten years excluding any period of imprisonment after the commission of a prior act of racketeering. To establish an agreement that the enterprise would engage in a "pattern of racketeering activity," the Government must prove three things beyond a reasonable doubt:

*First*, that the defendant you are considering agreed that a conspirator, which could include the defendant himself or any other member of the conspiracy, would intentionally commit, or cause, or aid and abet the commission of, two or more of racketeering acts of the types alleged in the Indictment. At the end of this instruction, I will instruct you on the charged categories of racketeering activity.

*Second*, that the racketeering acts have a "nexus" to the enterprise and are "related" to one another. A racketeering act has a "nexus" to the enterprise if it has a meaningful connection to the

99

enterprise. To be "related," the racketeering acts must have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events. Two racketeering acts may be "related" even though they are dissimilar or not directly related to each other, provided that the racketeering acts are related to the same enterprise. For example, for both "nexus" and "relatedness" purposes, the requisite relationship between the RICO enterprise and a predicate racketeering act may be established by evidence that the defendant was enabled to commit the racketeering act solely by virtue of his position in the enterprise or involvement in or control over its affairs, or by evidence that the defendant's position in the enterprise facilitated his commission of the racketeering act, or by evidence that the racketeering act benefitted the enterprise, or by evidence that the racketeering act was authorized by the enterprise or by evidence the racketeering act promoted or furthered the purposes of the enterprise.

*Third*, to establish a pattern of racketeering activity, the Government must prove that the racketeering acts themselves either would have extended over a substantial period of time or posed or would pose a threat of continued criminal activity. A "substantial period of time" is considered two or more years[45] of predicate activity. The Government need not prove such a threat of continuity by any mathematical formula or by any particular method of proof, but rather may prove it in a variety of ways. For example, the threat of continued unlawful activity may be established when the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes or when the racketeering acts are shown to be the regular way of conducting

---

[45] *Grace Int'l Assembly of God v. Festa*, 797 F. App'x 603, 605 (2d Cir. 2019).

the affairs of the enterprise. Moreover, in determining whether the Government has proven the threat of continued unlawful activity, you are not limited to consideration of the specific racketeering acts that the defendants themselves are alleged to have committed; rather, in addition to considering such acts, you also may consider the nature of the enterprise, and other unlawful activities of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities.

For the Government to meet its burden of proof on Count One, the Government must prove that the defendant you are considering intended to further an endeavor that, if completed, would have satisfied all the elements of a substantive racketeering offense. The Government is not required to prove that the defendant personally committed or agreed to commit any act of racketeering, nor is it required to prove that any acts of racketeering actually occurred. Rather, the Government must prove that the defendant you are considering agreed to participate in the enterprise with the knowledge and intent that at least one member of the racketeering conspiracy, which could be the defendant or a coconspirator, would commit at least two racketeering acts in the conduct of the affairs of the enterprise and that those acts would constitute a pattern of racketeering activity as defined above.

An enterprise is not the same thing as the pattern of racketeering activity. To convict, the Government must prove that if the conspiracy achieved its objective there would be an enterprise and that the enterprise's affairs would be conducted through a pattern of racketeering activity. As I have mentioned, the enterprise in this case is alleged to be a group of individuals who associated together for a common purpose of engaging in a course of conduct. A pattern of racketeering activity, on the other hand, is a series of criminal acts.

101

The existence of the enterprise is proved by evidence of an ongoing organization, formal or informal, with a common purpose and by evidence that various core personnel of the group functioned as a continuing unit.

The pattern of racketeering activity, on the other hand, is proved by evidence of a minimum of two acts of racketeering that the participants in the enterprise committed or aided and abetted. The proof used to establish those separate elements may be the same or overlapping. For example, if you find that an ongoing enterprise existed, the existence of this enterprise may help establish that the separate racketeering acts were part of a "pattern" of continuing criminal activity. Nevertheless, you should bear in mind that proof of an enterprise does not necessarily establish proof of a pattern of racketeering activity, and vice versa.

Finally, although you need not decide whether the defendant you are considering agreed to the commission of any particular racketeering act in order to convict that defendant of the RICO conspiracy offense, you must be unanimous as to which type or types of predicate racketeering crimes the defendant agreed would be committed; for example, at least two acts of, or any combination of: wire fraud, bank fraud, money laundering, engaging in monetary transactions in property derived from specified unlawful activity, securities fraud.

I will now instruct you on the substantive law governing the racketeering crimes that the Indictment alleges were part of the pattern of racketeering activity in this case.

> Adapted from the charges of Honorable Jesse M. Furman in *United States v. Blondet*, No. 16 Cr. 387 (S.D.N.Y. 2022), the Honorable Richard J. Sullivan in *United States v. Merlino*, No. 16 Cr. 522 (S.D.N.Y. 2018), and the Honorable Katherine B. Forrest in *United States v. Delligatti*, No. 15 Cr. 491 (S.D.N.Y. 2018); *see also H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 299, 242-43 (1989); *United States v. Alkins*, 925 F.2d 541, 551-53 (2d Cir. 1991); *United States v.*

*Coiro*, 922 F.2d 1008, 1017 (2d Cir. 1991); *United States v. Kaplan*, 886 F.2d 536, 543 (2d Cir. 1989); *United States v. Indelicato*, 865 F.2d 1370, 1383-84 (2d Cir. 1989) (*en banc*).

**REQUEST NO. 42**

**Count One, Racketeering Conspiracy – Predicates**

The Indictment alleges that the following categories of criminal violations were committed or were intended to be committed as part of the racketeering conspiracy charged in Count One:

(1) Acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud);

(2) Acts indictable under Title 18, United States Code, Section 1344 (relating to financial institution fraud, also known as bank fraud);

(3) Acts indictable under Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments, also known as money laundering);

(4) Acts indictable under Title 18, United States Code, Section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity); and

(5) Offenses involving fraud in the sale of securities, in violation of Title 15, United States Code, Sections 78j (b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 (also known as securities fraud).

I previously instructed you on violations of the wire fraud statute, in connection with Counts Five, Seven, Nine, and Eleven. You should use those instructions in assessing whether "acts indictable under Title 18 of the United States Code relating to wire fraud" were committed or intended to be committed.

I previously instructed you on violations of the statute prohibiting financial institution fraud (or bank fraud), in connection with the bank fraud object of Count Two's conspiracy to commit wire fraud and bank fraud. You should use those instructions in assessing whether "acts indictable

104

under Title 18, United States Code, Section 1344 (relating to financial institution fraud, also known as bank fraud)" were committed or intended to be committed.

I previously instructed you on violations of the money laundering statute, in connection with the objects of the money laundering conspiracy alleged in Count Three. You should use those instructions in assessing whether "acts indictable under Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments, also known as money laundering)" were committed or intended to be committed.

I previously instructed you on violations of engaging in monetary transactions in property derived from specified unlawful activity, in connection with Count Twelve. You should use those instructions in assessing whether "acts indictable under Title 18, United States Code, Section 1957" were committed or intended to be committed.

And I also previously instructed you on violations of Section 10(b), the shorthand for the securities fraud statute, in connection with Counts Six, Eight, and Ten. You should use those instructions in assessing whether "offenses involving fraud in the sale of securities, in violation of Title 15, United States Code, Sections 78j (b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5" were committed or intended to be committed.

## REQUEST NO. 43

### *Pinkerton* Liability

If you find the defendant you are considering guilty of any or all of the conspiracy offenses charged in Counts One through Four, you may also consider whether the defendant you are considering is guilty of the related substantive offenses in Counts Five through Twelve under a theory called *Pinkerton* liability. *Pinkerton* liability provides that a defendant who is a member of a conspiracy may be held liable for a crime committed by a co-conspirator. Pinkerton liability may be considered by you in connection with Counts Five through Twelve—the substantive counts in the Indictment—only if you do not find the defendant you are considering personally committed or aided and abetted the commission of that offense.

If you find that a defendant was a part of the RICO conspiracy charged in Count One— that is, if you find that the Government has proven beyond a reasonable doubt the elements as to Count One—then you may, but are not required to, find that defendant liable for a substantive offense committed by a co-conspirator, provided that the Government has proven the following elements beyond a reasonable doubt:

*First*, that a crime charged in the substantive count you are considering was committed;

*Second,* that the person or persons you find actually committed the crime were members of the RICO conspiracy charged in Count One;

*Third*, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

*Fourth*, that the defendant was a member of the conspiracy at the time the substantive crime you are considering was committed (that is, had entered into the conspiracy); and

106

*Fifth*, that the defendant could reasonably have foreseen that the substantive crime you are considering might be committed by his co-conspirators.

If you find that the Government has proven all five of these elements beyond a reasonable doubt, then you may find that defendant guilty of a substantive offense charged against him, even if he did not personally participate in the acts constituting the crime, and even if he did not have actual knowledge of it.

Adapted from the charge given by the Honorable Cathy Seibel in *United States v. Madonna*, No. S18 17 Cr. 89. *See, e.g.*, *United States v. Gershman*, 31 F.4th 80 (2d Cir. 2022); *United States v. Parkes*, 497 F.3d 220 (2d Cir. 2007); *United States v. Masotto*, 73 F.3d 1233 (2d Cir. 1996); *United States v. Romero*, 897 F.2d 47 (2d Cir. 1990); *see also Pinkerton v. United States*, 328 U.S. 640 (1946).

NOTE: The defense objects to the giving of a *Pinkerton* charge, which the Second Circuit has repeatedly cautioned "should not be given as a matter of course." *See, e.g., United States v. Salameh*, 152. F.3d 88, 149 (2d Cir. 1998).

**REQUEST NO. 44**

**Conscious Avoidance**

[If Applicable][46]

As I have explained, charges in the Indictment require the Government to prove beyond a reasonable doubt that the defendant acted knowingly.  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that that defendant was careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law.  The law calls this "conscious avoidance" or "willful blindness."  In other words, the Government can prove either that the defendant actually knew the objective of the conspiracy or he consciously avoided knowledge of the object of the conspiracy.

Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a crime was being committed, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was not engaged in such unlawful behavior.  In other words, a defendant cannot avoid

---

[46] NOTE: The defense objects to the giving of a conscious avoidance charge.

criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in unlawful conduct. Put another way, a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that, because he deliberately avoided learning what was explicitly obvious, he did not know the incriminating fact.

You must also keep in mind that there is an important difference between knowingly and intentionally participating in the conspiracy—which I just explained to you—and knowing the specific objective of the conspiracy on the other. You may consider conscious avoidance in deciding whether the defendant knew the objective of the conspiracy, that is, whether he reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crime charged as objects of the conspiracy and took deliberate and conscious action to avoid confirming that fact but participated in the conspiracy anyway. But conscious avoidance cannot be used as a substitute for finding that the defendant knowingly and intentionally joined the conspiracy in the first place. It is logically impossible for a defendant to intend and agree to join a conspiracy if he or she does not actually know it exists. However, if you find beyond a reasonable doubt that the defendant knowingly chose to participate in such a joint undertaking, you may consider whether the defendant took deliberate and conscious action to avoid confirming otherwise obvious facts about the purpose of that undertaking.

In sum, if you find beyond a reasonable doubt that a defendant believed there was a high probability that a fact was so and that the defendant took deliberate and conscious action to avoid learning the truth of that fact, you may find that the defendant acted knowingly with respect to that

fact.  However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.

> Adapted from the jury charges given by the Honorable Loretta A. Preska in *United States v. Tanner et al.*, 17 Cr. 61 (S.D.N.Y. May 3, 2018); the Honorable P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (S.D.N.Y. April 6, 2017); and Sand, *Modern Federal Jury Instructions*, Instr. 3A-2.

**REQUEST NO. 45**

**Venue**

With respect to each count in the Indictment, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York. This is called establishing venue.

The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself need not be a criminal act. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

111

## REQUEST NO. 46

### Negligence of a Victim Not a Defense

It is unimportant whether a victim might have discovered the charged fraud schemes had the victim probed further. If you find that existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.

Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of fraud.

Adapted from the jury charge given by the Honorable Loretta A. Preska in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021).

**REQUEST NO. 47**

**Multiple Conspiracies**[47]

The government has charged the existence of a single conspiracy in Count 1, Count 2, Count 3, and Count 4. For each of these counts, the government must prove the existence of a single conspiracy.

A single conspiracy exists when two or more people join together to further one common unlawful design or purpose. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes, even if the conspiracies have similar goals or overlapping membership. Proof of several separate and independent conspiracies is not proof of the single conspiracy alleged in any one count. For each conspiracy count, the government must convince you, beyond a reasonable doubt, that the particular conspiracy charged in the that count existed and that the defendant you are considering was a member of that specific conspiracy, not some other conspiracy. Similalry, if you find that a particular defendant was a member of another conspiracy, and not the one charged in the Count you are considering, you must acquit that defendant of that conspiracy charge. Proof of several separate and independent conspiracies is not proof of any single conspiracy.[48]

---

[47] The Government requests that the Court reserve judgment regarding whether this charge is appropriate until the end of trial, once all the evidence has been admitted.

[48] Adapted from Sand, Instr. 19-5.

## REQUEST NO. 48

### Variance in Dates

The Indictment alleges that the defendants engaged in the charged offenses during certain time frames. It is not essential that the Government prove that the defendants committed the charged offenses during these exact time frames. The law only requires a substantial similarity between the dates alleged in the Indictment and the date or dates established by the evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-12, and the jury charges given by the Honorable Colleen McMahon in *United States v. Omar Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. Nov. 19, 2010).

114

## REQUEST NO. 49

**Particular Investigative Techniques Not Required**

[If Applicable][49]

You have heard reference, [*If applicable:* in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why certain techniques were used or why others were not used. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt. However, reasonable doubt arise from a lack of evidence.[50]

> Adapted from the jury charges given by the Honorable William H. Pauley III in *United States v. Meregildo, et al.*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012); the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992); and the Honorable John F. Keenan in *United States v. Medina*, 91 Cr. 894 (S.D.N.Y. 1992).

---

[49] The defense objects to this instruction as a whole, although if it is given, the additional language should be used. *See, e.g.*, Order, *United States v. Nordlicht*, Jul. 1, 2019 (denying government's request to give a similar charge "as the jury instructions already instruct the jury on what it may and may not consider in reaching a verdict."

[50] Jury Charge of Hon. William Kuntz, *U.S. v. Boustani*, 18 Cr. 681 (EDNY 2020), ECF No. 384 at 4443.

## REQUEST NO. 50

### Use of Evidence Obtained Pursuant to Searches and Seizures

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of email and other electronic evidence obtained pursuant to court-approved search warrants. Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you. Such searches and seizures were entirely appropriate law enforcement actions. Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven a defendant's guilt beyond a reasonable doubt.

Adapted from the Jury Charge given by the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1732-33).

116

## REQUEST NO. 51

**Stipulations**

[If Applicable]

You have heard evidence in the form of stipulation[s] of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.

> Adapted from the jury charges given by the Honorable Sidney H. Stein in *United States v. Pierre*, 19 Cr. 783 (SHS) (S.D.N.Y. May 17, 2021); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

117

**REQUEST NO. 52**

**Law Enforcement and Government Employee Witnesses**

[If Applicable]

You have heard testimony from law enforcement officers and employees of the FBI. The fact that a witness may be employed by the FBI does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, it is perfectly appropriate for defense counsel is allowed to attempt to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement officer or employee witness and to give to that testimony the weight you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16.

118

## REQUEST NO. 53

### Preparation of Witnesses

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the jury charges given by the Honorable Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. Feb. 22, 2008).

119

**REQUEST NO. 54**

**Accomplice/Cooperating Witness Testimony**

[If applicable]

You have also heard from witness(es) who testified that they pled guilty to criminal charges. They each testified pursuant to an agreement to cooperate with the Government. The law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in and of itself for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt. It is also the case, however, that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nevertheless, let me say a few things that you might want to consider during your deliberations on the subject of accomplices. You should ask yourself whether the witness would benefit more by lying or by telling the truth. Was the witness's testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness you are considering was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony? Has the witness previously testified falsely or made false statements? Does the witness appear to have any bias against either of the defendants? In sum, you should look at all of the evidence in deciding what credence and what weight, if any, to give to an accomplice witness.

120

Adapted from the jury charges given by the Honorable Laura T. Swain in *United States v. Stewart*, 15 Cr. 287 (S.D.N.Y. Aug. 2, 2016).

# REQUEST NO. 55

## Non-Prosecution Agreement

### (If Applicable)

You have heard testimony from at least one witness who entered into a non-prosecution agreement with the Government arising out of facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant you are considering from the fact that a witness entered into such an agreement, even involving similar conduct. The decision of that witness to enter into that agreement and of the Government to enter into that agreement were personal decisions on the part of the witness and the Government and an exercise of the Government's lawful discretion in the case of the Government. It may not be used by you in any way for or against the defendant you are considering.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.[51]

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (Nov. 6, 2018).

---

[51] Sand.Instr. 7-9

## REQUEST NO. 56

### Immunized Witnesses

You have heard the testimony of [a] certain witness[es] who testified under a grant of immunity from this Court. What this means is that the testimony of the witness may not be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant you are considering guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with great care greater care than the testimony of an ordinary witness.[52] You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care, and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

---

[52] Sand, Instr. 7-8.

123

If after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

In addition, it does not follow that simply because a person may have participated in criminal conduct, that he is incapable of giving truthful testimony. Further, it is of no concern of yours why a witness received court-ordered immunity. Your sole concern is whether a witness has given truthful testimony in this courtroom before you. As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

> Adapted from the charge of the Honorable William H. Pauley III, in *United States* v. *Dominguez,* S1 16 Cr. 108 (WHP) (S.D.N.Y. 2016); and Sand, *Modern Federal Jury Instructions*, Instr. 7-8; *see United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and *United States v. Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).

124

## REQUEST NO. 57

### Uncalled Witnesses—Equally Available[53]

### [If Applicable]

There are individuals whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

---

[53] NOTE:  The defense objects to this instruction, particularly under the unique circumstances of this case.

## REQUEST NO. 58

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant you are considering from the fact that any person other than the defendant you are considering is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the jury charges given by the Honorable J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. June 29, 2017); and the Honorable Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. April 10, 2018).

**REQUEST NO. 59**

**Limiting Instruction – Similar Act Evidence**

[If Applicable]

The Government has offered evidence tending to show that, on different occasions, the defendants engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendants are not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose of [provide explanation if applicable], as I instructed you at the time that evidence was admitted, and you may consider it only for that limited purpose and to provide background for the charges in the Indictment.

If you determine that the relevant defendant committed the acts charged in the indictment and similar acts as well, then you may, but need not, draw an inference that in doing the acts charged in the indictment, the defendant under consideration acted [provide specific explanation if applicable]. However, evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that, because the defendant committed the other act or acts, he must also have committed the act charged in the Indictment.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25, and the jury charges given by the Honorable Loretta A. Preska in *United States v. Tanner et al.*, 17 Cr. 61 (S.D.N.Y. May 3, 2018).

127

**REQUEST NO. 60**

**Expert Witnesses**

[If Applicable]

In this case, I permitted certain witnesses to express opinions about certain matters that are at issue. Such testimony, which we refer to as "expert testimony," was presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider that witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case. You should not, however, credit the opinion testimony just because I allowed the witness to testify as an expert. Nor should you substitute the expert's opinion for your own reason, judgment, and common sense. The determination of the facts in this case rest solely with you.

> Adapted from the jury charges given by the Honorable Valerie Caproni in *United States v. Riley*, 13 Cr. 339 (S.D.N.Y. Sept. 8, 2014).

128

**REQUEST NO. 61**

**Charts and Summaries (In Evidence)**

[If Applicable]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-12.
*See also* Fed. R. Evid. 1006.

129

**REQUEST NO. 62**

**Charts and Summaries (Not In Evidence)**

[If Applicable]

There have been summary charts and exhibits that were shown to you but not admitted into evidence. For these charts and exhibits, they serve merely as summaries and analyses of testimony or documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the jury charges given by the Honorable Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. Feb. 22, 2008), and Sand, *Modern Federal Jury Instructions*, Instr. 5-13.

## REQUEST NO. 63

### Recordings and Transcripts, Generally

The Government has introduced evidence in the form of audio and video recordings.

Whether you approve or disapprove of the recording of these conversations may not enter into your deliberations. I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, that the Government's use of this evidence is lawful, and that these recordings were properly admitted into evidence at this trial. You must, therefore, regardless of any personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the Government has proved a defendant's guilt beyond a reasonable doubt.

If you wish to hear any of the recordings again, or see any of the transcripts of those recordings, they will be made available to you during your deliberations.

> Adapted from the charges of the Honorable William H. Pauley III in *United States v. Felton*, 17 Cr. 21 (WHP) (S.D.N.Y. 2019), the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (JPO) (S.D.N.Y. 2018), and the Honorable Richard J. Sullivan in *United States v. Awuley*, 13 Cr. 875 (RJS) (S.D.N.Y. 2014).

**REQUEST NO. 64**

**Foreign Language Translations**

[If Applicable]

During the trial, you were given transcripts of recordings which were admitted into evidence. The transcripts were translations of foreign language recordings in [foreign language]. You were also shown translations of foreign language documents.

Although some of you may know [foreign language], it is important that all jurors consider the same evidence. Therefore, you must accept the English translations that are in evidence and disregard any different meaning.

132

**REQUEST NO. 65**

**Defendant's Testimony**

[If Applicable]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. That burden remains with the Government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he or she is innocent.

In this case, [Mr. Kwok / Ms. Wang / the defendants] did testify and [he/she/they] [was/were] subject to cross-examination like any other witness. You should examine and evaluate [his/her/their] testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW). *See* also *United States v. Solano*, 966 F.3d 184, 194-200 (2d Cir. 2020) (discussing appropriate charges when a defendant testifies); *United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (same).

133

## REQUEST NO. 66

### Defendant's Right Not to Testify

[If Applicable and Requested By Defense]

The defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendants. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendants did not testify. No adverse inference against them may be drawn by you because they did not take the witness stand. You may not consider this against the defendant you are considering in any way in your deliberations in the jury room.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

134

# REQUEST NO. 67

## Redaction of Evidentiary Items

[If Applicable]

We have, among the exhibits received in evidence, some exhibits that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not speculate as to any reason why the other part of it has been redacted.

> Adapted from the jury charges given by the Honorable Shira A. Scheindlin in *United States v. DiTomasso*, 14 Cr. 160 (S.D.N.Y. Mar. 7, 2016).

135

**Defense Request 1**

**Role of the Jury[54]**

You are the sole judges of the facts. It is your duty to determine the weight of the evidence and the credibility of the witnesses, and you resolve any conflicts that there may be in the testimony. You draw whatever reasonable inferences you decide from the facts as you have determined them. In carrying out this duty, remember that you took an oath to render judgment fairly and impartially, without prejudice or sympathy, and without any favor. You took an oath to base your verdict solely on the evidence in the case and the applicable law as I give it to you. You must also remember that all parties are here equally before you today. The fact that the government is a party and the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any different consideration than the defendants. You must not be swayed by sympathy for any of the parties or what the reaction of the parties or the public to your verdict may behave a reasonable doubt as to any defendant's guilt, you should not hesitate to acquit him or her. But if you find that the government has met its burden of proving a , you should not hesitate because of sympathy or any other reason to find him or her guilty.

You must not be influenced by any feelings you might have about the nature of the crimes charged or by any feelings you might have about the race, religion, national origin, gender, age or political affiliation of the parties or anyone participating in the trial or anyone mentioned in the trial. You must not bear any prejudice against any attorney or their client because the attorney made an objection, asked for a side-bar out of your hearing or asked me for a ruling on the law. If

---

[54] As set forth above, the Government requests that the Court give its standard instruction on the Role of the Jury.

you formed opinions reactions of any kind to the lawyers in this case, I instruct you to disregard them. The personalities and conduct of counsel are not in issue here.[55]

---

[55] Final Instructions, *United States v. Nordlicht*, 16 Cr. 640 (E.D.N.Y.  Mar. 2, 2021); *see also* Sand, Instr. 2-3, 2-4, 2-5, 2-8, and 2-11.

**Defense Request 2**

**Caution-Consider Only Crimes Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed. [56]

---

[56] Fifth Circuit Pattern Justry Instruction No. 1-21.

138

## Defense Instruction 3

### Credibility of Witnesses

It must be clear to you by now that the Government and the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?[57]

---

[57] Sand Instr. 7-1

139

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in this case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

**Defense Instruction 5**

**Reasonable Doubt**

The defendants have pleaded not guilty to the charges in the indictment. To convict the defendants, the burden is on the prosecution to prove each defendant's guilt of each element of each charge beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

Now the question arises: what, exactly, is a reasonable doubt? The words almost define themselves. It is a doubt a reasonable person has after considering all of the evidence or lack of evidence. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The law does not require the government to prove guilt beyond all possible doubt. A reasonable doubt is not a caprice or whim. It is not a speculation or suspicion. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt. Mr. Kwok and Ms. Wang are under no duty to present evidence, nor do you have to accept the testimony of any witness, even one who has not been contradicted or impeached, if you find that witness not to be credible. You must decide which witnesses to believe and which testimony

141

is true. To do this, you must look at all the evidence, drawing upon your own common sense and personal experiences. If after careful and impartial consideration of all the evidence, or lack of evidence, you have a reasonable doubt as to the guilt of the defendant on the count you are considering, then you must acquit the defendant on the count you are considering. On the other hand, if after fair and impartial consideration of all the evidence, or lack of evidence, you are satisfied of the guilt of the defendant on a count you are considering beyond a reasonable doubt, then you must convict the defendant on that count.[58]

---

[58] Adapted from Sand, Instr. 4-1 and 4-2.

## **Defense Instruction 6**

### **Large Sums of Money**

Some of the testimony and the exhibits in this trial were connected with large sums of money – but that fact alone has nothing to do with whether or not the government has proven the elements of the charged offenses beyond a reasonable doubt. The fact that the charges in this case may have involved large sums of money does not mean that the defendants are held to a greater standard of conduct than had the case involved smaller sums of money. The presumption of innocence applies to every defendant in every case equally without regard to the amount of money involved. [59]

---

[59] *United States v. Ghavami et al.*, No. 10-cr-1217 (KMW) (S.D.N.Y. Aug. 29, 2012), ECF No. 278.

## Defense Instruction 7

### Direct and Circumstantial Evidence[60]

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty. One type of evidence is called direct evidence. Direct evidence is a witness's testimony as to what he or she personally saw, heard, or observed. In other words, when a witness testifies about what is known of the witness's own knowledge, by virtue of his or her own senses, what he or she sees, feels, touches, or hears, that is called direct evidence.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact indirectly, by inference from another fact. For example, if a fact in dispute is whether it is raining at the moment, none of us in this room can testify directly to that without looking out a window. Assume, however, that we cannot see outside, and that as we are sitting here, a person walks in the courtroom wearing a raincoat that is dripping wet and carrying an umbrella dripping water. We may infer that it is raining outside. On the other hand, that inference might be incorrect because it may have stopped raining before the person entered the courtroom. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and dripping umbrella, but need not be. Each juror must be guided by his or her own common sense, experience or judgment, in determining what inference, if any, is justified or reasonable under all the circumstances presented.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. The law requires that before any defendant may be convicted, the jury must be satisfied that the government

---

[60] As set forth above, the Government requests that the Court give its standard instruction as to Direct versus Circumstantial Evidence.

has proved Mr. Kwok's and Ms. Wang's guilt on a particular charge beyond a reasonable doubt after review of all the evidence in the case, direct and circumstantial. If you find that the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence on a particular charge then you must find Mr. Kwok and Ms. Wang not guilty of that charge.

**Defense Instruction 8**

**Duty of Jury**

You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is your duty to find the facts and I will instruct you as to the law to apply to those facts.

You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias.[61] Unconscious or "implicit" biases are stereotypes, attitudes, or preferences that people may consciously reject but which may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. All of us, no matter how hard we try, tend to look at others and weigh what they say through the lens of our own experience and background. We may stereotype others and make assumptions about them. You must do the best you can not to do that: you must try to put aside any such stereotypes, assumptions, and prejudices. You should be guided in this case by the evidence and by my instructions on the law.

---

[61] This charge is based on a jury instruction drafted by the Western District of Washington's Bench-Bar-Academic Committee. *See also United States v. Jamie Frierson*, 17 Cr. 782 (AT), Jury Charge at Tr. 31-32 (S.D.N.Y. Aug. 6, 2018). Implicit bias instructions are appropriate given the growing body of research that supports the proposition that "awareness and mindfulness about one's own unconscious associations are important" and that "a decision-maker's ability to avoid these associations . . . will likely result in fairer decisions." *See* Jury Instruction on Unconscious Bias, *available at* http://www.wawd.uscourts.gov/sites/wawd/files/CriminalJuryInstructions-ImplicitBias.pdf.

**Defense Instruction 9**

**Defendant's Election to Testify [62]**

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and Mr. Kwok is presumed innocent.

In this case, Mr. Kwok did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the government to prove the charges beyond a reasonable doubt. Mr. Kwok did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as the defendant.

I also remind you that Mr. Kwok's decision to testify does not in any way shift the burden of proof to him. Do not ask yourself whether his testimony convinces you of his innocence. Rather, you must consider all the evidence or lack of evidence, and ask yourselves whether or not the prosecution has proven the charges beyond a reasonable doubt. [63]

---

[62] The Government's requested instruction on this subject is set forth as Requested Instruction No. 65.

[63] Adapted from Sand, Instr. 7-4; *see also* Charge in *United States v. Jose De La Cruz-Ramirez*, 97 Cr. 711 (RPP).

147

**Defense Instruction 10**

**Victims of the Offense**[64]

Neither the Chinese Communist Party nor the government of China is alleged by the government to be a victim of any offense charged in the Indictment.

---

[64] This Instruction is proposed solely by Ms. Wang.

## **REQUEST NO. 68**

### **Conclusion**

Members of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them. If you want any of the testimony read back or any of the recordings played again, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that from the Court. If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation. Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

149

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous. It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions.  After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.  If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

*   *   *

The parties respectfully reserve the right to submit additional or modified requests at or near the close of evidence.