```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                -against-

HO WAN KWOK and YANPING WANG,

                                Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __04/10/2024__

23 Cr. 118 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed the parties' letters requesting a pretrial scheduling order and miscellaneous other relief. ECF Nos. 253, 255, 259, 260. The parties shall adhere to the following schedule for pretrial discovery and disclosures:

| Pretrial Disclosure | Due Date |
| --- | --- |
| Expert Disclosures (excluding Mandarin language experts) | April 1, 2024 |
| Government's Rule 16 Discovery Materials | April 10, 2024 |
| Government's Trial Exhibits | April 22, 2024 |
| Government's § 3500 Material | May 6, 2024 |
| Government's Witness List | May 6, 2024 |
| Defendants' Rule 16 Discovery Materials | May 6, 2024 |
| Defendants' Trial Exhibits | May 10, 2024 |
| Defendants' Witness List | May 10, 2024 |
| Notice of Advice-of-Counsel Defense and Disclosure of Relevant Documents | May 10, 2024 |
| Attorneys' Eyes Only ("AEO") Designations Lifted on Government § 3500 Material and Trial Exhibits | May 13, 2024 |
| Defendants' Rule 26.2 Material | May 13, 2024 |

I. Defendant Yanping Wang's Requests

By letters dated March 28 and April 4, 2024, Wang requests that the Court (1) set a deadline of April 10, 2024, for the Government to complete production of Rule 16 discovery; (2) require the Government to hand-deliver discovery to Defendants at the Metropolitan Detention Center ("MDC"); and (3) prohibit the Government from designating communications involving the Defendants or photos of the Defendants as AEO. *See* Wang Letter at 1, ECF No. 253; Wang Resp., ECF No. 260.

As to Wang's first request, the Government "has no objection to a deadline of April 10 to produce any Rule 16 discovery currently in its possession." Gov't Letter at 3, ECF No. 255. This request is, therefore, GRANTED. The Government shall complete Rule 16 production—including any documents responsive to the Court's order at ECF No. 243 (the "Compel Order")—by **April 10, 2024**.

Wang next requests that the Government "hand-deliver all recent productions and any subsequent productions to the appropriate officials at MDC [] for prompt delivery" to Defendants. Wang Letter at 2. The Court recognizes that the Government has made significant efforts to provide Defendants with full access to discovery materials despite the restrictive conditions at MDC. *See* Gov't Letter at 13–14. However, to ensure that Defendants have sufficient time to review the voluminous discovery and avoid any trial delays, Wang's request is GRANTED. The Government shall hand-deliver future productions (and any recent productions not yet received) to the appropriate officials at MDC. MDC is directed to ensure that Defendants have prompt and complete access to any discovery materials so delivered.

Third, Wang requests that "the Court rule that (i) communications (whether written or recorded) involving the defendants and (ii) photographs of the defendants are presumptively not AEO." Wang Letter at 3. The request is overbroad, and the Court declines to make sweeping ruling as to all photographs of Defendants and communications involving Defendants sight unseen. However, the Government is advised to adhere strictly to the protective order issued on May 4, 2023. *See* ECF No. 63. Screen captures of publicly available websites, without any identifying information as to any victims potentially involved, shall not be designated AEO. *See, e.g.*, Wang Resp. Exs. C, D, E, G.

II. The Government's Requests

By letter dated March 31, 2024, the Government requests that the Court (1) direct Defendants to produce reciprocal Rule 16 discovery four weeks before trial, Gov. Letter at 3–5; (2) require Defendants to provide notice of, and documents supporting or impeaching, any advice-of-counsel defense by April 20, 2024, *id.* at 6–7; and (3) permit the Government to produce § 3500 material and trial exhibits that would identify victim-witnesses AEO, *id.* at 12–13.

As to the Government's first request, Federal Rule of Criminal Procedure 16(b) provides that if a defendant requests and receives discovery from the Government under Rule 16(a)(1), the defendant must also permit the Government to inspect any document or record that the defendant "intends to use . . . in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A); *see United States v. Ortega*, No. 22 Cr. 91, 2023 WL 145615, at *1 (S.D.N.Y. Jan. 10, 2023). This request is GRANTED to the extent that Defendants shall produce Rule 16 material to the Government by **May 6, 2024**, two weeks in advance of trial.[1]

Second, the Government requests that Defendants be required to provide, in advance of trial, "notice of any advice-of-counsel defense they may seek to offer at trial," including details of the "contours" of the defense and "all documents (including attorney-client and attorney work

---

[1] What constitutes the defendant's case-in-chief does not turn on "who called the witness"; rather, "if a defendant seeks to present affirmative (non-impeachment) evidence through a government witness during the government's case in chief, the defendant's presentation of evidence during such an examination should be treated as part of the defendant's 'case-in-chief' for purposes of the defendant's disclosure obligations under Rule 16." *United States v. Napout*, No. 15 Cr. 252, 2017 WL 6375729, at *7–8 (E.D.N.Y. Dec. 12, 2017). "The distinction is impeachment" evidence, which the defendant need not disclose. *Id.* at *8.

product documents) that support or might impeach or undermine any such defense." Gov't Letter at 6.

Although the Federal Rules of Criminal Procedure do not explicitly require the defense to provide notice of an advice-of-counsel defense, the Court has the "inherent authority to manage the course of its trials" and "[its] own affairs so as to achieve the orderly and expeditious disposition of cases." *United States v. Schulte*, No. 17 Cr. 548, 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (citation omitted); *see United States v. Ray*, No. 20 Cr. 110, 2021 WL 5493839, at *5 (S.D.N.Y. Nov. 22, 2021) ("The authority to require notice of an advice-of-counsel defense derives from the court's inherent authority to manage the trial before it."). In light of the potential complexity of an advice-of-counsel defense in this matter, the Court directs Defendants to provide pretrial notice of their reliance on the defense and disclose all documents relevant to the assertion of this defense. *See United States v. Atias*, No. 14 Cr. 403, 2017 WL 563978, at *4 (E.D.N.Y. Feb. 10, 2017) (ordering pretrial notice in response to the "risk that the jury will be diverted from its fact finding task"); *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (stating that such notice was "simply a logistical request" to permit review of and expedite litigation over any privileged materials); *United States v. Crowder*, 325 F. Supp. 3d 131, 138–39 (D.D.C. 2018) (mem.).

The Court mitigates the burden on Defendants and the attorney-client privilege by setting a deadline for disclosure ten days before trial. *See United States v. Dallmann*, 433 F. Supp. 3d 804, 813 (E.D. Va. 2020). The Government's request is, therefore, GRANTED to the extent that Defendants shall give notice and, if necessary, produce pertinent documents by **May 10, 2024**. The notice shall identify the specific attorneys involved, the advice those attorneys provided, and any discovery concerning the advice-of-counsel defense that Defendants will rely upon at trial. Failure to provide notice and appropriate discovery may preclude reliance on an advice-of-counsel defense.

Third, the Government requests that it be permitted to designate as AEO § 3500 material and trial exhibits that would identify victim-witnesses, with the designation lifted four days before the relevant victim-witness's testimony. The Government cites numerous occasions upon which Defendant Ho Wan Kwok has used "his followers and the entities he controls . . . to harass and obstruct" court proceedings, including by "threatening his critics and his victims." Gov't Letter at 8–11. However, Defendants have a constitutional right to assist in their own defenses. *See United States v. Fishenko*, No. 12 Cr. 626, 2014 WL 5587191, at *1-2 (E.D.N.Y. Nov. 3, 2014). The Government's request is GRANTED to the extent that the AEO designations shall be lifted by **May 13, 2024**, one week prior to trial. The Court determines that this period of time adequately protects Defendants' constitutional rights while also accounting for the security of potential victim-witnesses and the common interest in avoiding trial delays.[2] In addition, the Court by this order hereby MODIFIES paragraph nine of the protective order at ECF No. 63 to state that AEO material may be disclosed to foreign-language interpreters or translators retained by defense counsel in connection with this action.

---

[2] The Government may, of course, still designate this information as confidential or highly confidential to prevent public dissemination.

III. <u>Defendant Ho Wan Kwok's Requests</u>

By letter dated April 4, 2024, Kwok joins Wang's motion in relevant part and further requests that the Government (1) "confirm the scope of its search and production" in response to the Compel Order; and (2) produce all discovery pursuant to the Compel Order by April 10, 2024, including certain recordings for which the Government has produced only summaries. Kwok Letter at 2–10, ECF No. 259. Kwok's separate requests are premature and, therefore, DENIED. The Government shall complete its production of materials responsive to the Compel Order by **April 10, 2024**, at which time the parties may confer about any perceived omissions.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 253.

SO ORDERED.

Dated: April 10, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge