O53FwanP

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4               v.                        23 Cr. 118 (AT)

 5   YVETTE WANG,

 6                                         Plea
                 Defendant.
 7   ------------------------------x

 8                                         New York, N.Y.
 9                                         May 3, 2024
                                           9:30 a.m.
10

11   Before:

12                     HON. ANALISA TORRES,

13                                         District Judge

14                           APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     BY:  JULIANA MURRAY
17        RYAN B. FINKEL
          MICAH FERGENSON
18        JUSTIN HORTON
          Assistant United States Attorneys
19
     BRENDAN QUIGLEY
20        Attorney for Defendant

21   Also Present:

22   Shi Feng, Interpreter (Mandarin Chinese)

23

24

25
```

O53FwanP

| | |
|---|---|
| 1 | (Case called) |
| 2 | THE COURT:  Good morning. |
| 3 | We're here in the *United States v. Yvette Wang*. |
| 4 | Would you make your appearances, please. |
| 5 | MS. MURRAY:  Good morning, your Honor. |
| 6 | Juliana Murray, Ryan Finkel, Micah Fergenson, and |
| 7 | Justin Horton on behalf of the United States. |
| 8 | MR. QUIGLEY:  Good morning, your Honor.  For Ms. Wang, |
| 9 | who is standing to my right, Brendan Quigley. |
| 10 | THE COURT:  And would the interpreters please |
| 11 | identify -- it's just yourself today? |
| 12 | THE INTERPRETER:  Yes. |
| 13 | THE COURT:  Would you please identify yourself. |
| 14 | THE INTERPRETER:  My name is Shi Feng.  I am the court |
| 15 | Mandarin interpreter. |
| 16 | THE COURT:  Please be seated. |
| 17 | Ms. Wang, do you understand what the interpreter is |
| 18 | saying? |
| 19 | THE DEFENDANT:  Yes. |
| 20 | THE COURT:  I understand that I must first arraign the |
| 21 | defendant on superseding indictment S3 and superseding |
| 22 | indictment S4; is that right? |
| 23 | MS. MURRAY:  Your Honor, yes; arraignment on |
| 24 | superseding indictment S3, and then the defendant will waive |
| 25 | indictment as to the information, which is the S4. |

O53FwanP

| | |
|---|---|
| 1 | THE COURT:  I see. |
| 2 | Ms. Wang, have you been given a copy of the |
| 3 | superseding indictment S3? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  Was it translated for you? |
| 6 | THE DEFENDANT:  Yes, your Honor. |
| 7 | THE COURT:  Do you want me to read it to you now in |
| 8 | public, or do you waive its public reading? |
| 9 | THE DEFENDANT:  Waive, your Honor. |
| 10 | THE COURT:  And how do you plead with respect to |
| 11 | superseding indictment S3? |
| 12 | THE DEFENDANT:  Not guilty, your Honor. |
| 13 | THE COURT:  Ms. Thompson, would you swear the |
| 14 | defendant. |
| 15 | (Defendant sworn) |
| 16 | THE COURT:  Do you understand that you're now under |
| 17 | oath and that if you answer any of my questions falsely, you |
| 18 | may be prosecuted for perjury based on any false answers? |
| 19 | MR. YANNELLA:  Yes; I understand, your Honor. |
| 20 | THE COURT:  Now I am referring to superseding |
| 21 | information S4.  This is a document which contains the charges |
| 22 | against you.  It's called an information.  It's been issued by |
| 23 | the United States Attorney.  Under the Constitution, you have a |
| 24 | right to be charged by an indictment issued by a grand jury |
| 25 | instead of by an information. |

O53FwanP

| | |
|---|---|
| 1 | A grand jury is a group of 23 ordinary citizens that |
| 2 | are called to jury service to hear the government's evidence in |
| 3 | criminal cases and decide whether the evidence is sufficient to |
| 4 | justify bringing you to trial.  In order to return an |
| 5 | indictment at least 12 of the grand jurors must vote for the |
| 6 | indictment, finding that there is probable cause that an |
| 7 | offense was committed and that you committed it. |
| 8 | Do you understand? |
| 9 | THE DEFENDANT:  Yes; I do, your Honor. |
| 10 | THE COURT:  You have a right to have these charges |
| 11 | considered by a grand jury, which means that without your |
| 12 | consent, these charges could even be brought unless approved by |
| 13 | the grand jury, but if you waive indictment by the grand jury, |
| 14 | the case will proceed against you based on the United States |
| 15 | Attorney's information just as if you had been indicted. |
| 16 | Do you understand? |
| 17 | MR. YANNELLA:  Yes; I do, your Honor. |
| 18 | THE COURT:  My law clerk is going to show you the |
| 19 | waiver of indictment, which I have marked as Court Exhibit |
| 20 | No. 1. |
| 21 | Was that waiver of indictment translated for you? |
| 22 | THE DEFENDANT:  Yes, your Honor.  I read it and in |
| 23 | English, and I understand it. |
| 24 | THE COURT:  So are you saying you did not need to have |
| 25 | the indictment translated? |

O53FwanP

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, your Honor. |
| 2 | THE COURT:  And is that your signature on the waiver |
| 3 | of indictment form? |
| 4 | THE DEFENDANT:  Yes; it is, your Honor. |
| 5 | THE COURT:  Did you read the waiver of indictment |
| 6 | before you signed it? |
| 7 | THE DEFENDANT:  Yes; I read it, your Honor. |
| 8 | THE COURT:  And did you discuss it with your lawyer |
| 9 | before signing it? |
| 10 | THE DEFENDANT:  Yes; I did, your Honor. |
| 11 | THE COURT:  He explained it to you? |
| 12 | THE DEFENDANT:  Yes; he did, your Honor. |
| 13 | THE COURT:  Do you understand that by signing the |
| 14 | form, you're giving up your right to have your case present to |
| 15 | a grand jury, and you're agreeing to permit the charges to be |
| 16 | filed by the United States Attorney instead? |
| 17 | THE DEFENDANT:  Yes; I understand, your Honor. |
| 18 | THE COURT:  You discussed with your attorney the |
| 19 | advantages and disadvantages of waiving indictment? |
| 20 | THE DEFENDANT:  Yes; we did, your Honor. |
| 21 | THE COURT:  Have any threats or promises been made, |
| 22 | other than by the prosecution in the written agreement, to get |
| 23 | you to waive indictment? |
| 24 | THE DEFENDANT:  No, your Honor. |
| 25 | THE COURT:  Do you wish to give up your right to be |

O53FwanP

| | |
|---|---|
| 1 | charged bay grand jury? |
| 2 | THE DEFENDANT:  Yes, your Honor. |
| 3 | THE COURT:  Does either counsel know of any reason why |
| 4 | I should find that the defendant has knowingly and voluntarily |
| 5 | waived her right to be indicted by a grand jury? |
| 6 | MS. MURRAY:  No, your Honor. |
| 7 | MR. QUIGLEY:  No, your Honor. |
| 8 | THE COURT:  I find that the defendant has knowingly |
| 9 | and voluntarily waived her right to be indicted by a grand |
| 10 | jury, and I authorize the filing of the information. |
| 11 | Ms. Wang, I'm told that you want to change your plea |
| 12 | and enter a plea of guilty; is that right? |
| 13 | THE DEFENDANT:  Yes, your Honor. |
| 14 | THE COURT:  Before deciding whether to accept your |
| 15 | guilty plea, I'm going to ask you some questions.  It is very |
| 16 | important that you answer my questions honestly and completely. |
| 17 | The purpose of these proceedings is to make sure that you |
| 18 | understand your rights, to decide whether you're pleading |
| 19 | guilty of your own free will, and to make sure that you are |
| 20 | pleading guilty because you are guilty and not for another |
| 21 | reason. |
| 22 | Do you understand? |
| 23 | THE DEFENDANT:  Yes; I do, your Honor. |
| 24 | THE COURT:  If you don't understand any of my |
| 25 | questions, or if you want at any time to consult with |

O53FwanP

1    Mr. Quigley, please say so, because it is important that you

2    understand every question before answering.

3                    How old are you?

4                    THE DEFENDANT:  I am 45 years old, madam, your Honor.

5                    THE COURT:  How far did you go in school?

6                    THE DEFENDANT:  I graduated with master's degree?

7                    THE COURT:  In what subject matter?

8                    THE DEFENDANT:  American Culture and Civilization.

9                    THE COURT:  And where was that?  What institution?

10                   THE DEFENDANT:  I graduated from France, L'Université

11   Charles de Gaule and L'Université Marc Blanch.

12                   THE COURT:  Have you ever been treat or hospitalized

13   for mental illness?

14                   THE DEFENDANT:  No, your Honor.

15                   THE COURT:  Have you ever been addicted to drugs or

16   alcohol?

17                   THE DEFENDANT:  Never, your Honor.

18                   THE COURT:  Are you now or have you recently under the

19   care of a doctor or psychiatrist.

20                   THE DEFENDANT:  For now, no, your Honor.

21                   THE COURT:  Have you taken any drugs, medicine, or

22   pills, or drunk any alcoholic beverages in the last 24 hours?

23                   THE DEFENDANT:  No.  No, your Honor.

24                   THE COURT:  Is there any medication that you're

25   supposed to be taking that you did not take?

O53FwanP

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Your mind is clear today?

3          THE DEFENDANT:  I am clear your Honor.

4          THE COURT:  You understand what's happening here in

5   this courtroom?

6          THE DEFENDANT:  Yes; I do, your Honor.

7          THE COURT:  Mr. Quigley, you discussed this matter

8   with your client?

9          MR. QUIGLEY:  I have, your Honor.

10          THE COURT:  Does she understand the rights that she

11   would be waiving by pleading guilty?

12          MR. QUIGLEY:  Yes, your Honor.

13          THE COURT:  She's capable of understanding the nature

14   of these proceedings?

15          MR. QUIGLEY:  Yes, your Honor.

16          THE COURT:  Does any attorney have any doubt as to the

17   defendant's competence to plead at this time?

18          MS. MURRAY:  No, your Honor.

19          MR. QUIGLEY:  No, your Honor.

20          THE COURT:  On the basis of Ms. Wang's responses to my

21   questions, my observations of her demeanor here in court, and

22   the representations of counsel, I find that the defendant is

23   fully competent to enter an informed plea of guilty at this

24   time.

25          We just discussed the information.

O53FwanP

1          You waived its public reading; correct?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  You confirmed that information was

4   translated for you?

5          THE DEFENDANT:  Yes.  I can understand it read in

6   English, so I didn't read the translated version, but I read

7   the English version, your Honor.

8          THE COURT:  And you reviewed the information with your

9   lawyer; is that right?

10          MR. YANNELLA:  Yes, your Honor.

11          THE COURT:  You understand that you're charged, in the

12   superseding information S4, with conspiracy to commit wire

13   frau,d, in violation of U.S.C. §§ 371 and 1343 and conspiracy

14   to commit money laundering, in violation of 18 U.S.C. §§ 371

15   and 1956(a)()1)(B)(i)?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Have you had enough time and opportunity

18   to discuss the case with your attorney?

19          THE DEFENDANT:  Yes, I did.

20          THE COURT:  Did you discuss with him the charges and

21   any possible defenses that you might have to the charges?

22          THE DEFENDANT:  Yes; we did, your Honor.

23          THE COURT:  And you discussed with your attorney all

24   of the facts about your own involvement in this matter?

25          THE DEFENDANT:  Yes; we did, your Honor.

O53FwanP

1          THE COURT:  And he told you the consequences of

2    pleading guilty?

3          THE DEFENDANT:  Yes, he did, your Honor.

4          THE COURT:  And you're satisfied with your attorney's

5    representation of you?

6          THE DEFENDANT:  Yes; I am, your Honor.

7          THE COURT:  I am now going to explain certain

8    constitutional rights that you have.  These are rights that

9    you'll be giving up if you enter a guilty plea.

10          Please listen carefully to what I'm about to say, and

11   if you don't understand something, stop me, and your attorney

12   or I will explain the matter more fully.

13          Under the Constitution and laws of the United States,

14   you have a right to plead not guilty to the charge in the

15   information.

16          You understand?

17          THE DEFENDANT:  Yes; I do, your Honor.

18          THE COURT:  And if you did plead not guilty, you would

19   be entitled, under the Constitution, to a speedy and public

20   trial by a jury.

21          You understand?

22          THE DEFENDANT:  Yes; I do, your Honor.

23          THE COURT:  At trial, you would be presumed to be

24   innocent, and the government would be required to prove you're

25   guilty beyond a reasonable doubt before you could be found

O53FwanP

1    guilty.  That means you would not have to prove that you were

2    innocent, and you could not be convicted unless a jury of 12

3    people agreed unanimously that you're guilty beyond a

4    reasonable doubt.

5            Do you understand?

6            THE DEFENDANT:  Yes; I do, your Honor.

7            THE COURT:  At trial, and at every stage of your case,

8    you would be entitled to be represented by an attorney, and if

9    you could not afford one, one would be appointed at public

10    expense, free of charge, to represent you.

11            You understand?

12            THE DEFENDANT:  Yes; I understand, your Honor.

13            THE COURT:  During trial, the witnesses for the

14    prosecution would have to come to court and testify in your

15    presence where you could see and hear them, and your lawyer

16    could cross-examine them, and if you wanted, your lawyer could

17    offer evidence on your behalf.  You would be able to use the

18    Court's power to compel witnesses to come to court to testify

19    in your defense, even if they did not want to come.

20            Do you understand?

21            THE DEFENDANT:  Yes; I understand, your Honor.

22            THE COURT:  At trial, you would have the right to

23    testify if you wanted to, but you would also have to right not

24    to testify.  And if you chose not to testify, that could not be

25    used against you in any way.  No inference or suggestion of

O53FwanP

1    guilt could be made from the fact that you did not testify.

2             You understand?

3             THE DEFENDANT:  Yes; I understand, your Honor.

4             THE COURT:  If you were convicted at trial, you would

5    have the right to appeal that verdict to a higher court.

6             You understand?

7             THE DEFENDANT:  Yes; I understand, your Honor.

8             THE COURT:  As I said before, you have the right to

9    plead not guilty.  Even right now as you sit here for the

10   purpose of entering a guilty plea, you have the right to change

11   your mind and go to trial.  But if you do plead guilty and if I

12   accept your plea, you'll be giving up your right to go to trial

13   and the other rights that go with it, which I have just

14   described.

15            If you plead guilty, there will be no trial.  All that

16   will remain to be done is to impose sentence.  I will enter a

17   judgment of guilty and sentence you on the basis of your guilty

18   plea after considering whatever submissions I get from you,

19   your lawyer, and the government, as well as a presentence

20   report prepared by probation.

21            Do you understand?

22            THE DEFENDANT:  Yes; I understand, your Honor.

23            THE COURT:  If you plead guilty, do you understand

24   that you also have to give up your right to not incriminate

25   yourself, because I will ask you questions about what you did

O53FwanP

1    in order to satisfy myself that you're guilty as charged.

2            You understand?

3            THE DEFENDANT:  Yes; I understand, your Honor.

4            THE COURT:  You understand that each and every one of

5    these rights?

6            THE DEFENDANT:  Yes; I understand, your Honor.

7            THE COURT:  Ms. Wang, are you willing to give up your

8    right to a trial and the other rights that I have just

9    discussed with you?

10           THE DEFENDANT:  Yes; I am, your Honor.

11           THE COURT:  You said before that you read the

12   superseding information containing the charges against you, and

13   I understand that you intend to plead guilty to Counts One and

14   Two, in violation of U.S.C. §§ 371, 1343 and 1956(a)(1)(B)(i);

15   is that right?

16           THE DEFENDANT:  They are right, your Honor.

17           THE COURT:  Would the government please state the

18   elements of the offense in question.

19           MS. MURRAY:  Yes, your Honor.

20           In order to prove the defendant guilty of Count One,

21   the government would have to prove the following elements

22   beyond a reasonable doubt:

23           First, that two or more persons entered into an

24   unlawful agreement to conspire to commit wire fraud;

25           Second, that the defendant knowingly and willfully

O53FwanP

1    became a member of the conspiracy;

2            Third, that one of the members of the conspiracy

3    knowingly committed at least one of the overt acts charged in

4    the information, and;

5            Fourth, that the overt act was committed to further

6    some objective of the conspiracy.

7            The elements of the underlying wire fraud charge are:

8            First, that there was a scheme or artifice to defraud

9    a victim of money or property by means of false or fraudulent

10   pretenses, representations, or promises;

11           Second, that the defendant participated in the scheme

12   to defraud knowingly and with the intent to defraud, and;

13           Third, that an interstate or international wire

14   communication was used in furtherance of the scheme to defraud.

15           In order no prove the defendant guilty of Count Two,

16   the government would have to prove the following elements

17   beyond a reasonable doubt:

18           It's the same four conspiracy elements as in Count

19   One, except that it's an unlawful agreement to conspire to

20   commit money laundering, and;

21           With respect to the underlying money laundering

22   charge, the elements are:

23           First, that the defendant conducted or attempted to

24   conduct a financial transaction involving property constituting

25   the proceeds of specified unlawful activity, which here is the

O53FwanP

wire fraud charged in Count One;

Second, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity, and;

Third, that the defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of the proceeds of the specified unlawful activity.

Additionally, the government would have to prove by a preponderance of the evidence that venue in this district is proper.

THE COURT:  Ms. Wang, do you understand that if you were to go to trial, aside from the element of venue, the government would have to prove the remaining elements beyond a reasonable doubt?

THE DEFENDANT:  Yes; I do, your Honor.

THE COURT:  And you understand that if you were to go to trial, the element of venue would have to be proved by a preponderance of the evidence?

THE DEFENDANT:  Yes; I do, your Honor.

THE COURT:  I'm going to tell you now about the maximum penalties.  The maximum penalty means the most that could possibly be imposed.  It doesn't mean that this is what you will receive.  You have to understand that by pleading guilty, you are exposing yourself to the possibility of

O53FwanP

1    receiving any combination of punishments up to the maximums

2    that I'm about to describe.

3             You understand?

4             THE DEFENDANT:  I understand, your Honor.

5             THE COURT:  With regard your liberty, Count One and

6    Count Two each carry a maximum term of imprisonment of five

7    years.  That means that the total maximum term of imprisonment

8    for these crimes is ten years, which could be followed by

9    supervised release for up to three years.

10             You understand?

11             THE DEFENDANT:  Yes; I do, your Honor.

12             THE COURT:  Supervised release means that if you're

13    sentenced to prison, you'll be subject to supervision by the

14    probation department after your release.  There will be rules

15    of supervised release that you'll have to follow, and if you

16    violate them, you can be returned to prison without a jury

17    trial to serve additional time even beyond the original

18    sentence.

19             You understand?

20             THE DEFENDANT:  Yes; I understand, your Honor.

21             THE COURT:  You should also understand that parole has

22    been abolished in the federal system and that if you are

23    sentenced to prison, you will not be released early on parole,

24    although there is a limited opportunity to earn credit for good

25    behavior.

O53FwanP

1          You understand?

2          THE DEFENDANT:  Yes; I understand, your Honor.

3          THE COURT:  In addition to these restrictions on your

4    liberty, the maximum punishment also includes certain financial

5    penalties.  Maximum allowable fine for each count is the

6    greatest of $250,000, twice the gross pecuniary gain derived

7    from the offense or twice the gross pecuniary loss to persons

8    other than you resulting from the offense.

9          Do you understand that these are the possible maximum

10   penalties for Counts One and Two?

11         THE DEFENDANT:  Yes; I understand, your Honor.

12         THE COURT:  For Count One, I can also order

13   restitution to any persons or entities injured as a result of

14   your criminal conduct.  The superseding information also

15   includes a forfeiture allegation.  In the allegation, the

16   government asserts that you are required to forfeit to the

17   United States any and all property, real or personal,

18   constituting or derived from any proceeds traceable to the

19   commission of the crime charged in Count One and any and all

20   property, real and personal, involved in the crime charged in

21   Count Two or any property traceable to such property, including

22   but not limited to a sum of money in United States currency

23   representing the amount of property involved in the offense.

24         You understand that it's possible that you could be

25   sent to prison for ten years?

O53FwanP

1          THE DEFENDANT:  Yes; I understand, your Honor.

2          THE COURT:  Please understand also that I'm just

3     telling you about the punishments that are part of the

4     sentence.  Being convicted of a felony by, even if by a plea of

5     guilty, may have other consequences.  If you're a U.S. citizen,

6     you may lose certain valuable civil rights to the extent you

7     have them now as a result of your guilty plea, such as the

8     right to vote, the right to hold public office, the right to

9     serve on a jury, and the right to possess a firearm.  If you

10    are not a U.S. citizen, your guilty plea may result in your

11    deportation from the United States.

12         Did you discuss the immigration consequences of your

13    plea with Mr. Quigley?

14         THE DEFENDANT:  Yes; we did, your Honor.

15         THE COURT:  In imposing sentence, federal judges are

16    required to consider the reasonable accommodations of the

17    federal sentencing guidelines.  The guidelines are a

18    complicated set of rules for determining an appropriate

19    sentence.  Judges must pay attention to the sentencing

20    guidelines in determining a sentence, but in the end, a judge

21    is required to give the sentence that she leaves best satisfies

22    the purposes of the criminal law, even if that is higher or

23    lower than the guideline recommendation.

24         Have you discussed the sentencing guidelines with your

25    attorney?

O53FwanP

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, I did, your Honor. |
| 2 | THE COURT:  And you understand that the guidelines are |
| 3 | only recommendations to the Court? |
| 4 | THE DEFENDANT:  Yes; I do, your Honor. |
| 5 | THE COURT:  I understand that there is a written plea |
| 6 | agreement that you have signed; is that right? |
| 7 | MR. YANNELLA:  Yes, your Honor. |
| 8 | THE COURT:  My law clerk is going to show you the |
| 9 | original letter plea agreement, dated May 3,2024, from |
| 10 | Assistant United States Attorney Juliana Murray to your |
| 11 | attorney, Brendan Quigley.  I'm going to mark this as Court |
| 12 | Exhibit No. 2. |
| 13 | Is this your signature on the last page of the |
| 14 | agreement? |
| 15 | THE DEFENDANT:  Yes, your Honor. |
| 16 | THE COURT:  You read the agreement before you signed |
| 17 | it? |
| 18 | THE DEFENDANT:  Yes; I did, your Honor. |
| 19 | THE COURT:  Was it translated for you? |
| 20 | THE DEFENDANT:  No, your Honor.  English is my second |
| 21 | language.  I can read with some help from a translator, but |
| 22 | this agreement, I spent time with my attorney.  I'm good.  I |
| 23 | read it. |
| 24 | THE COURT:  So you fully understood it, even though it |
| 25 | was not translated for you? |

O53FwanP

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  And you discussed it with Mr. Quigley

3    before you signed it; right?

4            THE DEFENDANT:  Yes; I did, your Honor.

5            THE COURT:  I realize it is a long document and

6    contains some technical legal language, but after discussing it

7    with your attorney, do you understand the terms of the

8    agreement?

9            THE DEFENDANT:  Yes; I understand, your Honor.

10            THE COURT:  It appears that you and the government

11    have agreed on the appropriate calculation of your sentence

12    under the guidelines; is that right?

13            THE DEFENDANT:  Yes, your Honor.

14            THE COURT:  And the agreement is that the appropriate

15    guidelines sentence is the 120 months.  That means that,

16    pursuant to your agreement, neither you nor the government are

17    allowed to argue to me for a different guidelines calculation

18    than the one in the agreement, although you make seek a

19    sentence outside that.

20            Do you understand?

21            THE DEFENDANT:  Yes; I do, your Honor.

22            THE COURT:  You should understand that this agreement

23    does not bind me in any way.  I am required to make any own

24    independent calculation under the sentencing guidelines and

25    then impose a sentence based on what I believe is the

O53FwanP

1    appropriate sentence for you, even if that sentence is

2    different from the one in the agreement.

3                You understand?

4                THE DEFENDANT:  Yes; I understand, your Honor.

5                THE COURT:  I'm not saying that I will come up with a

6    different sentence from the one that you agree to with the

7    government, but if I do, then I will not let you withdraw your

8    plea, even if the sentence I determine is higher than the one

9    you agreed to with the government.

10               You understand?

11               THE DEFENDANT:  I fully, understand, your Honor.

12               THE COURT:  You understand that under the agreement,

13   you're giving up your right to appeal or otherwise challenge

14   your sentence, so long as I sentence you to 120 months of

15   imprisonment or less?

16               THE DEFENDANT:  Yes, your Honor.

17               THE COURT:  A fine a $500,000 or less?

18               THE DEFENDANT:  Yes, your Honor.

19               THE COURT:  A forfeiture amount of 1.4 billion or

20   less.

21               THE DEFENDANT:  Yes, your Honor.

22               THE COURT:  A restitution amount of 1.4 billion or

23   less?

24               THE DEFENDANT:  Yes, your Honor.

25               THE COURT:  And a special assessment of $100 or less?

O53FwanP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  If I sentence you to more than 120 months'

3    imprisonment for any reason, you have the right to appeal that

4    sentence, but so long as I sentence you to 120 months or less,

5    you may not appeal your sentence under the agreement.

6          You understand?

7          THE DEFENDANT:  Yes; I understand, your Honor.

8          THE COURT:  You understand that under the agreement,

9    you are giving up the right to withdraw your plea or challenge

10    your conviction on few specific grounds, which I am about to

11    describe.

12          First, under the agreement, you are giving up your

13    right to withdraw your plea or to challenge your conviction on

14    the grounds that the government has failed to produce the

15    following categories of material as of the date of the signing

16    of the agreement: any material that it was required to produce

17    during discovery; statements of any government witness relating

18    to the subject matter about which the witness would be expected

19    to testify; material that could be used to impeach or attack

20    the testimony of any government witness, and; material

21    favorable to you that could cast doubt on your guilt or reduce

22    your sentence other than information establishing your factual

23    innocence.

24          Do you understand?

25          THE DEFENDANT:  Yes, your Honor.

O53FwanP

1          THE COURT:  Second, under the agreement, you're also

2    giving up the right to withdraw your guilty plea and the right

3    to challenge your conviction or sentence based on any actual or

4    perceived adverse immigration consequences, including

5    deportation resulting from the guilty plea and conviction.

6          So for example, if you are deported following your

7    guilty plea and conviction, or if the government later turns

8    over material that would tend to cast doubt on your guilt,

9    other than material that establishes your innocence, you will

10    not be able to withdraw your plea or challenge your conviction

11    on those grounds.

12          You understand?

13          THE DEFENDANT:  I understand, your Honor.

14          THE COURT:  Did you willingly sign the agreement?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Did anyone force you or bribe you?

17          THE DEFENDANT:  No, your Honor.  No.

18          THE COURT:  Does the written agreement constitute your

19    complete and total understanding of the agreement between you

20    and the government?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  You understand that if your attorney or

23    anyone else has attempted to predict what your sentence will

24    be, their prediction may be wrong?

25          THE DEFENDANT:  I understand, your Honor.

O53FwanP

1          THE COURT:  I'm asking you this because no one, not

2     your attorney or the prosecutors, not even I can be sure now

3     what your sentence will be, because that sentence cannot be

4     determined until I received presentence investigation report,

5     and until I have decided what is the correct sentence

6     calculation based on the sentencing guidelines and whether

7     there is any basis for not following the guidelines.

8          THE DEFENDANT:  I fully understand, your Honor.

9          THE COURT:  Even if your sentence is different from

10    what your attorney or anyone else has predicted, even if it's

11    different from what you expect, once you've pleaded guilty, you

12    will not be allowed to withdraw your plea.

13          You understand?

14          THE DEFENDANT:  I understand, your Honor.

15          THE COURT:  Other than what is contained in the plea

16    agreement, has anyone made any promise or offered you any

17    inducement to plead guilty?

18          THE DEFENDANT:  No, your Honor.  No.

19          THE COURT:  Has anyone threatened, bribed, or forced

20    you to plead guilty?

21          THE DEFENDANT:  No your Honor.

22          THE COURT:  Has anyone made a promise to you as to

23    what your sentence will be?

24          THE DEFENDANT:  No, your Honor.

25          THE COURT:  Now that you've been advised of the

O53FwanP

1    charges against you, the possible penalties you face, and the

2    rights you're giving up, is it still your intention to plead

3    guilty to Counts One and Two of the S4 superseding information?

4             THE DEFENDANT:  Yes, your Honor.

5             THE COURT:  With respect to Count One, how do you

6    plead?

7             THE DEFENDANT:  Guilty.

8             THE COURT:  And with respect to Count Two, how do did

9    you plead?

10            THE DEFENDANT:  Guilty.

11            THE COURT:  Now I want you to tell me in your own

12   words what you did that makes you believe that you're guilty of

13   the charges in the superseding information?

14            THE DEFENDANT:  Yes, your Honor.

15            Your Honor, I will speak in English, because English

16   is my second language, but if you can't understand me, I will

17   ask Ms. Translator to help me.

18            THE COURT:  I understand you perfectly.

19            THE DEFENDANT:  Thank you, your Honor.  Thank you.

20            In about June 2020, I was directed by others to wire

21   approximately 100 million U.S. dollars from a bank account in

22   New York to Hayman Capital Management, a hedge fund in Texas.

23   I knew these funds had been received from investors in the GTV

24   offering.  At the time, I had concerns.  I knew -- I knew, and

25   I had concerns based on what I knew about representations to

O53FwanP

1  GTV investors, that this use of funds was improper, but I

2  nevertheless agreed and went ahead and made the wire transfer

3  anyway.

4        In addition, before sending the money to the hedge

5  fund, I agreed with others to transfer the money between two

6  accounts in New York.  The money was sent to the hedge fund

7  from an account belonging to Saraca, the entity that had the

8  agreement with the hedge fund, so it appeared the money came

9  from Saraca.

10       I knew what I was doing was wrong.  I take my

11 responsibility, and I'm very sorry for my actions, your Honor.

12       THE COURT:  So at the time, you knew, based on what

13 you knew about the representations to GTV investors, that the

14 use of funds was improper?

15       THE DEFENDANT:  Yes, your Honor.

16       THE COURT:  AUSA Murray, are there any additional

17 questions that you want me to put to Ms. Wang?

18       MS. MURRAY:  Not with respect to the allocution, your

19 Honor.

20       I would just ask that you confirm that the defendant

21 understands that there's a $100 mandatory special assessment as

22 to each count, so it's a collective $200 mandatory special

23 assessment.

24       THE COURT:  Do you understand that with respect to

25 each count, there is a $100 mandatory special assessment?

O53FwanP

| 1 | THE DEFENDANT:  I understand, your Honor. |
|---|---|

1          THE DEFENDANT:  I understand, your Honor.

2          THE COURT:  For a total of $200.

3          THE DEFENDANT:  I understand, your Honor.

4          THE COURT:  AUSA Murray, would you summarize what the

5     government's evidence would be, were the defendant to go to

6     trial.

7          MS. MURRAY:  Yes, your Honor.

8          If we were to go to trial, the government's evidence

9     would include but not be limited to: witness testimony and

10    other evidence that the defendant functioned as the effective

11    chief of staff to Miles Guo, including at various of companies

12    he controlled, which are referred to as the G Entities in the

13    government's indictment.

14         We would establish through bank records that the

15    defendant was the authorized signer on various accounts that

16    were used for fraud proceeds.

17         We would introduce emails and other electronic

18    communications, including communications among the defendant

19    and coconspirators; subpoena returns, including from certain of

20    the G Entities and from other businesses; records of domestic

21    and international wire transfers of fraud proceeds; the

22    contents of cell phones, including communications between the

23    defendant, Miles Guo, and others, and; evidence regarding the

24    defendant's transfer of $100 million of GTV private placement

25    funds into the Hayman Capital hedge fund for the benefit of

O53FwanP

1    Saraca Media Group, GTV's parent company, which was

2    beneficially owned by Guo's son, Miles's son; and; IP logs

3    reflecting that the defendant made that transfer from

4    Manhattan.

5          THE COURT:  Do both attorneys agree that there is a

6    sufficient factual predicate far guilty plea?

7          MS. MURRAY:  Yes, your Honor.

8          MR. QUIGLEY:  Yes, your Honor.

9          THE COURT:  Mr. Quigley, do you know of any valid

10   defense that would prevail at trial?

11         MR. QUIGLEY:  No, your Honor.

12         THE COURT:  Does either attorney know of any reason

13   that I should not accept defendant's plea of guilty?

14         MS. MURRAY:  No, your Honor.

15         MR. QUIGLEY:  No, your Honor.

16         THE COURT:  Ms. Wang, because you acknowledge that you

17   are, in fact, guilty as charged in the superseding information

18   S4, because I'm satisfied that you know of your rights,

19   including your right to go to trial and that you are aware of

20   the consequences of your plea, including the sentence which may

21   be imposed, because I find that you are knowingly and

22   voluntarily pleading guilty, I accept your plea and enter a

23   judgment of guilty on Counts One and Two of the superseding

24   information.

25         The probation department will want to interview you in

O53FwanP

1    connection with a presentence report that it will prepare.

2          Does defense counsel wish to be present for any

3    interview in connection with the report?

4          MR. QUIGLEY:  Yes, your Honor.

5          THE COURT:  If you choose to speak to probation,

6    Ms. Wang, make sure that anything you say is truthful and

7    accurate.  Do not lie.  If you lie, you can be independently

8    prosecuted for lying to probation.

9          Do you understand that?

10          THE DEFENDANT:  I understand, your Honor.

11          THE COURT:  I will read the report carefully.  It is

12    important to me in deciding what sentence to impose.  You and

13    your counsel have a right to examine the report and to comment

14    on it at the time of sentencing.  I urge you to read it and

15    discuss it with your attorney.  If there are any mistakes in

16    it, point them out to your lawyer so that he can bring them up

17    to me.

18          Sentencing is set for September 10, 2024, at 11 a.m.

19    The government shall provide the probation officer with its

20    factual statement within seven days.

21          Defense counsel must arrange for Ms. Wang to be

22    interviewed by the probation department within the next two

23    weeks.  Defendant's sentencing submission is due on August 20,

24    2024, three weeks prior to sentencing.  The government's

25    submission is due on August 27, two weeks prior to sentencing.

O53FwanP

1              Defendant shall remain in custody pending sentencing.

2              Are there any further applications by either side?

3              MS. MURRAY:  Your Honor, two minor points, just in an

4    abundance of caution, that I would just note for the record

5    that the defendant responded to all of the Court's questions

6    today in English.  And the second point, I would just ask your

7    Honor to inquire whether the defendant admits to the forfeiture

8    allegations in the information.

9              THE COURT:  You may recall that I said that the

10   superseding information includes a forfeiture allegation.

11   There's one with respect to Count One, and it involves any and

12   all property, real and personal, involved in the crime charged

13   in Count Two, and I further elaborated on that.

14             Do you admit to that?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Anything further?

17             MS. MURRAY:  No, your Honor.  Thank you.

18             MR. QUIGLEY:  Nothing from us, your Honor.  Thank you.

19             THE COURT:  Counsel, I'd like you to step up, please.

20             (Sidebar; discussion off the record)

21             THE COURT:  All right.  The matter is adjourned.

22             (Adjourned)

23

24

25