**BAKER BOTTS** L.L.P.

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

**NEW YORK**
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

December 16, 2024

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Brendan F. Quigley
TEL: 2124082520
FAX: 2122592520
brendan.quigley@bakerbotts.com

    Re:    *United States v. Yanping Wang*, 23 Cr. 118-3 (AT)

Dear Judge Torres:

    We represent Yvette Wang in this matter. We write in brief response to the government's November 22 and December 11, 2024 submissions and the letters filed therewith.

    Ms. Wang fully accepts responsibility for the wire-fraud and money-laundering conspiracies to which she pled guilty and sincerely regrets the harm caused to victims of these offenses. That, however, does not require Ms. Wang or counsel to sit idly by while false accusations are levied at her, or to accept the government's apparent position that she should be held responsible for speech by other individuals on social media in recent weeks or months.

    First, the letters' allegations of acts of "bullying and harassment"[1] by defendants' supposed "followers"[2] and "Guo's gang members,"[3] are irrelevant to the application of the 18 U.S.C. § 3553(a) factors at Ms. Wang's sentencing.

---

[1] Statement 133.

[2] Statement 127.

[3] Statements 129 and 130. Statements 129 and 130 appear to be the same email, albeit signed by two purportedly different individuals seven minutes apart. Relatedly, while the government's November 11 cover letter repeatedly states that "126" victims submitted statements and purports to provide a breakdown of alleged losses, numerous statements appear to be from the same individuals and/or to be included multiple times, resulting in double-counting. *Compare, e.g.*, Statements 50 *and* 52 (same author); 10 *and* 70 (same author; continuation of same email chain); 62, 67, *and* 83 (same author); 17 *and* 72 (same author); 75 *and* 80 (same author; continuation of same email chain); 6 and 84 (same author; continuation of the same email chain); 15 *and* 86 (same author and content); 1 and 113 (same author); 20 and 133 (same author). Others have nearly identical content even though, in at least some cases, they are purportedly authored by different individuals. *Compare, e.g.*, Statements 95 *and* 124 (extremely similar content, including identical investment amounts); 101 *and* 102; 93 *and* 122 (nearly identical content; including identical investment amounts); 109 *and* 110 (nearly identical content, including identical investment amounts). Other letters, despite purporting to be from different individuals, use nearly identical, unique phraseology to make allegations. *See, e.g.*, Statements 6 and 10 (falsely contending that "Although Yvette Wang has pleaded

**BAKER BOTTS** LLP

The Honorable Analisa Torres — - 2 - — December 16, 2024

For one, government has already (albeit begrudgingly) acknowledged that at least one of these allegations (Statement 127) is at best unfounded or at worst a knowingly false statement to the Court intended to influence the sentencing proceedings. Yet, for reasons that are unclear, the government chose to submit it again to the Court on December 11.

In any event, none of these allegations concern Ms. Wang personally. None are plausibly in furtherance of any conspiracy to which she pled guilty. And in sentencing Ms. Wang, the Court is sentencing an individual, not the "Guo Enterprise"[4] or Mr. Guo's followers generally.[5] To the extent the government credits any of the allegations of recent harassment and believes they cross the line into "true threats,"[6] the proper course of action to investigate the individuals responsible, not to make Ms. Wang a sacrificial lamb.

Second, numerous letters raise false and baseless allegations against Ms. Wang.

Perhaps most significantly, certain victims falsely accuse Ms. Wang of continuing to engage in criminal conduct in recent months and through the present. For example, the author of Statement 133, apparently the same individual who authored Statement 20, falsely claims that Ms. Wang "continue[s] to engage in coordinated criminal actions" and "continues to orchestrate criminal activities externally to this day." Other statements are to similar—and false—effect. *See, e.g.*, Statements 35; 46; 85; 105 (alleging Ms. Wang continues "every day to remotely command the accomplices"); 111; 120. Ms. Wang has not engaged in any such conduct, and surely, if there was any independent evidence of such conduct, the Court would have heard about it from the government by now.

Two other letters, Statements 6 and 10, claim—in strangely identical language—that Ms. Wang "contacted me many times as Guo's secretary and gained my trust." This is false. Ms. Wang denies these allegations, and she did not directly solicit any investors in connection with GTV, G Clubs, Farm Loans, or Himalaya Exchange. Other letters strangely claim that Ms. Wang was

---

guilty, she still uses her lawyer to delay sentencing"); *compare also* Statement 39 (contending that "Guo Wengui claims that his goal is to promote China to become a country of rule of law, democracy, and freedom. This grand vision deeply attracted me . . . ." *with* Statements 66, 99, 98, 101, 102, 107, 123, 125, and 126 (all containing nearly identical phraseology)).

[4] Indeed, the government agreed to dismiss S3 Indictment against Ms. Wang, which contains the RICO count, under the terms of the plea agreement.

[5] *See generally* Transcript, *United States v. Crupi*, No. 10 Cr. 228 (LTS) (S.D.N.Y. Dec. 15, 2014) ECF. No 1478 at 80 (Judge Swain emphasizing, in sentencing a defendant convicted after trial of participating for decades in the "world's most extensive Ponzi scheme," to **72 months**, "I am sentencing a single individual," not the institution that perpetrated the scheme or other co-conspirators).

[6] *See generally, e.g.*, *Watts v. United States*, 394 U.S. 705, 707 *(*1969) (distinguishing between "true threats" and First Amendment protected activity; directing entry of judgment of acquittal in case involving threats against the President of the United States).

**BAKER BOTTS** LLP

The Honorable Analisa Torres — - 3 - — December 16, 2024

trained by the Chinese military[7] and is a really a communist agent, arguments that are at odds with ███████████████████████████████████████████████████████████. To the extent these materials are at all relevant under 18 U.S.C. § 3553(a) to Ms. Wang's sentencing, they provide further evidence of the harassment and false rumors followed Ms. Wang since she arrived in the United States in 2017, which is relevant to Ms. Wang's state of mind at the time of the offense conduct and help explain her dependence on, and loyalty to, her employer during that time. *See also* Wang Sentencing Submission at 6-9; Wang 11/7/24 Ltr. to the Court at 4.

Finally certain of the letters appear to come from individuals who were not victim-investors and whose status as statutory victims is (at best) unclear. For example, Statement 134 was submitted on behalf of an entity that, based on trial testimony, retained $5 million of investor funds (far more than Ms. Wang, who did not materially benefit from the offense), while bankrolling a racecar sponsorship. See Guo Trial Tr. 2887:10-11, 2888:20-2889:17, 2890:16-23. Further, despite Statement 134's references to Ms. Wang, while under oath at trial this individual repeatedly testified, across multiple days, he had no recollection of dealings with Ms. Wang. Trial Tr. 2764:24-2765:1; 2860:20-21.

***

We thank the Court for its consideration of these issues.

Respectfully submitted,

*/s/ Brendan F. Quigley*
Brendan F. Quigley

---

[7] Statement 62, 109, 110.