UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

HO WAN KWOK,
a/k/a "Miles Guo," a/k/a "Miles Kwok," a/k/a "Guo Wengui," a/k/a "Brother Seven," a/k/a "The Principal,"

KIN MING JE, a/k/a "William Je," and

YANPING WANG, a/k/a "Yvette,"

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VERIFIED PETITION UNDER FED. R. CRIM. P. 32.2 AND 21 U.S.C. § 853(n) FOR ADJUDICATION OF PETITIONER'S RIGHT TO SPECIFIC PROPERTY OF $51,500.00

S1 23 CR 118 (AT)

    CHI YU YANG (the "Petitioner"), by and through his undersigned counsel, Peter Katz, Esq., Law Offices of Peter Katz, LLC, pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, herby respectfully petitions the Court for a determination of the Petitioner's interest in specific property subject to the Court's *Consent Preliminary Order of Forfeiture as to Specific Property/Money* Judgment, signed by Your Honor on January 6, 2025 and entered on January 7, 2025, (the "Forfeiture Order") which includes various bank accounts ("Forfeited Accounts"), Dkt. 488, to exclude all property in which the Petitioner has right, title, and interest, namely, $51,500.00 (the "Property"). In support hereof, Petitioner states as follows:

1. In 2020, Petitioner was solicited to invest in G|CLUBS.

2. Petitioner was promised, by the Defendants and others, outsized financial returns and other benefits.

3. As a result of the Defendants false and fraudulent claims, Petitioner invested $51,500.00 in G|CLUBS.

4. In particular, Petitioner sent U.S. currency, upon information and belief, to the custody and control of Defendants into the Forfeited Accounts as detailed below.

5. On October 17, 2020, Petitioner invested $10,000.00 with G|CLUBS providing the funds via wire transfer to Defendants via Order Number GC2010171626351 to G|CLUBS for payment for the Initial Membership Payment.

6. On October 19, 2021, Petitioner invested $500.00 with G|CLUBS providing the funds to Defendants via Order Number WS2110191751231 for the Annual Fee.

7. On February 1, 2022, Petitioner invested $10,000.00 with G|CLUBS providing the funds to Defendants via Order Number LX22020202244521 for the Membership Upgrade through the "Farm Loan Program."

8. On September 26, 2022, Petitioner invested $1,000.00 with G|CLUBS providing the funds to Defendants via Order Number LC2209262238341.

9. On November 23, 20222, Petitioner invested $20,000.00 with G|CLUBS providing the funds to Defendants via Order Number FR2211231411311.

10. On February 28, 2023, Petitioner invested $10,000.00 with G|CLUBS providing the funds to Defendants via Order Number FP2302281615131.

| Transaction Type | Order Number | Total Amount | Payment Method | Recipient | Memo |
|---|---|---|---|---|---|
| Membership | GC2010171626351 | $10,000.00 | Wire | G-Clubs | Initial Membership Payment |
| Annual Fee | WS2110191751231 | $500.00 | Check | G-Clubs | Annual Fee |
| Membership | LX2202020244521 | $10,000.00 | Wire | J and K Wholesale Corp, G-Clubs | Membership Upgrade through "Farm Loan Program" |
| Annual Fee | LC2209262238341 | $1,000.00 | Check | G-Clubs | Annual Fee |
| Membership | FR2211231411311 | $20,000.00 | Check | G-Clubs | Membership Upgrade |
| Membership | FP2302281615131 | $10,000.00 | Check | G-Clubs | Final Membership Upgrade |

The total amount transferred to Defendants in the Forfeited Accounts: **$51,500 USD**. Upon information and belief, these funds were transferred into Account Number MBI10103-000 at Mercantile Bank International, held in the name of "G Club International Ltd." and seized by the Government on or about October 16, 2022 (23-FBI-000287), among potentially other Forfeited Accounts.

11. Petitioner never received any funds or investment back from Defendants, having now suffered a total loss of his $51,500.00 investment.

12. In March 2023, Defendants Kwok and Wang were arrested. Defendant Je remains at large.

13. Petitioner was not aware of the criminal nature of G|Clubs leading up to the arrest of the Defendants. After the arrest, Petitioner learned that the Defendants were charged with Conspiracy to Commit Wire Fraud, Securities Fraud, Bank Fraud, and Money Laundering, in violation of 18 U.S.C. §1349, as well as related substantive counts.

14. On May 3, 2024, Defendant Wang pled guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 pursuant to a plea agreement with the Government, wherein Defendant Wang agreed to forfeit to the United States a sum of money equal to $1.4 Billion through various accounts and other property, including forfeiting all right, title, and interest of the Property. See Dkt. 325.

15. On May 3, 2024, Defendant Wang consented to the entry of Preliminary Order of Forfeiture as to Specific Property/Money Judgment, including all funds provided by Petitioner into the Forfeited Accounts as detailed above. See Dkt. 329.

16. On July 18, 2024, Defendant Kwok was convicted after a Jury Trial of Racketeering Conspiracy, Conspiracy to commit, Wire or Bank, Money Laundering and Securities Fraud, as well as related substantive counts. See Dkt. 395.

17. On January 7, 2025, Defendant Wang was sentenced by Your Honor to 120 months imprisonment. See Dkt. 489.

18. On January 7, 2025, Your Honor signed the Order of Forfeiture as to Specific Property/Money Judgment. See Dkt. 488.

19. Petitioner was not consulted prior to the entry of the Forfeiture Order. Petitioner had no knowledge that Defendant Wang consented to forfeit the Property.

20. As a victim of Defendant Wang, Petitioner has an interest in the Property which Defendant Wang had no authority to agree to forfeit. Rather, Petitioner has a superior interest in the Property which cannot be the subject of the Forfeiture Order relating to Defendant Wang.

21. Petitioner was not involved in the aforementioned crimes, except as a victim, nor was he knowledgeable of the Defendants illicit and illegal activities. Accordingly, Petitioner is also an innocent third party pursuant to 21 U.S.C. § 853(n). Any third party "asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may... petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition, which is sworn and signed by the petitioner, "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and additional facts supporting the petitioner's claim, and the relief sought." *Id*. § 853(n)(3).

22. Here, Petitioner is the lawful owner of the Property – having been defrauded of the Property by the Defendants.

23. In the alternative, Petitioner is a bona fide purchaser for value of his interest in the Property under 21 U.S.C. § 853(n)(6)(B), as he provided the Property to Defendants under false and fraudulent pretenses.

24. Petitioner was made aware of the Order of Forfeiture by viewing it at www.forfeiture.gov (which was published from February 6, 2025 through March 7, 2025) noting

that: "[p]ursuant to Title 21, United States Code, Section 835(n), persons other than the defendant who wish to assert a legal interest in property that has been ordered forfeited to the United States must file a petition for a hearing to adjudicate the validity of their alleged interest in the property with the Court within thirty (30) days of the final publication of notice, or receipt of actual notice, whichever is earlier."

25.    Petitioner has filed this petition within 30 days of the final publication of notice.

WHEREFORE, Petitioner respectfully requests and petitions this Court:

a. to amend the Forfeiture Order to exclude the Property in which Petitioner has a right, title, and interest as an innocent third party, superior interest, and/or a bona fide purchaser for value;

b. for a hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters;

c. in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully asserts a claim for compensation for his interest in the Property;

d. in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully moves this Court to be granted restitution and/or payment of the Property through the remission process;

e. for such other and further relief as the Court deems just and proper.

Dated: March 19, 2025                                Respectfully Submitted,

                                                     _____
                                                     Peter Katz, Esq.
                                                     116 Village Blvd., 2nd Floor
                                                     Princeton, NJ 08540
                                                     (609) 734-4380
                                                     peter@pkatzlegal.com
                                                     Attorney for Petitioner Chi Yu Yang

## **VERIFICATION**

I attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Executed on March 19, 2025 in Marlborough, Connecticut.

*Yang Chiyu*
Chi Yu Yang