**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA : | Case No. 23-cr-118 (AT) |
| : | |
| v. : | **VERIFIED PETITION UNDER** |
| : | **FED R. CRIM. P. 32.2 FOR** |
| YVETTE WANG, a/k/a "YANPING", : | **ADJUDICATION OF** |
| a/k/a "Y" : | **PETITIONER'S RIGHT TO** |
| : | **SPECIFIC PROPERTY** |
| : | |

G CLUB OPERATIONS, LLC ("G Club" or "Petitioner") , by and through its undersigned counsel, Green & Sklarz LLC, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), hereby respectfully petition the Court for a determination of the Petitioner's interest in the specific property identified on Exhibit 1 (the "Seized G Club Assets") hereto, which is a subset of the property identified in the *Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment* (ECF No. 488 the "Forfeiture Order"), and as further described in the *Notice of Forfeiture*, attached hereto as Exhibit 2. In support hereof, Petitioner submit as follows:

**The Petitioner and Connections to this Action**

1. G Club is a limited liability company organized under the laws of Puerto Rico.

2. G Club operated out of an office in Puerto Rico, with staff based in Puerto Rico who worked to promote G Club's services.

3. G Club operated "G|CLUBS," a luxury concierge and membership program that customers – known as "members" – could join. To become a member, a prospective member signed a membership agreement and issued payments. G Club provided access to a concierge service center with Mandarin and English bilingual support. G Club has thousands of members

{00405802.7}

located throughout the world. Miles Guo a/k/a Ho Wan Kwok ("Kwok") was a spokesperson for G Club.

4. The ultimate beneficial owner of G Club is Haoran He.

5. On March 15, 2023, Defendant Yvette Wang ("Defendant") was arrested along with her co-defendant, Kwok, based on charges, among others, of conspiracy to commit wire fraud and money laundering, 18 U.S.C. § 371, in connection with false representations made to prospective investors in GTV, the Himalaya Farm Alliance organizations, and members of G Club. Petitioner was not charged in the indictment.

6. Shortly thereafter, on June 1, 2023, an independent fiduciary, FFP (BVI), Ltd. ("FFP"), an international fiduciary services and consulting firm (the "Independent Manager"), began managing the Petitioner. FFP has a mailing address of Post Office Box 2429, Road Town, Tortola VG1110, British Virgin Islands. Andrew Childe is the FFP director responsible for this engagement. A copy of Mr. Childe's C.V. is attached hereto Exhibit 3.

7. On May 3, 2024, Defendant pled guilty, pursuant to a plea agreement, to Superseding Information S4 23 Cr. 118 (AT) (the "Superseding Information"), which charged her in two counts with participating in a wire fraud conspiracy and a money laundering conspiracy, each in violation of 18 U.S.C. § 371. On January 6, 2025, Defendant was sentenced to 10 years in prison.

8. On July 16, 2024, Kwok was convicted at trial and is awaiting sentencing.

**The Seized G Club Assets Originated from G Club's Members**

9. The Seized G Club Assets reflect payments originating from G Club's members for their membership. Specifically, the Seized G Club Assets identified in Exhibit 1 all reflect direct payments from members of G Club or otherwise are traceable to G Club membership payments.

Thus, Petitioner is the proper owner of these Seized G Club Assets, *for purposes of ensuring the return of funds to G Club members, as further described below*.

## Petitioner Was a Victim of Defendant

10. G Club was not a defendant in this action and, to the contrary, was managed by individuals in Puerto Rico who complied with government process and otherwise cooperated with the Government, providing documents in response to subpoenas and other demands. And since June 1, 2023, G Club has been managed by the Independent Manager who endeavored to cooperate with law enforcement by responding to requests and providing information. Through counsel, G Club advised the Government of the appointment of an Independent Manager *before* the Independent Manager was appointed. G Club further discussed the membership funds and accounts at issue with the Government.

11. As described by the Government, G Club members were victims of Defendant's allegedly fraudulent activities and G Club, in turn, was equally a victim:

> From at least in or about October 2020 through at least in or about March 2023, WANG and her co-conspirators fraudulently obtained more than approximately $250 million in victim funds through G|CLUBS... But, as WANG well knew, victims never received stock and instead G|CLUBS funds were used—often at WANG's direction—to purchase, among other things, a 50,000 square foot New Jersey mansion; various furniture and decorative items including, among other items, Chinese and Persian rugs worth approximately $978,000, a $62,000 television, and a $53,000 fireplace log cradle holder; a $900,000 Lamborghini, and a custom-built Bugatti sports car for approximately $4.4 million.

*See Associate Of Miles Guo, Yvette Wang, Sentenced To 10 Years In Prison For Her Role In An Over $1 Billion Dollar Fraud Conspiracy*, Available at: https://www.justice.gov/usao-sdny/pr/associate-miles-guo-yvette-wang-sentenced-10-years-prison-her-role-over-1-billion (last visited Feb. 28, 2025).

12. As set forth in the Government's Sentencing Memorandum, Defendant diverted G Club member funds:

> But G|CLUBS money was not used to fund a media company, or even to fund any real member benefits. Rather, G|CLUBS money was used to purchase luxury assets, fancy sports cars, and a literal mansion for the Guo family. Wang was deeply involved in G|CLUBS and acted as its *de facto* CEO. She directed million-dollar money transfers, million-dollar luxury purchases, and all the time knew this membership club was no more than a smoke screen to conceal the same fraud tricks as the GTV private placement and the Farm Loan Program—an offering of GTV stock.

Government Sentencing Memorandum at 16, ECF No. 476.

13. Petitioner, as a corporate entity, was not aware of the circumstances leading up to the arrest and guilty plea of Defendant.

14. Petitioner, through its Independent Manager and since that Independent Manager's appointment, refrained from accepting any more membership payments (or members) until the issues alleged in the indictment were resolved and where members requested refunds, proceeded to authorize the return of those refunds. The Independent Manager further endeavored to trace all assets to ensure that all assets were preserved.

**<u>Defendant Cannot Have a Property Interest in Member Funds to Consent to Forfeiture</u>**

15. Under no circumstances can Defendant assert any property interest in funds that are alleged to have originated with victims and are alleged to be part of a criminal endeavor. As such, Defendant could not have properly consented to the forfeiture of the Seized G Club Assets. With respect to all assets of G Club, inclusive of the Seized G Club Assets, the proper owner of those assets is G Club as an innocent third party for the benefit of its members. Alternatively, the funds would belong to the Government, but never to Defendant.

16. First, Petitioner is an innocent third party pursuant to 21 U.S.C. § 853(n). Any third party "asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition, which is sworn and signed by the Petitioner, "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* § 853(n)(3).

17. Here, G Club operated through individuals in Puerto Rico who worked to sell membership benefits and provide services to its members unaware of any scheme by Defendant. However, Defendant is alleged to have misappropriated and has since signed a plea deal in respect of those allegations relating to member funds. Therefore, the proceeds of the Seized G Club Assets should be returned to G Club for distribution to its members – ***subject to Government oversight and approval***.

18. Currently, G Club exists solely for the purposes of (a) managing litigation; (b) cooperating with Government requests; (c) winding down operations; and (d) attempting to recover funds for the benefit of members. Since FFP became the Independent Manager, G Club has neither accepted funds from members nor carried out material business operations other than as set forth above.

19. G Club files this claim because it is the only proper entity with an interest in the funds paid by its members. More specifically, those funds originated from more than 8,000 members – and not from Defendant's (or Kwok's) personal assets. As an entity which operated

under the good faith belief that it was a legitimate business, with an Independent Manager, G Club intends to wind down operations and return funds to its members.

20.     Second, in the event this Court determines that all assets of G Club constitute fraud proceeds[1] then the only other proper party is the Government, which will preserve funds for the member victims. Pursuant to 21 U.S.C. § 853(c), "[a]ll right, title, and interest and property [subject to criminal forfeiture] vests in the United States upon the commission of the act giving rise to forfeiture."  21 U.S.C. § 853(c).  In other words, G Club funds cannot be converted into assets of Defendant, despite her consent to the preliminary order of forfeiture.

21.     Additionally, the Government has indicated that it intends to seek forfeiture of additional G Club assets. *See* Letter Dated March 18, 2025, from Department of Justice at 3-4 attached hereto as Exhibit 4.

22.     While not specifically at issue in this Petition, it appears that Kwok, or by extension the chapter 11 trustee (the "Trustee") appointed in the bankruptcy case that Kwok filed in Bridgeport Connecticut, *In re Ho Wan Kwok,* Case No. 22-50073 (Bankr. D. Conn. Feb. 15, 2022) (the "Kwok Bankruptcy Case"), cannot claim an interest in the Seized G Club Assets, or any other assets under jurisdiction of this Court. 21 U.S.C § 853(l);[2] *see Sweet v. United States (In re VPH Pharmacy, Inc.)*, No. 18-11280, 2018 U.S. Dist. LEXIS 124224, at *6 (E.D. Mich. July 25, 2018) ("Further, district courts, not bankruptcy courts, have original and exclusive jurisdiction over any action for the recovery or enforcement of any forfeiture."); *United States v. DeMiro*, 446 B.R. 804, 808 (E.D. Mich. 2011) (granting motion for mandatory withdrawal as to "all matters

---

[1] It must be noted, however, that not all members believe G Club was part of Defendant's and/or Kwok's fraudulent schemes as they did receive some benefits from G Club.
[2] "The district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section, or which has been ordered forfeited under this section." 21 U.S.C § 853(l).

pertaining to the seizure, forfeiture and distribution of the Forfeited Assets for exclusive determination and adjudication by the Court in the criminal case").[3] Petitioner notes that the conduct leading to the Forfeiture Order and the Seized G Club Assets predates the commencement of the Kwok Bankruptcy Case.

23. To the extent the Court determines that all proceeds are fraud proceeds (note, not all G Club members believe to be the case), Petitioner nonetheless underscores that FFP, as the Independent Manager, is prepared to assist the Government in tracing the assets that belong to members and will assist the Government to facilitate the return of those funds to G Club members and does not object to Government oversight of all further activities as it winds down operations. Nor does G Club object to the proposed administrator for the remission process requested by the Government, a process with which FFP can assist. *See* ECF No. 493.

### Petitioner Has Filed a Timely Challenge to Forfeiture

24. Petitioner has timely filed this petition seeking return of the Seized G Club Assets to Petitioner as an innocent third party pursuant to 21 U.S.C. § 853(n).

25. On or about February 10, 2025, Petitioner received the Notice of Forfeiture, which states: "Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (February 06, 2025) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1)." Notice of Forfeiture at 7.

26. Petitioner has thus timely filed this petition within 60 days of notice.

---

[3] The Trustee in the Kwok Bankruptcy Case is currently pursuing various adversary proceedings related to G Club and their related professionals. *See e.g., Despins, Luc A., Chapter 11 Trustee v. ACA Capital Group Ltd. et al.*, Adv. Proc. No. 5:24-ap-05249 (Bankr. D. Conn.) (seeking a judgment that G Club and other entities are alter egos of Kwok); *Despins v. FFP (BVI) Limited*, Adv. Proc. No. 5:24-ap-0506 (Bankr. D. Conn.)[3] (claiming that payments made by G Club to FFP for services rendered should be "clawed back" and paid to creditors of the Kwok Bankruptcy Estate and not alleged victims of G Club).

WHEREFORE, Petitioner respectfully requests and petitions this Court:

A. to amend the Forfeiture Order to exclude the Property in which Petitioner has a right, title, and interest as an innocent third party or superior interest;

B. for a hearing pursuant to 21 U.S.C. § 853(n)(3) on any disputed matters;

C. in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully asserts a claim for compensation for its interest in the Seized G Club Property; and

D. for such other and further relief as the Court deems just and proper.

Date:   April 4, 2025                             THE PETITIONER
                                                  G CLUB OPERATIONS, LLC


                                            By:   /s/ Jeffrey M. Sklarz
                                                  Jeffrey M. Sklarz
                                                  Green & Sklarz LLC
                                                  One Audubon Street, Third Floor
                                                  New Haven, CT 06511
                                                  Tel: (203) 285-8545
                                                  Fax: (203) 823-4546
                                                  jsklarz@gs-lawfirm.com

## **VERIFICATION**

I, Andrew Childe, being over the age of 18 years and believing in the sanctity of an oath, hereby state the following under the penalty of perjury:

1. I am a Director of FFP (BVI), Ltd. ("FFP").

2. FFP was retained on or about June 1, 2023 as the been retained as the independent manager of G Club Operations, LLC ("G Club").

3. I have personal knowledge or inquiry knowledge of the information set forth in the above *Verified Petition under Fed. R. Crim. P. 32.2 for Adjudication of Petitioners' Right to Specific Property* (the "Petition").

4. I am authorized to submit the Petition on behalf of G Club.

5. I attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

6. On behalf of G Club, I have retained the above-named attorney and firm (Jeffrey M. Sklarz, Esq. of Green & Sklarz LLC) who has authority to represent G Club in this matter. I have fully reviewed the foregoing petition and found that its contents are truthful and accurate in every respect. I declare under penalty of perjury that the foregoing information is true and correct.

Date: April 4, 2025

_____
Andrew Childe