UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA　　　　　　:

　　　　　　-v.-

HO WAN KWOK,
a/k/a "Miles Guo," a/k/a "Miles Kwok,"
a/k/a "Guo Wengui," a/k/a "Brother Seven,"
a/k/a "The Principal,"

KIN MING JE, a/k/a "William Je," and
YANPING WANG, a/k/a "Yvette,"

　　　　　　Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRO SE VERIFIED PETITION
UNDER FED. R. CRIM. P. 32.2(c)
AND 21 U.S.C. § 853(n)
FOR ADJUDICATION OF
PETITIONER'S RIGHT TO SPECIFIC
PROPERTY

S1 23 CR 118 (AT)

I, ▮▮▮▮▮▮▮▮▮▮, proceeding pro se, respectfully submit this Verified Petition pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c). I seek adjudication of my interest in certain funds seized by the Government in the above captioned matter. In support thereof, I state as follows:

I. BACKGROUND

1. Order of Forfeiture (Doc. 488)
On January 7, 2025, this Court signed and entered an Order of Forfeiture as to Specific Property (Doc. 488) ("Forfeiture Order"), which includes, among other assets, certain accounts related to the "Himalaya Exchange."

2. My Investment in Himalaya Exchange

Between November 2021 and March 2022, I transferred a total of ▮▮▮▮▮▮ in 17 separate transactions to account number 7801000254, held in the name of "Himalaya International Clearing, Ltd." This account was seized by the U.S. Government on or about September 20, 2022 (23-FBI-000051).

3. Transaction Fees & Net Amount Claimed
After wire fees, a net of ▮▮▮▮▮▮ was actually credited. Accordingly, I claim ▮▮▮▮▮▮ as my seized property.

4. Kwok's Luxury Purchases with Victim Funds
The Government's forfeiture list in this case includes expensive cars, luxury real estate, and other high-end items apparently purchased by Defendant Kwok. Based on the Government's allegations and the funds raised from investors, I have reason to believe these purchases were made using investors' or victims' funds, including my own.

5. March 2023 Arrests
In March 2023, Defendants Kwok and Wang were arrested; Defendant Je remains at large.

6. Petitioner Unaware of Criminal Nature
I was unaware of the criminal nature of the "Himalaya Exchange," "Hamilton Fund," "G|Clubs," and related entities prior to these arrests. Afterward, I learned that Defendants had been charged with conspiracy to commit wire fraud, securities fraud, bank fraud, and money laundering, in violation of 18 U.S.C. § 1349, as well as related substantive counts.

7. Wang's Guilty Plea
On May 3, 2024, Defendant Wang pled guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, pursuant to a plea agreement with the Government. She agreed to forfeit a total of $1.4 billion through various accounts and properties, including all right, title, and interest in the assets at issue. See Dkt. 325.

8. Preliminary Order of Forfeiture
Also on May 3, 2024, Defendant Wang consented to the entry of a Preliminary Order of Forfeiture as to Specific Property/Money Judgment, which included all funds provided by Petitioner into these forfeited accounts. See Dkt. 329.

9. Kwok's Jury Conviction
On July 18, 2024, Defendant Kwok was convicted, after a jury trial, of Racketeering Conspiracy, Conspiracy to Commit Wire or Bank Fraud, Money Laundering, Securities Fraud, and other substantive counts. See Dkt. 395.

10. Wang's Sentencing
On January 7, 2025, this Court sentenced Defendant Wang to 120 months' imprisonment. See Dkt. 489.

11. Final Forfeiture Order
Also on January 7, 2025, Your Honor signed the final Order of Forfeiture as to Specific Property/Money Judgment. See Dkt. 488.

12. Petitioner Not Consulted
I was never consulted prior to the entry of the Forfeiture Order. I had no knowledge that Defendant Wang consented to forfeit my property.

13. Petitioner's Superior Interest
As a victim of Wang and Kwok, I have an interest in my seized funds that Wang had no authority to forfeit. My superior interest cannot be extinguished by Wang's unilateral forfeiture consent.

14. Innocent Third Party Under 21 U.S.C. § 853(n)
I was not involved in, nor aware of, the crimes alleged. I qualify as an innocent third party under 21 U.S.C. § 853(n). Pursuant to that statute, any third party "asserting a legal interest in property which has been ordered forfeited . . . may petition the court for a hearing to adjudicate the validity of his alleged interest . . . ."

15. Requirements Under 21 U.S.C. § 853(n)(3)
A proper petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition . . . and additional facts . . . ." I provide those facts herein.

16. Bona Fide Purchaser or Lawful Owner
I am the lawful owner of the seized funds, having been defrauded by Defendants. Alternatively, I qualify as a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B), as I provided these funds in good faith without suspecting their forfeitable nature.

17. Notice of Forfeiture & Timely Filing
I learned of the Forfeiture Order on www.forfeiture.gov (published from February 6, 2025 through March 7, 2025). That notice warned that a petition must be filed within 30 days of final publication or actual notice. This filing is made within 30 days of that final publication date.

18. Efforts to Recover Investment Prior to Learning of Fraud
Between 2022 and mid-2023, I made multiple documented attempts to redeem or recover my investments through the Himalaya Exchange platform. Despite repeated customer support

communications and confirmations of top-ups and cancellations, I never received my funds back to my external bank account. These include redemption cancellations (Support Tickets ▮▮▮▮▮ ) and failed redemption attempts totaling thousands of dollars. See Exhibit B.

On or about September 2023, through a general investor update email, I learned that the U.S. Department of Justice had seized Exchange-related assets and was pursuing criminal charges Only then did I realize I had been defrauded, which prompted this filing.

## II. STATUTORY BASIS

19. 21 U.S.C. § 853(n)
Under 21 U.S.C. § 853(n)(2), a third party claiming a legal interest in forfeited property may petition this Court to determine the validity of that interest.

20. Fed. R. Crim. P. 32.2(c)
Pursuant to Federal Rule of Criminal Procedure 32.2(c), this Petition constitutes an ancillary proceeding in which I, a third-party petitioner, seek adjudication of my right or title to property subject to the Forfeiture Order.

## III. PETITIONER'S INTEREST

21. Basis of Ownership
I transferred ▮▮▮▮▮, resulting in a net credited amount of ▮▮▮▮▮, which remains seized. I have never received any return or withdrawal.

22. No Knowledge of the Criminal Scheme
I was unaware of any fraudulent or illicit scheme at the time of investing. I believed "H-Coin" to be a legitimate enterprise, not a vehicle for conspiracy or money laundering.

23. Superior Interest
I am the rightful owner of these funds, which Wang and Kwok wrongfully treated as their own. They had no authority to forfeit my property without my consent.

## IV. RELIEF REQUESTED

Wherefore, Petitioner respectfully requests:

1. That the Court recognize Petitioner's right, title, and interest in the net sum of ▮▮▮▮▮ and amend or set aside the Forfeiture Order (Doc. 488) as it pertains to these funds.

2. That any procedural or technical deficiencies in this pro se petition be excused, and Petitioner will revise if so directed by the Court.

3. In the alternative, if the Court declines to exclude Petitioner's funds from forfeiture, Petitioner respectfully claims compensation or restitution, or to be considered in any remission or mitigation process for the seized property.

4. Such further relief as the Court deems just and proper.

Dated: April 6, 2025,　　　　　　　　　　　　　　　Respectfully Submitted



## VERIFICATION

I attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Executed on April 6, 2025 in ███████████████.

