**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**United States of America,**
v.
**Ho Wan Kwok, a/k/a Miles Guo, et al.,**
**Defendants.**
**Case No. 1:23-cr-00118-AT**

**VICTIM'S MOTION UNDER 18 U.S.C. § 3771 (CRIME VICTIMS' RIGHTS ACT) AND FED. R. CIV. P. 60(d)(3)**

(To Vacate Fraudulent Forfeiture Orders or Appoint Independent Receiver, Disqualify Government and Trustee, Compel Docketing)

Dear Judge Torres:

I, Ryan Bai XXXXXXXXXXXXXXXXXXXXX, a victim of the alleged crimes in this case, respectfully invoke my rights under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, which guarantees victims the right to be heard, the right to restitution, and the right to proceedings free from fraud and unreasonable delay. I invested a total of $23,000 in entities tied to the alleged fraudulent activities in this case, specifically: $10,000 in GClub, $5,000 in Himalaya Exchange, $5,000 in A10, and $3,000 in the farm loan program (evidence attached in Exhibit_B.pdf). These investments establish my status as a victim with a direct interest in the forfeiture and restitution proceedings. I acknowledge the Court's diligence in managing this complex case and appreciate the efforts of the prosecution and bankruptcy trustee, Luc A. Despins. However, recent evidence, including Document 729 (1:23-cr-00118) and a widely circulated public report (attached as Exhibit_A.pdf), reveals serious procedural violations and fraud upon the court that undermine the integrity of the forfeiture process and violate my statutory rights. The key allegations of the attached report and how they impact myself (All videos mentioned below are linked in the report attached as Exhibit_A.):

- The prosecution withheld Brady evidence favorable to the Defendant, harming victims' interests by allowing disqualified creditors.
- The prosecution failed to disclose the Defendant's live broadcasts on January 10 and 11 in 2023, where he warned that creditors such as Gongzu and Julia had problematic claims, yet the Trustee not only disregarded this but continued to accept these problematic creditors. Over two years, the prosecution failed to investigate, allowing Luc to represent illegal creditors in the criminal case, until a June hearing where Luc informed Judge Manning of plans to reduce $32 billion in illegal claims.
- The prosecution, in documents 7, 26, and 192, alleges that the defendant's Gettr post on January 11, 2023 encouraged creditors to file false claims, thereby inflating the trustee's legal fees and interfering with the bankruptcy proceedings. The prosecution also alleges that the defendant's video on January 23 similarly aimed

- to inflate the trustee's legal fees and disrupt the bankruptcy proceedings. However, the prosecution not only failed to provide the link of full content of the January 23, 2023 video but also did not clarify whether they reviewed the video. The prosecution failed to fulfill its reasonable duty to investigate and did not provide Brady evidence.
- Cross Undermining Effect and Repetitive Omission in document 7, 26, 192**:** On January 11, the government ignored the Defendant's broadcasts naming Gongzu as a problematic creditor; on January 23, it ignored the Defendant's explanation that Luc's acceptance of Gongzu opened the door to all investors. Though from different sources, both omissions concern the same theme, showing a pattern of repeated Brady violations. Moreover, ignoring the evidence from January 10 and 11 not only undermines the prosecution's allegations regarding the January 11 Gettr link but also weakens the prosecution's allegations regarding January 23. Similarly, ignoring the Brady video evidence from January 23 has the same effect. **The prosecution's violations regarding creditor-related issues exhibit cross-undermining and repetitive characteristics, serving as the most direct evidence of the prosecution harming victims by turning a blind eye to illegal creditors**.
- The prosecution failed to disclose critical context from the January 23, 2023 video, in which the defendant explained that, because the Chapter 11 Trustee, Luc A. Despins, accepted claims from entities such as Gongzu and Julia, all investors in the G-series could lawfully register as creditors. Given the large number of G-series investors, this would reasonably result in increased administrative costs, including the trustee's attorney fees, a point the prosecution omitted to support its selective allegations of interference with the bankruptcy proceedings.
- Trustee Luc only notified Judge Manning of the intent to reduce $32 billion in illegal claims but failed to inform Judge Torres in the criminal court, and the prosecution further neglected its Brady investigation obligations to disclose the illegality of numerous creditors, **failing to advocate for the interests of victims like myself.**
- Over the past two and a half years, the prosecution has taken no action against Luc. Instead, despite the severe issues with Luc's creditors, they have remained indifferent, allowing Luc to represent illegal creditors in the criminal case's asset forfeiture. The report points out that this constitutes **collaborative misconduct.**
- The report indicates that evidence related to creditors, heavily tainted by the prosecution, was submitted to the following judges, deceiving and misleading them in their decisions on the defendant's bail: Document 7: Judge Parker, Documents 26, 192: Judge Torres, Document 87: Second Circuit judges. Additionally, the prosecution overstepped its authority by using Bankruptcy Court Motion 1345, which was not approved by Judge Manning of the Connecticut Bankruptcy Court, to wrongly accuse the defendant of "encouraging creditor registration" as a violation of the injunction, posing a risk to Judge Manning's bankruptcy court orders. The report indicates the impact is **systemic and cross-jurisdictional.**

In summary, the report highlights that, during the defendant's bail-related proceedings, the prosecution extensively concealed Brady evidence favorable to the defendant concerning creditors, engaged in selective accusations and evidence presentation, withheld evidence, and failed to fulfill its investigation obligations. **For two years, the prosecution failed to verify or correct creditor issues with Luc, resulting in severe harm to the rights of victims like myself. The report identifies the prosecution's misconduct as systemic and cross-jurisdictional, with numerous false evidence submissions affecting Judge Parker once, Judge Torres twice, and the Second Circuit judges once, while also posing a risk to Judge Manning's court orders. The report concludes that this constitutes prosecution fraud upon the court.**

Pursuant to 18 U.S.C. § 3771, I assert my statutory rights to intervene in these proceedings to protect my interests as a victim. The CVRA mandates that victims have: (1) the right to be reasonably protected from the accused; (2) the right to reasonable, accurate, and timely notice of public court proceedings; (3) the right to be heard at proceedings involving release, plea, sentencing, or forfeiture; (4) the right to confer with the government's attorney; (5) the right to full and timely restitution; and (6) the right to proceedings free from unreasonable delay and fraud. The documented misconduct violates these protections, particularly the right to a fair restitution and forfeiture process. I invoke these rights to challenge the fraudulent forfeiture orders and to seek equitable relief.

Because fraud upon the court has tainted forfeiture from the outset, the relief requested is not discretionary but mandatory. The Court cannot permit forfeiture orders procured through fraud to stand. Accordingly, I respectfully request that this Court:
   a. Exclude my investments, totaling $23,000 ($10,000 in GClub, $5,000 in Himalaya Exchange, $5,000 in A10, and $3,000 in the farm loan program), from the forfeiture proceedings to protect my rights as a victim under 18 U.S.C. § 3771;
   b. **Declare void and null all forfeiture orders and proceedings premised upon fraudulent creditor claims**, procedurally defective bankruptcy determinations, or fraud upon the court, **pursuant to Fed. R. Civ. P. 60(d)(3)**. No forfeiture proceedings should continue unless and until the underlying conviction is lawfully sustained. In the alternative, if the Court determines that forfeiture may proceed despite these allegations, I respectfully request the appointment of an independent Receiver or Special Master to ensure neutrality and protect victims' rights. This alternative request is not a concession that forfeiture may lawfully proceed under fraud but serves as a protective measure for victims if the Court declines to vacate the forfeiture orders.

   c. **Disqualify the United States prosecution team and Trustee Luc A. Despins from further participation in forfeiture or asset distribution, due to fraud upon the court and loss of neutrality;**
   d. Enjoin the prosecution and Mr. Despins from handling seized assets pending appointment of a neutral custodian;
   e. Compel docketing of this motion and its exhibits to ensure transparency, consistent with the Court's constitutional duty and the public's right of access to judicial records;
   f. Pursuant to Fed. R. Crim. P. 49.1 and Fed. R. Civ. P. 5.2, grant the request to file a redacted version of this motion and its Exhibit_B on the public docket, with personal identifying information (such as addresses, phone numbers, and account numbers) removed, while maintaining the unredacted version under seal on the Clerk's docket for the Court's full consideration.
   g. Grant such other and further relief as the Court deems just and proper.

I expressly reserve all rights under 18 U.S.C. § 3771(d)(3) to seek review by the United States Court of Appeals for the Second Circuit via a petition for mandamus should this Court decline to docket or rule on this motion. Non-docketing or refusal to adjudicate effectively denies my CVRA rights, including the right to be heard and to restitution. I further reserve the right to pursue any additional remedies available under law.

**DECLARATION** Under penalty of perjury, pursuant to 28 U.S.C. § 1746, I declare that this petition is not interposed for any improper purpose, such as harassment or delay, and that the factual contentions herein have evidentiary support or will likely have such support after reasonable investigation. The information provided in support of this petition is true, accurate, and complete to the best of my knowledge and belief.

Respectfully submitted,
Ryan Bai


Date: September 5, 2025